LEANE K. CAPPS (*pro hac vice*)
POLSINELLI PC
2501 N. Harwood, Suite 1900
Dallas, TX 75201
Telephone: (214) 661-5537
Facsimile: (214) 397-0033
Email: lcapps@polsinelli.com

WESLEY D. HURST (SBN 127564)
POLSINELLI LLP
2049 Century Park East
Suite 2300
Los Angeles, CA 90067
Telephone: (310) 556-1801
Fax: (310) 556-1802

MIT S. WINTER (SBN 238515)
AMY D. FITTS (*pro hac vice*)
POLSINELLI PC
900 W. 48TH PLACE
KANSAS CITY, MO 64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
Email: mwinter@polsinelli.com
Email: afitts@polsinelli.com

Attorneys for Defendant

THE BIG 12 CONFERENCE, INC.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| IN RE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | MDL Docket No. 14-md-2541-CW<br>Case No. 14-cv-02758-CW |
| This Document Relates to:<br><br>*Jenkins, et al. v. National Collegiate Athletic Association, et al.* | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE BIG 12 CONFERENCE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Claudia Wilken<br>Date Filed: March 17, 2014<br>Trial: None set |

The Big 12 Conference, Inc. (the "Big 12"), by and through its undersigned attorneys, hereby answers and sets forth its affirmative defenses to the Second Amended Complaint—Class Action Seeking Injunction of Martin Jenkins, Nigel Hayes, and Alec James (collectively, "Plaintiffs"). The Big 12 denies all of the allegations in the Second Amended Complaint unless expressly admitted herein.

## INTRODUCTION[1]

1.      The Big 12 admits that the National Collegiate Athletic Association ("NCAA") and five NCAA Division I athletic conferences are named as defendants in this action. The Big 12 denies the remaining allegations of Paragraph 1.

2.      The Big 12 admits upon information and belief that the named Plaintiffs bringing this action are three current college football and men's basketball players. The Big 12 denies the remaining allegations of Paragraph 2.

3.      The Big 12 admits that Plaintiffs have brought this action seeking injunctive relief for alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1. The Big 12 denies the remaining allegations of Paragraph 3.

4.      The Big 12 admits that the Plaintiffs and the putative class members are current or former football and men's basketball players, and that the Big 12 is subject to the NCAA rules. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 relating to any agreements that Plaintiffs may have entered in and on that basis denies them. The Big 12 denies the remaining allegations of Paragraph 4.

5.      The Big 12 denies the allegations of Paragraph 5.

---

[1] The headings used in this Answer and Affirmative Defenses are headings created by Plaintiffs and used in the Second Amended Complaint.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE BIG 12          MDL No. 14-md-02541-CW
CONFERENCE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT

1

6.      The Big 12 admits that the current NCAA bylaw 15.02.05 defines a "full grant-in-aid" as "tuition and fees, room and board, and required course-related books." The Big 12 further admits that a "full grant-in-aid" may be referred to as an "athletic scholarship." The Big 12 denies the remaining allegations of Paragraph 6.

7.      The Big 12 denies the allegations of Paragraph 7.

8.      The Big 12 denies the allegations of Paragraph 8.

## JURISDICTION AND VENUE

9.      The Big 12 admits that Plaintiffs purport to bring this action under Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. Except as expressly admitted, the Big 12 denies the remaining allegations of Paragraph 9.

10.     Paragraph 10 consists of a legal conclusion to which no response is required.

11.     Paragraph 11 consists of a legal conclusion to which no response is required.

12.     The Big 12 admits that the District of New Jersey is the location of universities with Division I football and/or men's basketball programs, including the institutions listed in Paragraph 12. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 12 and on that basis denies them.

13.     The Big 12 admits that it has entered into licensing agreements and that those broadcasts are sometimes nationwide. The Big 12 lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding other conferences. Except as expressly admitted, the Big 12 denies the allegations of Paragraph 13.

