| | |
|---|---|
| Steve W. Berman (*pro hac vice*) | Jeffrey L. Kessler (*pro hac vice*) |
| Ashley Bede (*pro hac vice*) | David G. Feher (*pro hac vice*) |
| HAGENS BERMAN SOBOL SHAPIRO LLP | David L. Greenspan (*pro hac vice*) |
| 1918 Eighth Avenue, Suite 3300 | WINSTON & STRAWN LLP |
| Seattle, WA 98101 | 200 Park Avenue |
| Telephone: (206) 623-7292 | New York, NY 10166-4193 |
| Facsimile: (206) 623-0594 | Telephone: (212) 294-6700 |
| *steve@hbsslaw.com* | Facsimile: (212) 294-4700 |
| *ashleyb@hbsslaw.com* | *jkessler@winston.com* |
| | *dfeher@winston.com* |
| Bruce L. Simon (96241) | *dgreenspan@winston.com* |
| Aaron M. Sheanin (214472) | |
| Benjamin E. Shiftan (265767) | Derek J. Sarafa (*pro hac vice*) |
| PEARSON, SIMON & WARSHAW, LLP | WINSTON & STRAWN LLP |
| 44 Montgomery Street, Suite 2450 | 35 W. Wacker Dr. |
| San Francisco, CA 94104 | Chicago, IL 60601 |
| Telephone: (415) 433-9000 | Telephone: (312) 558-5600 |
| Facsimile: (415) 433-9008 | Fax: (312) 558-5700 |
| *bsimon@pswlaw.com* | *dsarafa@winston.com* |
| *asheanin@pswlaw.com* | |
| *bshiftan@pswlaw.com* | Sean D. Meenan (SBN 260466) |
| | WINSTON & STRAWN LLP |
| Counsel for *Consolidated Plaintiffs* | 101 California Street |
| *Interim Co-Lead Class Counsel* | San Francisco, CA 94111 |
| | Telephone: (415) 591-1000 |
| [Additional counsel listed on signature page] | Facsimile: (415) 591-1400 |
| | *smeenan@winston.com* |
| | |
| | Counsel for *Jenkins Plaintiffs* |
| | *Interim Class Counsel* |
| | |
| | [Additional counsel listed on signature page] |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | Case No. 4:14-md-02541-CW<br>Case No. 4:14-cv-02758-CW<br><br>CONSOLIDATED PLAINTIFFS' AND *JENKINS* PLAINTIFFS' JOINT REPLY RE COORDINATION AND IMPACT OF NINTH CIRCUIT RULING |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | |

The Consolidated and *Jenkins* Plaintiffs have demonstrated that they satisfy each requirement for injunctive class certification. In addition, they have proposed a pragmatic and efficient solution to the case management issues raised at the October 1 hearing. Finally, they have shown that the Ninth Circuit's *O'Bannon* decision has no bearing on the pending class certification motion, a point that Defendants concede in their supplemental case management filing. Defendants' attempts to conflate class certification and case management, to misstate Plaintiffs' proposal on how to proceed, and to confuse what was and was not decided in *O'Bannon* should be rejected out of hand. The injunctive relief classes should be certified and Plaintiffs' case management proposal adopted.

## ARGUMENT

**A. Plaintiffs Satisfy the Injunctive Relief Elements of Rule 23.** Defendants argue (Opp'n at 4-5) that Plaintiffs "make no effort" and offer no authority to explain why the Court should certify the proposed overlapping classes. Defendants miss the point. The injunctive relief classes should be certified *because each one satisfies Rule 23*. *See, e.g.*, Pls.' Joint Reply, ECF No. 230; *id.* at 3 n.4. It is Defendants who have failed to produce any authority to support their arguments that a class which satisfies all of the legal requirements for certification should nonetheless be denied because of overlap with other classes in other cases.[1] Instead, Defendants' authorities concern *res judicata*, the Seventh Amendment, and their ostensible efficiency concerns—but these are case management issues, not "a barrier to class certification." Oct. 1, 2015 Hr'g Tr. at 11:7-14.

**B. Defendants' Arguments about Case Management and Efficiency Are Moot.[2]** Defendants' arguments about case management and judicial resources (Opp'n at 3-5) misstate and ignore what Plaintiffs have actually proposed. *First*, there will be no race to *res judicata* because

---

[1] The cases upon which Defendants rely for the notion that certifying two classes here would be "wasteful" are well off the mark. For example, *In re Cypress Semiconductor Sec. Litig.*, 864 F. Supp. 957 (N.D. Cal. 1994), addressed circumstances in which a lawyer—after being removed as co-lead counsel in a consolidated securities class action—promptly filed another purportedly identical class action. *Id.* at 959-960 (holding that the second class action was allegedly "merely a mechanism to get [the law firm] back into [the case]"). *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684 (9th Cir. 2007) is equally unhelpful to Defendants. That decision, a non-class case, stands only for the unremarkable proposition that a plaintiff who gets a bad result in one case cannot get a second bite at the apple by filing a separate, duplicative lawsuit. *Id.* at 694.

