IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | No. 14-md-2541 CW |
| MARTIN JENKINS, et al., Plaintiffs, v. NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., Defendants. | No. C 14-2758 CW<br><br>ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS |

Defendants, the National Collegiate Athletic Association (NCAA) and a group of Division I conferences, have filed a motion for judgment on the pleadings, seeking an order dismissing Jenkins in its entirety and dismissing the portion of the consolidated action that seeks injunctive relief.  Plaintiffs in both actions have filed a consolidated opposition and Defendants have filed a reply.  Having considered the parties' papers, the record in this case and argument, the Court DENIES the motion.

BACKGROUND

Plaintiffs are student-athletes who played NCAA Division I Football Bowl Subdivision football[1] and men's and women's basketball between March 5, 2014 and the present.

Plaintiffs' challenges relate to NCAA restrictions on the compensation of student-athletes for their athletic performance. The NCAA sets a cap on the grant-in-aid (GIA) that student-athletes may receive.[2] At the time these complaints were filed, the GIA was capped at the value of tuition, fees, room and board and required course books. After Plaintiffs initiated this litigation, the NCAA permitted conferences to allow schools to compensate student-athletes with GIAs for up to their cost of attendance.

Consolidated Plaintiffs and Jenkins Plaintiffs allege in their complaints that the NCAA and its member institutions[3] violate federal antitrust law by conspiring to impose the cap on the amount of monetary and in-kind compensation a school may

---

[1] The NCAA organizes member schools into Divisions I, II and III. Division I football includes two subdivisions: the Football Bowl Subdivision (FBS) and the Football Championship Subdivision (FCS).

[2] A grant-in-aid is a scholarship or form of financial aid that the NCAA does not consider "pay or the promise of pay for athletics skill" and that meets certain NCAA requirements. See 2014-15 NCAA Manual at 57 (Bylaw 12.01.4); 189 (Bylaw 15.02.5).

[3] Jenkins Plaintiffs name as conference Defendants the Atlantic Coast Conference; the Big 12 Conference; the Big Ten Conference; the Pac-12 Conference; and the Southeastern Conference. Consolidated Plaintiffs name all of those as well as the American Athletic Conference; Conference USA; the Mid-American Conference; the Mountain West Conference; the Sun Belt Conference; and the Western Athletic Conference.

provide a student-athlete.  Plaintiffs assert that, without the NCAA's cap on compensation, schools would compete in recruiting student-athletes by providing more generous compensation. Plaintiffs seek an injunction against the NCAA's rules limiting compensation for student-athletes.  Consolidated Plaintiffs seek, in addition to an injunction, damages for the difference between the GIAs awarded and the cost of attendance.

A.   O'Bannon v. NCAA

In O'Bannon v. NCAA, a plaintiff class alleged that the NCAA and its members conspired to fix at zero the amounts paid to Division I men's football or basketball players for the use of their names, images and likenesses (NILs) in violation of the Sherman Act, 15 U.S.C. § 1.  Following a bench trial, the Court entered findings of fact and conclusions of law in favor of the plaintiffs, determining that the NCAA's rules were an unlawful restraint of trade.  The Court concluded that there were less restrictive alternatives to the NCAA's rules and enjoined the NCAA and its member schools from agreeing to (1) prohibit deferred compensation of an amount less than $5,000 per year for the licensing or use of the plaintiffs' names, images, and likenesses, or (2) prohibit scholarships up to the full cost of attendance at the plaintiffs' schools.  The NCAA timely filed a notice of appeal to the Ninth Circuit.  On September 30, 2015, the Ninth Circuit decided the NCAA's appeal.  The panel affirmed the Court's finding of an antitrust violation and affirmed the remedy relating to scholarships.  However, the majority reversed the portion of the permanent injunction related to deferred compensation.  O'Bannon v. NCAA, 802 F.3d 1049, 1079 (9th Cir. 2015).  Both parties'

3

petitions for writ of certiorari in the United States Supreme Court are currently pending.

LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Such a motion, like a motion to dismiss for failure to state a claim, addresses the sufficiency of a pleading. Judgment on the pleadings may be granted when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that the moving party is entitled to judgment as a matter of law. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1989). In testing the sufficiency of a pleading, the well-plead allegations of the non-moving party are accepted as true, while any allegations of the moving party which have been denied are assumed to be false. Id. at 1550. However, the court need not accept conclusory allegations. W. Mining Counsel v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court must view the facts presented in the pleadings in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor, General Conference Corp. of Seventh Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989), but need not accept or make unreasonable inferences or

4

unwarranted deductions of fact.  McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974).

## DISCUSSION

Defendants argue that the Ninth Circuit's decision in O'Bannon forecloses Plaintiffs' challenge to the NCAA's current rules because the Ninth Circuit held that "offering [student-athletes] cash sums untethered to educational expenses" was not a less restrictive alternative to the NCAA's current rules under the rule of reason.  802 F.3d at 1078.  The NCAA already permits its members to offer GIA equal to the Cost of Attendance.  However, as Plaintiffs point out, in this case, they also challenge rules prohibiting the provision of other "benefits" and "in-kind" compensation as well as cash compensation.  See, e.g. Jenkins Complaint at ¶¶ 41-42; CAC at ¶ 192.  Accordingly, as Plaintiffs assert, Defendants' motion for judgment on the pleadings is not well taken.  The Ninth Circuit's decision in O'Bannon simply forecloses one type of relief Plaintiffs previously sought: cash compensation untethered to educational expenses.  While O'Bannon is binding on this Court, it does not provide the basis for judgment on the pleadings.  Motions for judgment on the pleadings are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially-noticed facts."  Holloway v. Best Buy Co., Inc., 2009 WL 1533668, *3 (N.D. Cal.).  The Ninth Circuit's decision in O'Bannon limits the types of relief Plaintiffs may seek but it does not provide a basis upon which a judgment on the merits can be rendered.

CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings is DENIED.  (Case No. 14-2541, Docket No. 373; Case No. 14-2758, Docket No. 201)

IT IS SO ORDERED.

Dated: August 5, 2016

CLAUDIA WILKEN
United States District Judge