# Exhibit 2

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*jkessler@winston.com*
*dfeher@winston.com*
*dgreenspan@winston.com*

Derek J. Sarafa (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700
*dsarafa@winston.com*

Counsel for *Jenkins* Plaintiffs

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | **Case No. 4:14-md-02541-CW** |
| THIS DOCUMENT RELATES TO: *Jenkins, et al. v. NCAA, et al.* | **Case No. 4:14-cv-02758-CW** *JENKINS* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS |

PROPOUNDING PARTY:   *JENKINS* PLAINTIFFS

RESPONDING PARTY:   ALL DEFENDANTS IN THE *JENKINS* ACTION

SET NUMBER:   ONE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Martin Jenkins, Nigel Hayes, and Anfornee Stewart (collectively, "*Jenkins* Plaintiffs") hereby request that Defendants in the above-captioned action respond hereto and produce for inspection and copying complete, true, and accurate copies of the following documents, electronically stored information, and tangible things in conformance with the above rules at the offices of Winston & Strawn LLP, Attention: Jeffrey L. Kessler, 200 Park Avenue, New York, NY 10166 (or at such other place as may be agreed upon by the parties) within thirty (30) days of service hereof or such earlier dates as may be imposed by Court order or agreed to by the parties.  If any Documents and/or other materials requested are not complete, true, and/or accurate, please specifically identify what is missing and/or altered and why it is missing, not included, or redacted.

If you withhold any information or Documents on the grounds of privilege including, but not limited to, the attorney-client privilege and work-product doctrine, please produce a privilege log that sufficiently describes the information or Document and states the exact ground(s) for withholding the same so that the claimed privilege may be evaluated by *Jenkins* Plaintiffs and the Court.

## **DEFINITIONS**

For the purposes of these requests, the following definitions shall apply:

1. "Defendants" means the National Collegiate Athletic Association, Atlantic Coast Conference, Big 12 Conference, Big Ten Conference, Pac-12 Conference, and Southeastern Conference, and their subsidiaries and affiliates, and include each of their committees, officers, directors, employees, agents, consultants, attorneys, and others acting or who at any time acted on their behalf.

2. "NCAA" means National Collegiate Athletic Association, its subsidiaries and affiliates, and includes each of its boards, committees, officers, directors, employees, agents, consultants, attorneys, and others acting or who at any time acted on its behalf.

3. "Conference" means the Atlantic Coast Conference, the Big 12 Conference, the Big Ten Conference, the Pac-12 Conference, and the Southeastern Conference, their subsidiaries and affiliates, and includes each of their committees, officers, directors, employees, agents, consultants,

1

*JENKINS* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
MDL No. 14-md-02541-CW; Case No. 4:14-cv-02758-CW

attorneys, and others acting or who at any time acted on its behalf.

4. "Member School" means any NCAA Division I college or university in one of the Conferences, along with its subsidiaries and affiliates, and includes each of their boards, committees, officers, directors, employees, agents, consultants, attorneys, and others acting or who at any time acted on its behalf.

5. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the requests all information that might otherwise be construed to be outside of their scope.

6. "Communication" means, without limitation, oral or written communications of any kind, such as electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchange of written or recorded information, or face-to-face meetings or encounters.

7. "Complaint" means the Amended Complaint filed on October 30, 2014 in the above-captioned case.

8. "Relating To" shall be construed in its customary broad sense and means, without limitation, all information, data, facts, Documents, or anything else that directly, indirectly, or in any other way mention, discuss, refer to, contain, explain, show, represent, reflect, embody, constitute, identify, illustrate, describe, evidence, support, concern, negate, approve, condone, consent to, bear upon, touch upon, incorporate, affect, include, pertain to, or are otherwise connected with the subject matter about which the request is made.

9. "Document(s)" has the broadest possible meaning permissible under the Federal Rules of Civil Procedure and/or applicable precedent, including, without limitation, electronic or computerized data compilations and electronic email. A draft or non-identical copy is a separate Document within the meaning of this term. The term "Document" includes Communications.

10. To "Identify" means: (a) with respect to a "Person" or entity, to state the person or entity's (i) full name; (ii) the location of the person or entity's last known address; (iii) in the case of a natural person, the present or last known place of employment; and (iv) present or last known title at that place of employment; and (b) with respect to a "Document" or evidence to state: (i) the type

2

of Document or evidence; (ii) its general subject matter; (iii) the date of the Document or evidence; and (iv) the author(s), addressee(s), and recipient(s).

