# Exhibit 5

**From:** Litman, Joseph [mailto:JLitman@winston.com]
**Sent:** Wednesday, December 20, 2017 11:44 AM
**To:** Lent, Karen Hoffman (NYC)
**Cc:** Meenan, Sean D.; bshiftan@pswlaw.com; ashleyb@hbsslaw.com; Moore, Danielle S (NYC); knelson@wilkinsonwalsh.com; rkilaru@wilkinsonwalsh.com
**Subject:** RE: [Ext] NCAA GIA

Hi Karen,

I am writing to follow up about our conversation last week. Plaintiffs have considered the NCAA's position about producing the public-opinion survey we requested. We cannot agree that in exchange for it, we will not seek any other documents for the duration of the case. However, we presently do not contemplate seeking any other documents, and we are willing to agree that were the NCAA to produce the survey we seek now, we would not use that production as support should any future request arise. We also would agree that, despite producing this survey, the NCAA may reserve all rights regarding any potential future discovery disputes. Please let us know whether the NCAA will agree to these terms.

If we cannot reach an agreement, Plaintiffs would like to submit a joint brief to Judge Cousins. As we previously mentioned, we understand the NCAA's position about post-cutoff discovery requests, and we have reviewed the cases you shared with us. We have conducted additional research and believe that "good cause" exists for the limited purpose of producing the survey in question. *See, e.g.*, N.D. Cal. L.R. 37-3; *Our Children's Earth v. Leland Stanford Junior Univ.*, 2015 WL 12964638, at *1 (N.D. Cal. Oct. 29, 2015) (good cause standard applies to requests for discovery after "cutoff"); *Bowoto v. Chevron Corp.*, 2008 WL 2074400 (N.D. Cal. May 15, 2008) (granting limited reopening of discovery to obtain "recent information learned by" the opposing party directly relevant to claims and defenses); *Tyco Thermal Controls LLC v. Redwood Industrials*, 2010 WL 2353533, at *2 (N.D. Cal. June 9, 2010) (citation omitted) (To reopen discovery, a court considers "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence.")

If you would like to discuss this matter further this week, we are available for a call. Please let us know if you'd like to schedule a time. Thanks.

- Joey