## THE PARTIES

14.     The Big 12 admits that Clemson University, which is located in Clemson, South Carolina, is a Division I member of the NCAA and the Atlantic Coast Conference. The Big 12 lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 14 and on that basis denies them.

15.     The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies them.

16.     The Big 12 admits that the University of Wisconsin is located in Madison, Wisconsin, and that Wisconsin is a Division I member of the NCAA and a member of The Big Ten. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 16 and on that basis denies them.

17.     The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and on that basis denies them.

18.     The Big 12 admits that the University of Wisconsin is located in Madison, Wisconsin, and that Wisconsin is a Division I member of the NCAA and a member of The Big Ten. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 18 and on that basis denies them.

19.     The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies them.

20.     The Big 12 admits that the NCAA is an unincorporated association of more than 1,200 member institutions and athletic conferences located throughout the United States with its headquarters and principal place of operations at 700 W. Washington Street, Indianapolis,

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE BIG 12          Case No. 14-cv-02758-CW
CONFERENCE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT

3

Indiana. The Big 12 further admits that the NCAA has a Division I Men's Basketball Championship. The Big 12 denies the remaining allegations of Paragraph 20.

21. The Big 12 admits that it is one of the defendants named in this lawsuit and that it has entered into licensing agreements. Except as expressly admitted, the Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations concerning other defendants. The Big 12 denies the remaining allegations of Paragraph 21.

22. The Big 12 admits that it is an unincorporated association that is tax-exempt under Section 501(c)(3) of the U.S. Internal Revenue Code with its principal offices at 400 East John Carpenter Freeway, Irving, Texas 75062. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 22 and on that basis denies them.

## CLASS ACTION ALLEGATIONS

23. The Big 12 admits that Plaintiffs seek to bring this action as a class action. The Big 12 denies the remaining allegations of Paragraph 23.

24. The Big 12 admits that Plaintiffs seek to certify a class as described in Paragraph 24. The Big 12 denies the remaining allegations of Paragraph 24 and denies that a class can or should be certified in this matter.

25. The Big 12 admits that Plaintiffs seek to certify a class as described in Paragraph 25. The Big 12 denies the remaining allegations of Paragraph 25 and denies that a class can or should be certified in this matter.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE BIG 12 CONFERENCE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT**          Case No. 14-cv-02758-CW

4

26. The allegations in Paragraph 26 include legal conclusions to which no response is required. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations in Paragraph 26 and on that basis denies them.

27. The allegations in Paragraph 27 include legal conclusions to which no response is required. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the factual allegations in Paragraph 27 and on that basis denies them.

28. The Big 12 denies the allegations of Paragraph 28.

29. The Big 12 denies the allegations of Paragraph 29.

30. The Big 12 denies the allegations of Paragraph 30 and its subparts.

31. The Big 12 denies the allegations of Paragraph 31.

## NATURE OF INTERSTATE TRADE AND COMMERCE

32. The Big 12 admits that it and its member institutions are involved in college football and men's basketball programs. The Big 12 admits that it enters into licensing agreements. Except as expressly admitted, the Big 12 denies the remaining allegations of Paragraph 32.

33. The Big 12 admits that it and/or its member institutions have programs that at times involve travel, communications, use of equipment, broadcast rights, advertisements, promotions, sales of tickets, merchandise, concessions, apparel, employment of coaches and staff, contracting with referees, and negotiations related to the foregoing items. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 that are directed toward other defendants and on that basis denies them. The Big 12 denies the remaining allegations of Paragraph 33.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE BIG 12          Case No. 14-cv-02758-CW
CONFERENCE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT

5

34.     The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 34 and on that basis denies them.

35.     The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 35 and on that basis denies them.

## THE ILLEGAL AGREEMENTS TO RESTRAIN COMPETITION

36.     The Big 12 admits that the NCAA publishes a rule book known as the NCAA Division I Manual and that the Big 12 has a handbook.  The Big 12 further admits that the NCAA's rules are enacted through a process.  Except as expressly admitted, the Big 12 denies the remaining allegations of Paragraph 36.