[2] Defendants' suggestion that the Court dismiss the *Jenkins* action (Opp'n at 6) is untimely and inappropriate. The Court denied their Motion to Dismiss over a year ago. *See* Order, ECF No. 131.

1  Plaintiffs have committed to staying either the Consolidated or *Jenkins* case prior to trial of the
2  other. *Second*, there will be no Seventh Amendment predicament because if the Consolidated Rule
3  23(b)(3) damages class is certified, then Plaintiffs will stay *Jenkins* and try the Consolidated case to
4  a jury. That should end the issue.

5  But now Defendants have come forward with purported efficiency concerns. They have it
6  backwards. Plaintiffs' proposed modification to the co-lead counsel structure ensures common
7  leadership in both cases. The respective injunctive relief classes will now be completely and
8  seamlessly coordinated by the same co-lead counsel. To date, Plaintiffs' counsel were coordinating,
9  but also representing separate plaintiffs and separate classes in separate cases. For example,
10 previously, the Consolidated and *Jenkins* Plaintiffs served separate, albeit coordinated, discovery
11 requests, and filed multiple, overlapping expert reports responding to Defendants' (legally
12 irrelevant) class certification expert. Moving forward, by having the same co-lead counsel for all
13 injunctive relief cases, there will be no duplication across the cases; efficiency will be substantially
14 enhanced—not diminished.

15 Finally, what Defendants pejoratively refer to as "forum shopping" in fact has nothing to do
16 with Plaintiffs' case management proposal.[3] This proposal is not *creating* two actions—there *are*
17 already two non-consolidated actions before this MDL transferee Court. Plaintiffs who chose to file
18 their lawsuits in New Jersey and California, respectively, each have the right under established MDL
19 rules to their own choice of trial forum and cannot be compelled to forsake this right. *See Lexecon*
20 *Inc. v. Milberg Weiss Berhad Hynes & Lerach*, 523 U.S. 26, 40 (1998). Defendants' complaint
21 about Plaintiffs' "continued refusal to consolidate" (Opp'n at 1 n.1) is a rehash of the position that
22 this Court rejected at the very first case management conference when consolidation was denied.
23 *See* June 18, 2014 Case Mgmt. Conf. Hr'g Tr. at 15:25-16:1; *id.* at 17:18-21, 18:5-6, 18:15-16.
24 Nothing has changed since then, nor since the Court denied Defendants' Motion to Dismiss both
25 actions. Their renewed request should be rejected, again.

---

[3] In a misguided effort to convince this Court that Plaintiffs are somehow "forum shopping," Defendants rely upon Supreme Court precedent that has no application to this case. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001) (holding that California claim preclusion law applied to diversity action); *Southland Corp. v. Keating*, 465 U.S. 1, 15 (1984) (holding that the Federal Arbitration Act could be invoked in state court litigation).

**C. Defendants Misrepresent the Import of This Court's Class Certification Decision in *O'Bannon*.** Defendants concede that the Ninth Circuit's decision in *O'Bannon v. Nat'l Collegiate Athletic Ass'n*, Nos. 14-16601, 14-17068, 2015 WL 5712106 (9th Cir. Sept. 30, 2015) does not impact the pending class certification motion, and only allude to future arguments that they may someday make, or not make, in regard to that decision. Opp'n at 7-8.[4] Instead, Defendants improperly return to this Court's *O'Bannon* class certification decision. Defendants again wrongly argue (Opp'n at 7-8) that the group licensing relief sought in *O'Bannon* distinguishes injunctive class certification in that case from the pending motion here. To the contrary, the NCAA argued in both cases that this Court should not certify the proposed classes because increased competition would supposedly hurt some class members as a result of both a "substitution effect" and because some schools might eliminate their athletic programs. As Plaintiffs have explained before (*see* Pls.' Joint Reply at 3-4), this Court—in a decision that had nothing to do with group licensing being uniquely different or distinguishable—expressly rejected these arguments, holding that "interests of the broader Injunctive Relief Class would not be affected by" purported intra-class conflicts that the NCAA had asserted as obstacles to certifying a damages class. The Court should reject these arguments once more.