11.  "Person" means and includes all natural persons or entities, governmental units, partnerships, firms, corporations, associations, joint ventures, any other form of business organization or arrangement, or any form of public, private or legal entity.

12.  "You" and "Your" means the Defendants responding to these requests, their predecessors in interest, divisions, successors, and assigns, the present and former officers, directors, employees, attorneys, agents, and representatives of any of the above, and all persons acting or purporting to act on their behalf.

13.  As used herein, the singular shall include the plural, and the past tense shall include the present tense, and vice versa; the words "and" and "or" shall be both conjunctive and disjunctive; the words "any" and "all" shall mean all, each, any, and every; the words "each" and "every" shall mean "each and every"; the word "includes" shall mean "includes without limitation," so as to be most inclusive; the word "including" shall mean "including without limitation," so as to be most inclusive.

## INSTRUCTIONS

1.  Unless otherwise stated, these requests encompass the time period from January 1, 2008 through the time of trial.

2.  The requests herein cover all Documents within the possession, custody, or control of Defendants, including all Documents within the possession, custody, or control of Persons acting on behalf of or at the instruction of Defendants. For any requested Document no longer in possession, custody, or control of Defendants, state what disposition was made of the Document and the date of such disposition, and identify all Persons having knowledge of the Document's contents.

3.  These requests shall be deemed continuing in nature so as to require timely supplemental responses when necessary to reflect events occurring and information becoming available subsequent to the serving of your initial response. This paragraph shall not be construed to alter any obligations to comply with all other instructions herein.

4.  All Documents shall be produced in a manner that identifies how the Documents are

3

*JENKINS* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
MDL No. 14-md-02541-CW; Case No. 4:14-cv-02758-CW

kept in the ordinary course of business and by whom; each Document from a particular file, binder, container, or other device shall be accompanied by identifying information, including metadata, indicating the name and location of any such file, binder, container, or device from which the Document was taken and the authors, recipients, and custodians associated therewith.

5. If any part of a document is responsive to any request herein, produce the entire document.

6. Where a claim of privilege is asserted in objecting to any request or part thereof and information is not provided on the basis of such assertion, the following information should be provided in a privilege log served with the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information: (a) the type of document for which the privilege is claimed; (b) the date of the document; (c) the author(s), addressee(s), custodian(s), and any other recipient of the document, and, where not apparent, the relationships of the author(s), addressee(s), custodian(s), and any other recipient to each other; (d) the subject matter of the information requested or the document withheld; and (e) the nature of the privilege asserted and the basis upon which it is claimed.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:**

All NCAA Division I and Conference manuals, rulebooks, constitutions, and/or handbooks in effect from 2008 through the time of trial.

**REQUEST FOR PRODUCTION NO. 2**:

All Documents Relating To NCAA Division I and Conference rules, bylaws, regulations, restrictions, and/or policies that affect whether compensation, payment, financial aid, or remuneration may be provided or made available to athletes, in any form and from any source.

///
///
///
///
///

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Relating To proposed or actual changes, revisions, amendments, or modifications to NCAA Division I, Conference, and/or Member School bylaws, rules, policies, and practices regarding:

(a) amateurism, financial aid, extra benefits, health care, medical insurance, disability, continuing education, degree completion, and compensation, payment, or remuneration, in any form and from any source, to student-athletes, including, but not limited to, discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic communications; or

(b) legislative waivers, transfers, initial eligibility certification, and amateurism certification, including, but not limited to, discussions, notes, talking points, meeting agendas, meeting minutes, meeting reports, written proposals, policy papers, outlines, studies, emails and other electronic communications.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws, regulations, restrictions, legislation, and/or policies that permit NCAA Division I athletes to receive compensation from Member Schools or any other source for their academic, artistic, research, or any other non-athletic performance or service.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents Relating To NCAA, Conference, and/or Member School rules, bylaws, regulations, restrictions, legislation, and/or policies that limit, cap, or restrict compensation that *non-athlete* students, both undergraduate and graduate, may receive from Member Schools or any other source for their academic, artistic, research, or any other performance or service.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents Relating To the consideration and/or adoption of proposals regarding the NCAA's Division I governance model, including, but not limited to, all Documents and Communications from the NCAA Division I Board of Directors Steering Committee on Governance.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents Relating To the August 2011 NCAA "Presidential Retreat."