37.     The Big 12 admits that the quoted text in Paragraph 37 appears in Article 5.01.1 of the NCAA Constitution as set forth in the 2014-15 edition of the NCAA Division I Manual. The Big 12 denies the remaining allegations of Paragraph 37.

38.     The Big 12 admits that Plaintiffs have brought this action attempting to challenge the NCAA Operating Bylaws identified in Paragraph 38.  The Big 12 denies the remaining allegations of Paragraph 38.

39.     The Big 12 admits that Article 15 of the 2014-15 edition of the NCAA Division I Manual sets forth certain financial aid rules. The Big 12 admits that the quoted text in Paragraph 39 appears in certain NCAA Operating Bylaws within Article 15.  The Big 12 denies the remaining allegations of Paragraph 39.

40.     The Big 12 admits that the quoted text in Paragraph 40 appears in certain NCAA Operating Bylaws as set forth in the 2014-15 edition of the NCAA Division I Manual, except for subparagraph (e) of Bylaw 12.1.2.  The Big 12 denies the remaining allegations of Paragraph 40.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE BIG 12     Case No. 14-cv-02758-CW
CONFERENCE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT

6

41.     The Big 12 admits that the 2014-15 edition of the NCAA Division I Manual includes Bylaw 12.1.2.1 and its subsections which address prohibited forms of pay. The Big 12 denies the remaining allegations of Paragraph 41.

42.     The Big 12 admits that NCAA Operating Bylaws 16.11.2 and 16.02.3, as set forth in the 2014-15 edition of the NCAA Division I Manual, contain the language quoted in Paragraph 42. The Big 12 denies the remaining allegations of Paragraph 42.

43.     The Big 12 admits that the quoted text in Paragraph 43 appears in NCAA Operating Bylaw 16.1.4 as set forth in the 2014-15 edition of the NCAA Division I Manual. The Big 12 denies the remaining allegations of Paragraph 43.

44.     The Big 12 admits that Article 13 of the 2014-15 edition of the NCAA Division I Manual includes certain rules on recruiting, and that the quoted text in Paragraph 44 appears in certain NCAA Operating Bylaws within that Manual. The Big 12 denies the remaining allegations of Paragraph 44.

45.     The Big 12 denies that the allegations in Paragraph 45 accurately quote NCAA Operating Bylaw 13.6.7.1 as set forth in the 2014-15 edition of the NCAA Division I Manual. The Big 12 admits that the remaining quoted text in Paragraph 45 appears in certain NCAA Operating Bylaws in the 2014-15 edition of the NCAA Division I Manual. The Big 12 denies the remaining allegations of Paragraph 45.

46.     The Big 12 admits that the quoted text in Paragraph 46(c) appears in Bylaws 1.3.2, 6.1, and 6.5.3 as set forth in the 2014-15 edition of the Big 12 Conference Handbook. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the

allegations relating to the rules of the SEC, ACC, Big Ten, and the Pac-12 and on that basis denies them. The Big 12 denies the remaining allegations of Paragraph 46.

47. The Big 12 denies that the allegations in Paragraph 47 accurately quote Article 1.3.2 of the NCAA Constitution as set forth in the 2014-14 edition of the NCAA Division I manual. The Big 12 admits that the remaining quoted text in Paragraph 47 appears in Article 2.8.3 of the NCAA Constitution in the 2014-15 edition of the NCAA Division I Manual. The Big 12 denies the remaining allegations of Paragraph 47.

48. The Big 12 admits that Article 19 of the 2014-15 edition of the NCAA Division I Manual includes certain rules on enforcement. The Big 12 denies that the allegations in Paragraph 48 accurately quote NCAA Operating Bylaw 19.01.2 of the 2014-15 edition of the NCAA Division I Manual. The Big 12 denies the remaining allegations of Paragraph 48.