**D. The Consolidated Class Representatives' Claims Are Not Mooted.** Despite the fact that the Court did not ask for additional briefing on the "inherently transitory" doctrine (*see* Oct. 1 Hr'g Tr. at 97:5-10), Defendants argue that the doctrine does not apply because the Consolidated Class Representatives had "[f]our years" in which to file this antitrust class action and have their class certification motion decided. Opp'n at 6 n.6. This unfounded assertion ignores the reality that virtually zero college freshmen would step foot on campus and immediately launch a massive antitrust class action against powerful institutions like Defendants. These claims are not mooted.

## CONCLUSION

Plaintiffs respectfully request that the Court certify the proposed injunction classes and adopt Plaintiffs' proposed case management suggestions.

---

[4] On October 14, 2015—the day before Defendants filed their Opposition—the *O'Bannon* plaintiffs filed a Petition for Rehearing En Banc. The NCAA did not file a Petition.

Dated: October 22, 2015

Respectfully submitted,

By   /s/ Steve W. Berman
   Steve W. Berman (*pro hac vice*)
   Ashley Bede (*pro hac vice*)
   HAGENS BERMAN SOBOL SHAPIRO LLP
   1918 Eighth Avenue, Suite 3300
   Seattle, WA 98101
   Telephone: (206) 623-7292
   Facsimile:  (206) 623-0594
   *steve@hbsslaw.com*
   *ashleyb@hbsslaw.com*

   Jeff D. Friedman (173886)
   Jon T. King (205073)
   HAGENS BERMAN SOBOL SHAPIRO LLP
   715 Hearst Avenue, Suite 202
   Berkeley, CA 94710
   Telephone: (510) 725-3000
   Facsimile: (510) 725-3001
   *jonk@hbsslaw.com*
   *jefff@hbsslaw.com*

By /s/ Bruce Simon
   Bruce L. Simon (96241)
   Aaron M. Sheanin (214472)
   Benjamin E. Shiftan (265767)
   PEARSON, SIMON & WARSHAW, LLP
   44 Montgomery Street, Suite 2450
   San Francisco, CA 94104
   Telephone:  (415) 433-9000
   Facsimile:   (415) 433-9008
   *bsimon@pswlaw.com*
   *asheanin@pswlaw.com*
   *bshiftan@pswlaw.com*

   Counsel for *Consolidated Plaintiffs*
   *Interim Co-Lead Class Counsel*

By   /s/ Jeffrey L. Kessler
   Jeffrey L. Kessler (*pro hac vice*)
   David G. Feher (*pro hac vice*)
   David L. Greenspan (*pro hac vice*)
   Timothy M. Nevius (*pro hac vice*)
   Joseph A. Litman (*pro hac vice*)
   WINSTON & STRAWN LLP
   200 Park Avenue
   New York, NY 10166-4193
   Telephone: (212) 294-6700
   Facsimile: (212) 294-4700
   *jkessler@winston.com*
   *dfeher@winston.com*
   *dgreenspan@winston.com*
   *tnevius@winston.com*
   *jlitman@winston.com*

   Derek J. Sarafa (*pro hac vice*)
   WINSTON & STRAWN LLP
   35 W. Wacker Dr.
   Chicago, IL 60601
   Telephone: (312) 558-5600
   Fax: (312) 558-5700
   *dsarafa@winston.com*

   Sean D. Meenan (SBN 260466)
   Jeanifer E. Parsigian (SBN 289001)
   WINSTON & STRAWN LLP
   101 California Street
   San Francisco, CA 94111
   Telephone: (415) 591-1000
   Facsimile: (415) 591-1400
   *smeenan@winston.com*
   *jparsigian@winston.com*

   Counsel for *Jenkins* Plaintiffs
   *Interim Class Counsel*

- 4 -

PLAINTIFFS' JOINT REPLY RE COORDINATION AND IMPACT OF NINTH CIRCUIT RULING - CASE NOS. 4:14-MD-02541-CW; 4:14-CV-02758-CW

By  /s/ Elizabeth C. Pritzker
Elizabeth C. Pritzker (146267)
Jonathan K. Levine (220289)
Bethany L. Caracuzzo (190687)
Shiho Yamamoto (264741)
PRITZKER LEVINE LLP
180 Grand Avenue, Suite 1390
Oakland, California 94612
Telephone:  (415) 692-0772
Facsimile:   (415) 366-6110

*Additional Class Counsel*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

/s/ *Jeffrey L. Kessler*
JEFFREY L. KESSLER

- 5 -

PLAINTIFFS' JOINT REPLY RE COORDINATION AND IMPACT OF NINTH CIRCUIT RULING - CASE NOS. 4:14-MD-02541-CW; 4:14-CV-02758-CW