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Relating To the NCAA Division I Rules Working Group.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Relating To the NCAA Division I Presidential Advisory Group.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents Relating To any actual or potential override requests or votes and/or rescission or nullification requests or votes regarding NCAA Division I legislation from 2010 through the time of trial.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents Relating To use of the term "amateur model," "collegiate model," or "college model" in communicating to the media, public, NCAA membership, or Conference membership.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents Relating To the draft entry rules of the National Basketball Association and National Football League.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents Relating To athletes or prospective athletes hiring, consulting with, or seeking advice or guidance from agents.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents Relating To any athlete's receipt or potential receipt of payment, compensation, or remuneration, in any form and from any source, in exchange for the athlete's autograph.

**REQUEST FOR PRODUCTION NO. 15:**

All NCAA Division I Men's Basketball Championship Participating Team Manuals from 2008 through the time of trial.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Relating To restrictions on any beverage containers, coolers, cups, cans and/or bottles, or commercial signage, permitted courtside, in and around the team benches, practice areas, locker rooms, scorer's table, interview holding and interview areas, and/or designated media areas at NCAA Division I Men's Basketball Championship, football bowl games, and any other athletic event of Defendants and/or their member schools.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents Relating To NCAA, Conference, and Member School policies and practices regarding the appearance of athletes at press conferences and media interview sessions.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents from January 1, 2008 through the time of trial Relating To Defendants' finances, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, payouts, distributions, distribution formulas, distribution policies and procedures, bank account records, tax returns, 1099 statements, K-1 statements, or any other financial record.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents from January 1, 2008 through the time of trial Relating To the finances of the NCAA, Conferences, and Member Schools as reported and in any form submitted to or by the NCAA, or to or by any of the Conferences, prior to any aggregation, alteration, processing or filtration, including, but not limited to, profits and losses statements, balance sheets, income statements, financial statements, revenue generation, cash flow statements, bank account records, tax returns, 1099 statements, K-1 statements, and distributions or payouts by the NCAA or Conferences to the Member Schools.

**REQUEST FOR PRODUCTION NO. 20**

All Documents Relating To financial projections concerning Football Bowl Subdivision (FBS) football and Division I men's basketball, including but not limited to, the NCAA Division I Men's Basketball Championship and the College Football Playoff.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Relating To any media, sponsorship, licensing, or other commercial contract entered into by Defendants, including, but not limited to, all contracts licensing the broadcast or transmission of any Division I men's basketball or FBS football contests across any medium (including television, radio, internet broadcasts, or other forms of electronic dissemination), and concessions agreements, including pouring rights.

///

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Relating To the expenditure of funds for enforcing NCAA Division I and Conference rules, including, but not limited to, the annual budgets, including employee salaries, of the NCAA Enforcement department, the NCAA Division I Committee on Infractions, the NCAA Academic and Membership Affairs department, and each Conference.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Relating To violations or potential violations, regardless of level, of NCAA Division I and Conference rules and bylaws regarding impermissible payment, compensation, remuneration, financial aid, preferential treatment, inducements, and/or extra benefits, in any form and from any source, to athletes and prospective athletes, including, but not limited to, self-reports, reinstatement requests, waiver requests, student-athlete reinstatement records, enforcement records, committee on infractions records, interpretations, deliberations, and penalty decisions.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Relating To any study, analysis, or report regarding the past or current economic value to any Conference or NCAA Division I school of or generated by any NCAA Division I athlete(s) or team(s) since January 1, 2008, including, but not limited to, any such study conducted by the Collegiate Licensing Company and the Joyce Julius study commissioned by Texas A&M University concerning the value generated by former Texas A&M football athlete Johnny Manziel.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents, including, but not limited to, expert reports; discovery responses; documents responsive to discovery requests; deposition transcripts, videos, and exhibits; declarations and affidavits; and trial transcripts and exhibits produced, exchanged, or filed, whether under seal or publicly, in any of the following cases:  (1) *O'Bannon v. NCAA*, Case No. 09-cv-3329-CW (N.D. Cal.); (2) *Keller v. Electronic Arts, Inc./In re NCAA Student-Athlete Name & Likeness Litig.*, Case No. 09-cv-1967-CW (N.D. Cal.); (3) *White v. NCAA*, Case No. 06-cv-0999-VBF (C.D. Cal.); (4) *Agnew v. NCAA*, Case No. 11-3066 (7th Cir.)/*Agnew v. NCAA*, Case No. 11-cv-0293-JMS (S.D. Ind.); and (5) *Rock v. NCAA*, Case No. 12-cv-1019-JMS (S.D. Ind.).