49. The Big 12 admits that NCAA member institutions are required to report instances of noncompliance as set forth in current NCAA Operating Bylaw 19.2.2. The Big 12 further admits that schools charged with violating NCAA rules may be required to appear before the NCAA Committee on Infractions, which may make factual findings and may impose various penalties, including fines, scholarship reductions, recruiting restrictions, and in some circumstances banning a school from competing in a sport. The Big 12 lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 regarding the number of violations reported, processed, and investigated, or the NCAA's employment of staff in its enforcement department, and on that basis denies them. The Big 12 denies the remaining allegations of Paragraph 49.

# RELEVANT MARKETS

50.     The Big 12 denies the allegations of Paragraph 50.

## FBS Football Players Market

51.     The Big 12 admits that football programs at NCAA member institutions are organized into Division I Football Bowl Subdivision ("FBS"), Division I Football Championship Subdivision ("FCS"), Division II, and Division III.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 51 and on that basis denies them.

52.     The Big 12 admits that the NCAA promulgates certain rules applicable to NCAA Division I FBS and FCS football programs.  Upon information and belief, the Big 12 further admits that the 2013-14 football season included approximately 35 "bowl" games between certain NCAA Division I FBS football programs and a championship tournament among certain NCAA Division I FCS football programs.  The Big 12 denies the remaining allegations of Paragraph 52.

53.     The Big 12 admits that the 2014-15 season for NCAA Division I FBS football programs will include the College Football Playoff and that the format of the playoff will include two semifinal games and a national championship game.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 53 and on that basis denies them.

54.     The Big 12 admits that certain NCAA Division I FBS football programs will play 12 football games and that certain games are scheduled on days of the week other than Saturday. The Big 12 denies the remaining allegations of Paragraph 54.

55. The Big 12 denies the allegations of Paragraph 55.

56. The Big 12 denies the allegations of Paragraph 56.

57. The Big 12 denies the allegations of Paragraph 57.

58. The Big 12 admits that National Football League ("NFL") rules restrict which individuals are eligible to participate in the NFL. The Big 12 denies the remaining allegations of Paragraph 58.

59. The Big 12 denies the allegations of Paragraph 59.

**D-I Basketball Players Market**

60. The Big 12 denies the allegations of Paragraph 60.

61. The Big 12 admits that NCAA member institutions that sponsor men's basketball programs participate in either Division I, II, or III. The Big 12 lacks sufficient knowledge of information to form a belief as to the truth of the remaining allegations in Paragraph 61 and on that basis denies them.

62. The Big 12 denies the allegations of Paragraph 62.

63. The Big 12 denies the allegations of Paragraph 63.

64. The Big 12 admits that National Basketball Association ("NBA") rules restrict which individuals are eligible to participate in the NBA. The Big 12 denies the remaining allegations of Paragraph 64.

**A Few Exceptions**

65. The Big 12 admits that the term "Service Academies" often is used in reference to the United State Military Academy, the United States Naval Academy, and the United States Air Force Academy, and that the Ivy League is comprised of the eight colleges and universities

identified in Paragraph 65. The Big 12 further admits, upon information and belief, that certain NCAA member institutions, such as those identified in Paragraph 65, represent that they do not provide athletically related financial aid to student-athletes. The Big 12 denies the remaining allegations of Paragraph 65.

66. The Big 12 admits that the NCAA member institutions Plaintiffs defined as the "Service Academies" in Paragraph 65 sponsor NCAA Division I FBS football and men's basketball programs. The Big 12 denies the remaining allegations of Paragraph 66.

67. The Big 12 admits that the Ivy League members sponsor Division I men's basketball programs, but do not sponsor FBS football programs. Based on information and belief, the Big 12 further admits that Ivy League members represent they have high academic admission standards and represent that they do not provide athletically-related financial aid to their students. The Big 12 denies the remaining allegations in Paragraph 67.