8

*JENKINS* PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS
MDL No. 14-md-02541-CW; Case No. 4:14-cv-02758-CW

**REQUEST FOR PRODUCTION NO. 26:**

All Documents Relating To the Documents requested in Request for Production No. 25.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents Relating To any survey, poll, focus group, study, report, or analysis concerning potentially, hypothetically, or actually providing or making available to athletes compensation, payment, or remuneration, in any amount, in any form, and from any source, whether deferred or not, including, but not limited to the potential, hypothetical, or actual impact or effect of such payment on the popularity of college sports and/or consumer behavior.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents evidencing or describing any survey, poll, study, report, or other analysis concerning consumer interest, behavior, demographics, statistics, or motivations for watching, attending, listening to, reading about, buying tickets or merchandise related to, or otherwise participating in or consuming FBS football or Division I men's basketball, or any related sports products.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Relating To the promotion or marketing of any college sport, or college sports generally, on the basis of athletes' amateur status.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents Relating To the settlement with Electronic Arts and the Collegiate Licensing Company in *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, No. 09-cv-1967 (N.D. Cal. Sept. 26, 2013).

**REQUEST FOR PRODUCTION NO. 31:**

All Documents Relating To the settlement in *White v. NCAA*, No. 06-cv-999-VBF (C.D. Cal. Aug. 5, 2008), including, but not limited to, all post-settlement Documents, and Documents related to the costs to Defendants and their member schools of implementation of the settlement agreement and its effects on athletic competition, the popularity of college sports, and participation in intercollegiate athletics.

///

**REQUEST FOR PRODUCTION NO. 32:**

All Documents Relating To distributions or payouts from the Student Assistance Fund, the Special Assistance Fund, and the Student-Athlete Opportunity Fund.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents Relating To the use of NCAA, Conference, or Member School funds to purchase loss-of-value insurance policies for athletes.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents Relating To any potential unionization of college athletes.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents Relating To correspondence with and inquiries from the U.S. Senate, U.S. House of Representatives, members of Congress, and/or Congressional Committees and/or Subcommittees, or any state legislative bodies, along with any Defendants' written responses to requests for information from such bodies, individuals, or committees, including, but not limited to, Communications between the dates of November 2013 and July 2014.

**REQUEST FOR PRODUCTION NO. 36**:

All Documents Relating To any NCAA Division I school leaving or potentially leaving one NCAA member conference and/or joining or potentially joining another NCAA member conference.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents Relating To Your contention that limits on compensation to athletes help integrate athletes into their academic communities.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents Relating To Your contention that limits on compensation to athletes maximize, maintain, or help prevent the decline of consumer demand for the NCAA's product(s).

**REQUEST FOR PRODUCTION NO. 39:**

All non-privileged Documents Relating To this litigation, including all individually filed cases in this matter prior the consolidation ordered by the Judicial Panel on Multidistrict Litigation.

///

///

**REQUEST FOR PRODUCTION NO. 40:**

All Documents Relating To any affirmative defense or other defense that You may assert in this litigation.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents Relating To any claimed pro-competitive justification that You may assert in this litigation.

**REQUEST FOR PRODUCTION NO. 42:**

All Documents that You intend to rely upon or reference at any hearing or trial in this matter.

Dated: November 13, 2014                         Respectfully submitted,

By:   /s/ Jeffrey L. Kessler
Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
*New York, NY 10166-4193*
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*jkessler@winston.com*
*dfeher@winston.com*
*dgreenspan@winston.com*

Derek J. Sarafa (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700
*dsarafa@winston.com*

Counsel for *Jenkins* Plaintiffs