## BACKGROUND OF THE UNLAWFUL RESTRAINTS

### Formation of The NCAA Cartel

68. The Big 12 admits that the NCAA was founded in 1906. The Big 12 further admits that its members have athletics programs that are subject to the NCAA Constitution and Operating Bylaws. The Big 12 denies the remaining allegations of Paragraph 68.

69. The Big 12 admits that the NCAA rules currently allow schools to provide student athletes with grants-in-aid. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 69 and on that basis denies them.

70.   The Big 12 admits that NCAA member institutions are either in Division I, Division II, or Division III. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 70 and on that basis denies them.

71.   The Big 12 admits that amateurism is a foundational concept of the NCAA, and that the NCAA restricts certain benefits to student-athletes that are inconsistent with the collegiate model of athletics. The Big 12 denies the remaining allegations of Paragraph 71.

## Competition Among NCAA Institutions for Player Services

72.   The Big 12 admits that some NCAA member institutions recruit student-athletes for their football and men's basketball programs. The Big 12 further admits that the NCAA has rules that restrict the athletically-related aid that may be provided to student-athletes. The Big 12 denies the remaining allegations of Paragraph 72.

73.   The Big 12 admits that various media organizations compile and report information concerning recruitment of student-athletes, that some media outlets such as ESPN and Yahoo! Sports cover and report on high school student-athletes at different points in their high school careers, and that "National Signing Day" is the date on which high school seniors may begin to enter into written agreements with certain NCAA member institutions regarding their athletics programs. The Big 12 denies the remaining allegations of Paragraph 73.

74.   The Big 12 admits that certain media outlets participate in press conferences and televise the events that occur on National Signing Day, which may include some high school football players' announcements of where they intend to play football at the collegiate level. The Big 12 further admits that certain media outlets provide commentary and analysis on the events

that occur on National Signing Day, which is usually the first Wednesday in February. The Big 12 denies the remaining allegations of Paragraph 74.

75. The Big 12 admits that some NCAA member institutions compete to recruit student-athletes for their football and men's basketball programs, that member institutions maintain certain facilities related to their athletics programs, and that they pay salaries to coaches and other employees affiliated with their athletics programs. The Big 12 denies the remaining allegations of Paragraph 75.

76. The Big 12 denies the allegations of Paragraph 76.

## The Big Business of College Football and Basketball

77. The Big 12 admits that there are currently sixty-five colleges and universities that are member institutions of the five athletic conferences named as Defendants in the *Jenkins* action. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 77 and on that basis denies them.

78. The Big 12 admits that it has entered into licensing agreements. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 78 and on that basis denies them.

79. The Big 12 admits that in 2010 the NCAA announced a fourteen-year agreement with CBS and Turner Sports for the rights to broadcast the NCAA Tournament on television. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 79 and on that basis denies them.

80. The Big 12 admits that in November 2012 ESPN announced an agreement for certain licenses to broadcast the College Football Playoff over a period of 12 years, and that the

College Football Playoff will include two semifinal games and a national championship game that rotate among several venues. The Big 12 further admits that Notre Dame is a member of the Atlantic Coast Conference for purposes of its Division I men's basketball program, but it is not a member of the Atlantic Coast Conference for purposes of its FBS football program. The Big 12 denies the remaining allegations of Paragraph 80.

81.     The Big 12 admits that ESPN has agreed to pay a license fee to broadcast the Sugar Bowl (referred to in paragraph 81 as the Champions Bowl), which is held between football programs from the SEC and the Big 12. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 81 and on that basis denies them.

82.     The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 and on that basis denies them.

83.     The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83 and on that basis denies them.

84.     The Big 12 admits that it has entered into licensing agreements pursuant to which certain athletic events associated with its member institutions are broadcast to viewers by various networks, including Fox, and the Big 12 receives revenues in connection with such licensing. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84 directed towards other Defendants and on that basis denies them. The Big 12 denies the remaining allegations of Paragraph 84.

85.     The Big 12 admits that certain NCAA member institutions pay salaries and other benefits to the coaches of their football programs. The Big 12 lacks sufficient information to

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE BIG 12          Case No. 14-cv-02758-CW
CONFERENCE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT

14

form a belief as to the truth of the remaining allegations in Paragraph 85 and on that basis denies them.

86. The Big 12 admits that certain NCAA member institutions have changed membership among conferences, that West Virginia University is a member of the Big 12, and that West Virginia is located away from the other Big 12 member institutions. The Big 12 denies the remaining allegations of Paragraph 86.

87. The Big 12 denies the allegations of Paragraph 87.

## The NCAA's History of Antitrust Violations

88. The Big 12 denies the allegations of Paragraph 88.

89. The Big 12 admits that the NCAA has been named as a party in other lawsuits in the past. The Big 12 denies the remaining allegations of Paragraph 89.

90. The Big 12 admits that the United States Supreme Court issued an opinion in *NCAA v. Board of Regents of the Univ. of Oklahoma*, published at 468 U.S. 85 (1984). The Big 12 denies the remaining allegations of Paragraph 90.

91. The Big 12 admits that the United States Court of Appeals for the Tenth Circuit issued an opinion *Law v. NCAA*, published at 134 F. 3d 1010 (10th Cir. 1998). The Big 12 denies the remaining allegations of Paragraph 91.

92. The Big 12 admits that in 2001 the Metropolitan Intercollegiate Basketball Association filed a lawsuit against the NCAA and another defendant in United States District Court for the Southern District of New York, Case No. 01-cv-00071-MGC. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 92 and on that basis denies them.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE BIG 12**          **Case No. 14-cv-02758-CW**
**CONFERENCE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

15

93. The Big 12 admits that the NCAA has been named as a party in other lawsuits and that the outcomes in those lawsuits varied. The Big 12 denies the remaining allegations in Paragraph 93.

94. The Big 12 admits that in 2006, Jason White and other plaintiffs filed a lawsuit against the NCAA in United States District Court for the Central District of California, Case No. 2:06-cv-00999-VBF-MAN ("*White*") and that no evidentiary hearing on "the effect on competition" occurred. Answering further, the Big 12 states that the Court granted the NCAA's initial motion to dismiss, denied a subsequent NCAA motion to dismiss, conditionally certified a class, and permitted the NCAA to move for decertification after discovery had concluded. The Big 12 further admits that the parties entered into a settlement in *White*, without admitting or denying liability, while the NCAA's motions for decertification and summary judgment were pending. The Big 12 denies the remaining allegations in Paragraph 94.

95. The Big 12 denies the allegations of Paragraph 95.

## The Restraints Have No Justifiable Pro-Competitive Effect

96. The Big 12 denies the allegations of Paragraph 96.

97. The Big 12 admits that from the 1998-99 through 2013-14 college football seasons, NCAA Division I FBS football programs determined a national champion through the Bowl Championship Series ("BCS") National Championship Game. The Big 12 further admits that beginning with the 2014-15 season, Division I FBS football programs will determine a national champion by participating in a College Football Playoff. The Big 12 further admits that only football programs from the athletic conferences named as Defendants in the *Jenkins* action and the University of Notre Dame have played in the BCS National Championship Game. The

Big 12 further admits that there have been 72 BCS bowl games, with each game hosting two teams, such that there have been 144 opportunities for teams to appear in a BCS bowl game. The Big 12 denies the remaining allegations of Paragraph 97.

98.     The Big 12 admits that a team from the SEC won the BCS National Championship Game in each football season between 2006-07 and 2012-13, and that a team from the ACC won the BCS National Championship Game in the 2013-14 football season. The Big 12 denies the remaining allegations of Paragraph 98.

99.     The Big 12 admits that it has entered into licensing agreements. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the license agreements of the other defendants and on that basis denies them. The Big 12 denies the remaining allegations of Paragraph 99.

100.     The Big 12 admits that the NCAA expanded the NCAA Tournament for Division I men's basketball to include 64 teams in 1985 and that it has included at least 64 teams ever since. The Big 12 further admits that since 1985, three colleges or universities that are not members of the athletic conferences named as Defendants in the *Jenkins* action have won the NCAA Tournament. The Big 12 further admits that the University of Louisville joined the Atlantic Coast Conference in July 2014. The Big 12 further admits that seven colleges or universities that are not members of the athletic conferences named as Defendants in the *Jenkins* action have competed in the NCAA Tournament's championship game since 1985. The Big 12 denies the remaining allegations of Paragraph 100.

101.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101 about Duke University and on that basis denies them. The Big 12 denies the remaining allegations of Paragraph 101.

102.    The Big 12 admits that it has entered into licensing agreements.  The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the license agreements of other defendants and on that basis denies them.   Upon information and belief, the Big 12 admits that revenues may be different for some of the athletic conferences named as defendants and their members than for some other NCAA Division I conferences and/or their members.  The Big 12 denies the remaining allegations of Paragraph 102.

103.    The Big 12 denies the allegations of Paragraph 103.

### IRREPARABLE INJURIES OF PLAINTIFFS AND THE FOOTBALL AND BASKETBALL CLASS

104.    The Big 12 denies the allegations of Paragraph 104.

105.    The Big 12 denies the allegations of Paragraph 105.

106.    The Big 12 admits that some of the student-athletes who are members of NCAA Division I FBS football and men's basketball programs may not subsequently play football in the NFL or basketball in the NBA.  The Big 12 denies the remaining allegations in Paragraph 106.

107.    The Big 12 denies the allegations of Paragraph 107.

**Martin Jenkins**

108.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108 and on that basis denies them.

109.    The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 109 and on that basis denies them.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE BIG 12          Case No. 14-cv-02758-CW
CONFERENCE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT

18

110. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 110 and on that basis denies them. The Big 12 denies the remaining allegations of Paragraph 110.

**Nigel Hayes**

111. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111 and on that basis denies them.

112. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112 and on that basis denies them.

113. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 113 and on that basis denies them. The Big 12 denies the remaining allegations of Paragraph 113.

**Alec James**

114. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 114 and on that basis denies them.

115. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 115 and on that basis denies them.

116. The Big 12 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 116 and on that basis denies them. The Big 12 denies the remaining allegations in Paragraph 116.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE BIG 12          Case No. 14-cv-02758-CW
CONFERENCE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT

19

## CAUSE OF ACTION – COUNT I

## Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1

117.    The Big 12 repeats and re-alleges its responses to paragraphs 1 to 116 of the Second Amended Complaint.

118.    The Big 12 denies the allegations of Paragraph 118.

119.    The Big 12 denies the allegations of Paragraph 119.

120.    The Big 12 denies the allegations of Paragraph 120.

121.    The Big 12 denies the allegations of Paragraph 121.

122.    The Big 12 denies the allegations of Paragraph 122.

123.    The Big 12 denies the allegations of Paragraph 123.

124.    The Big 12 denies the allegations of Paragraph 124.

## PRAYER FOR RELIEF

To the extent any answer may be required to the Prayer for Relief following paragraph 124, the Big 12 denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear under applicable law, the Big 12 asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The claims of the Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, by res judicata to the extent that Plaintiffs' claims were previously adjudicated in *O'Bannon v. NCAA*, No. C 09-3329 CW, 2014 WL 3899815 (N.D.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE BIG 12          Case No. 14-cv-02758-CW
CONFERENCE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT

20

Cal. Aug. 8, 2014), or to the extent they are adjudicated in any other litigation brought by members of the Plaintiffs' putative classes against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

## SECOND AFFIRMATIVE DEFENSE

The claims of the Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, by collateral estoppel to the extent issues central to this case were previously adjudicated in *O'Bannon v. NCAA*, No. C 09-3329 CW, 2014 WL 3899815 (N.D. Cal. Aug. 8, 2014), or to the extent they are adjudicated in any other litigation brought by members of the Plaintiffs' putative classes against any of the Defendants that reaches final judgment before a judgment is rendered in this action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to account for the impact of, and the relief they seek is inconsistent with, Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681 *et seq.*, and the regulations and interpretations thereof by the Department of Education and other federal agencies (together, "Title IX"). Each of the Big 12's member institutions is subject to the requirements of Title IX. Title IX requires subject schools to provide comparable athletic opportunities and financial support to male and female student-athletes and equitable apportionment of financial aid for members of both sexes. 34 C.F.R. §§ 106.37(a), 106.41. Plaintiffs' allegations regarding, among other things, relevant markets, economic restraints, and pro-competitive justifications, their liability theories, and their requests for relief all ignore the impact of Title IX and improperly depend upon purported antitrust analysis of legally and economically interrelated markets as if they were independent.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE BIG 12          Case No. 14-cv-02758-CW
CONFERENCE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT

21

## FOURTH AFFIRMATIVE DEFENSE

The claims of the Plaintiffs and others claimed to be members of the alleged class or classes are barred to the extent that they failed to mitigate any injuries or damages allegedly sustained by participating in collegiate athletics after they were qualified to participate in the drafts of professional leagues including but not limited to the NFL and NBA.

## FIFTH AFFIRMATIVE DEFENSE

The claims of the Plaintiffs and others claimed to be members of the alleged class or classes are barred, in whole or in part, by the doctrine of mootness to the extent that Plaintiffs seek injunctive relief for student-athletes who are no longer participating in NCAA athletics or to the extent that the NCAA bylaws that Plaintiffs seek to enjoin are no longer enforced.

## PRAYER FOR RELIEF

Wherefore, the Big 12 prays that this Court deny the relief requested by Plaintiffs, dismiss this action with prejudice, enter judgment that Plaintiffs have and recover no relief from the Big 12, tax costs and attorneys' fees against the Plaintiffs, and afford the Big 12 such other and further relief as may be just and proper.

DATED: March 2, 2015

Respectfully submitted,

POLSINELLI PC

*/s/Leane K. Capps*

Leane K. Capps (*pro hac vice*)
POLSINELLI PC
2501 N. Harwood, Suite 1900
Dallas, TX  75201
Telephone: (214) 661-5537
Facsimile: (214) 397-0033
Email: lcapps@polsinelli.com

Wesley D. Hurst (SBN 127564)
POLSINELLI LLP
2049 Century Park East, Suite 2300
Los Angeles, CA  90067
Telephone: (310) 556-1801
Fax: (310) 556-1802
Email: whurst@polsinelli.com

Mit S. Winter (SBN 238515)
Amy D. Fitts (*pro hac vice*)
Polsinelli PC
900 W. 48th Place
Kansas City, MO  64112
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
Email: mwinter@polsinelli.com
Email: afitts@polsinelli.com

Attorneys for Defendant
THE BIG 12 CONFERENCE, INC.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT THE BIG 12         Case No. 14-cv-02758-CW
CONFERENCE, INC. TO PLAINTIFFS' SECOND AMENDED COMPLAINT

23

## CERTIFICATE OF SERVICE

I hereby certify that, on March 2, 2015, pursuant to Federal Rules of Civil Procedure 5(b)(2)(E) and 5(b)(3) and Local Rule 5-1, I electronically filed the foregoing Answer and Affirmative Defenses of Defendant the Big 12 Conference, Inc. to Plaintiffs' Second Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification to the email addresses registered.

*/s/Leane K. Capps*

Leane K. Capps

Polsinelli PC

***Counsel for The Big 12 Conference, Inc.***