Caroline Tucker, Esq.
Tucker | Pollard
2102 Business Center Dr., Suite 130
Irvine, CA 92612
Office 949-253-5710
Fax 949-269-6401
ctucker@tuckerpollard.com

*Attorney for Objector*
DARRIN DUNCAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION,<br><br>This Document Relates to:<br>ALL ACTIONS EXCEPT<br>Jenkins v. Nat'l Collegiate Athletic Ass'n<br>Case No. 14-cv-0278-CW | No. 4:14-md-2541-CW<br><br>**OBJECTOR'S RESPONSE TO MOTION FOR IMPOSITION OF APPEAL BOND** |

i.

# TABLE OF CONTENTS

Table of Contents ................................................................................................ ii

Table of Authorities ........................................................................................... iii

I. This Court has already determined that there is no basis to approve an appeal bond for administrative costs .............................................................................. 1

II. Objector cannot be required to post a bond for settlement administration associated with a class settlement while an appeal is pending because these expenses are not taxable under a specific statute or rule ....................................... 3

III. The *Azizian* factors should not be considered ............................................................................................................... 5

IV. The requested bond is being used for an improper purpose ............................................................................................................... 6

Conclusion ........................................................................................................... 7

Certificate of Service ........................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291 (2006)..................4

*Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950 (9th Cir. 2007) ...............2,3,4

*Clark v. Universal Builders, Inc.*, 501 F.2d 324 (7th Cir. 1974)..............................6

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)............................4

*Embry v. ACER America Corp.*, 2012 WL 2055030 (N.D. Cal.).............................2

*In re Am. President Lines, Inc.*, 779 F.2d 714 (D.C. Cir. 1985)..............................6

*In re Cardizem CD Antitrust Litigation*, 391 F.3d 812 (6th Cir. 2004).....................1

*In re Magsafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560 (9th Cir. 2014).....3

*In re Netflix Privacy Litig.*, 2013 WL 6173772 (N.D. Cal.).....................................1

*Keller v. Natl. Collegiate Athletic Assn.*, C 09-1967 CW, 2015 WL 6178829 (N.D. Cal. Oct. 21, 2015)...............................................................................................1

*Lane v. Facebook, Inc.*, 696 F.3d 811 (9th Cir. 2012)..............................................6

*Lerma v. Schiff Nutrition Intl., Inc.*, 11CV1056-MDD, 2016 WL 773219 (S.D. Cal. Feb. 29, 2016) ......................................................................................................5

*Low v. Trump U., LLC*, 310CV00940GPCWVG, 2017 WL 2655300, (S.D. Cal. June 19, 2017)....................................................................................................5

*Miletak v. Allstate Ins. Co.*, 2012 WL 3686785 (N.D. Cal.) .....................................2

*Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277 (7th Cir. 2002).............................6

*Schulken v. Washington Mut. Bank*, 2013 WL 1345716 (N.D. Cal.) ........................2

*Tennille v. Western Union Co.*, 774 F.3d 1249 (10th Cir. 2014) ..............................2

*Vaughn v American Honda Motor*, 507 F.3d 295 (5th Cir. 2007)..............................6


**Statutes**

Fed. R. App. P. 39(e) ................................................................................. 2, 3, 4, 5

Fed. R. App. P. 7 ............................................................................................ 2, 4, 6

iv.

Class Member/Appellant, Darrin Duncan, ("Objector") opposes the Motion for Imposition of Appeal Bond against Objector Darrin Duncan and states in support:

### I. This Court has already determined that there is no basis to approve an appeal bond for administrative costs

In its motion for an appeal bond, class counsel uses a lot of space in its motion to mention how Objector previously filed an objection in a previous different NCAA and that the district court imposed an appeal bond. *Keller v. Natl. Collegiate Athletic Assn.*, C 09-1967 CW, 2015 WL 6178829 (N.D. Cal. Oct. 21, 2015). What class counsel glosses over is that this Court ordered $5,000, though almost $90,000 was requested. What class counsel fails to mention is that this Court accepted the majority of Objector's arguments and ruled that there was no basis on which the court may approve an appeal bond for administrative costs. *Id.* Yet, despite this Court's express disapproval of administrative costs for an appeal bond, class counsel has requested this Court to approve administrative costs in this case. As this Court has previously ordered:

> Objectors also argue that there is no basis on which the Court may approve an appeal bond for administrative costs, noting that there is no statute authorizing the shifting of such costs. Plaintiffs do not argue that there is such a statute. Instead, they cite various cases in which administrative costs were included in appeal bonds. However, those cases do not provide any basis on which this Court can impose an appeal bond for administrative costs in this case. In *In re Cardizem CD Antitrust Litigation*, 391 F.3d 812 (6th Cir. 2004), the Sixth Circuit affirmed the imposition of an appeal bond that included administrative costs. However, the Sixth Circuit panel relied on a Tennessee statute that authorized an award of "any damages incurred, including reasonable attorney's fees and costs." *Id.* at 817 (quoting Tenn. Code Ann. § 47-18-109). The three district court cases Plaintiffs cite include administrative costs in the amount of the appeal bonds imposed but do not cite any statute authorizing the recovery of such costs. *See In re Netflix Privacy Litig.*, 2013 WL

1.

> 6173772, at *4 (N.D. Cal.); *Miletak v. Allstate Ins. Co.*, 2012 WL 3686785, at *2 (N.D. Cal.); *Embry v. ACER America Corp.*, 2012 WL 2055030, at *2 (N.D. Cal.).
>
> Moreover, other courts have noted that there is no statute authorizing administrative expenses as "costs" for purposes of Rule 7 and have accordingly declined to include such costs in appeal bonds. See, e.g., *Tennille v. Western Union Co.*, 774 F.3d 1249, 1255 (10th Cir. 2014) ("Circuit courts, in any event, consistently define 'costs on appeal' for Rule 7 purposes as appellate costs expressly provided for by a rule or statute. But Plaintiffs have not identified, nor could we find, any rule or statute that permits them, should they succeed in defending Objectors' merits appeals, to recover the cost of notifying class members of those merits appeals or to recover the cost of maintaining the class settlement fund pending the merits appeals."); *Schulken v. Washington Mut. Bank*, 2013 WL 1345716, at *7-8 (N.D. Cal.) (declining to include administrative costs in appeal bond where "Plaintiffs-Appellees were unable to identify any additional precedent or statutes authorizing administrative expenses as 'costs' ").
>
> *Azizian* made clear that only those expenses expressly defined as "costs" by a fee-shifting statute are "costs on appeal" for purposes of Rule 7. 499 F.3d at 958. There is no such statute defining administrative expenses related to corresponding with class members and maintaining the settlement website as "costs." Accordingly, the Court declines to require an appeal bond including the $83,839 of administrative costs.

*Id.* at *2. As class counsel still relies on case law instead of statutes as its basis for the Court to impose a bond against Objector, then this Court should deny the appeal bond for all administrative costs.

Additionally, this Court should deny the bond for the stated taxable costs under Rule 39 because class counsel has indicated that it believes that filing additional frivolous motions against Objector are taxable costs. Class counsel has said that they will be "moving to dismiss the appeal and/or moving for summary

disposition and moving for monetary sanctions against Duncan." See Bond Motion, p. 11. These are not appropriate Rule 39 expenses.

Objectors are only responsible for normal "costs" under Rule 39, which covers "(1) the preparation and transmission of the record, (2) the reporter's transcript, if needed to determine the appeal, (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e). These "costs" on appeal "rarely exceed a few hundred dollars when taxed against an appellant. The district court may not include in an appeal bond any expenses beyond those referenced in Fed. R.App. P. 39 unless such expenses may be shifted pursuant to another statute." *In re Magsafe Apple Power Adapter Litig.*, 571 Fed. Appx. 560, 563 (9th Cir. 2014).

In sum, almost the entire amount of the bond class counsel requests consists of administration expenses that are not defined by statute or rule as costs and are therefore not permissible components of an appeal bond under *Azizian*. Additionally, class counsel has included frivolous motions they intend to file in its calculation of the $5,000 of its "taxable costs." Accordingly, the motion for an appeal bond should be denied.

**II.    Objector cannot be required to post a bond for settlement administration associated with a class settlement while an appeal is pending because these expenses are not taxable under a specific statute or rule.**

The purpose of an appeal bond is "to ensure payment of costs on appeal." Fed. R. App. P. 7; accord *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 955 (9th Cir. 2007). Here, class counsel requests a bond of $78,893.80 to cover anticipated administrative expenses, costs related to additional notice to the class (which is an administrative expense), and supposed direct costs. No rule or statute provides that Objector can be liable for the administrative expense and class counsel has provided an improper basis for how they arrive for the alleged

$5,000.00 costs under Fed. R. App. 39(e). Thus, an appeal bond in this case is not appropriate.

The Ninth Circuit has considered the propriety of imposing an appeal bond on a class action objector. The court held that "the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute," *Azizian* at 958. The Ninth Circuit's approach to defining "costs" on appeal is consistent with the Supreme Court's repeated admonition that the term "costs" is not an open-ended invitation for courts to impose whatever expenses they deem fair, but rather a term of art whose content is bounded by the items specified in statutes or rules. See *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297 (2006) (holding that, in the Individuals with Disabilities Education Act, "[t]he use of this term of art [i.e., 'costs'], rather than a term such as 'expenses,' strongly suggests that [the statute's cost-shifting provision] was not meant to be an open-ended provision that makes participating States liable for all expenses incurred by prevailing [plaintiffs]"); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987) (holding that "costs" as defined in Federal Rule of Civil Procedure 54 are limited to those specified by statute).

Class counsel's failure to identify a rule or statute that would render Objector responsible for the administration costs is dispositive of the question whether a bond maybe required for these costs. Under *Azizian*, a bond cannot be imposed for costs that cannot be taxed against appellants if they lose on appeal, 499 F.3d at 959, and costs beyond those under Rule 39 cannot be taxed absent statutory authority. *Id.* at 958.

Class counsel cites other non-precedential district court opinion imposing bonds to cover settlement administration costs. *Plaintiff's Bond Motion*, page 10 and 11. Unsurprisingly, what class counsel does not mention are the many recent district court opinions hold that appeal bonds may *not* include settlement administration costs or delay damages. "Here, Plaintiffs have not cited an

applicable fee-shifting statute to justify inclusion of settlement administration costs in Simpson's appeal bond." *Low v. Trump U., LLC*, 310CV00940GPCWVG, 2017 WL 2655300, at *4 (S.D. Cal. June 19, 2017). "Following the rationale of *Azizian*, courts have declined to include delay costs and administration costs in the amount of an appeal bond in the absence of an applicable cost-shifting statute." *Lerma v. Schiff Nutrition Intl., Inc.*, 11CV1056-MDD, 2016 WL 773219, at *4 (S.D. Cal. Feb. 29, 2016).

Accordingly, because class counsel has not provided any basis for the imposition of a bond and administrative costs and improperly included additional motions they intend to file against Objector, counsel has offered no basis for imposition of a bond. The Court should deny the bond motion.

### III. The *Azizian* factors should not be considered.

In a case where a bond should be posted, district courts in the Ninth Circuit consider: (1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay the appellees' costs if the appeal loses; and (3) the merits of the appeal. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 961 (9th Cir. 2007).

Here, this *Azizian* analysis does not apply because Plaintiffs have not identified any applicable fee-shifting statute, and they have not requested any "costs" more than a few hundred dollars that are available under Fed. R. App. P. 39(e). If Plaintiffs had requested an amount that is allowable under the statute, then Objection would find it appropriate to address each factor. However, as the vast amount of the sum requested by Plaintiffs are administrative expenses which are not allowable expenses under statute and the remaining amount of supposed costs are to pay for frivolous and unnecessary motions against Objector, then the Court should not consider the *Azizian* factors.

<mark>Case 4:14-md-02541-CW   Document 795   Filed 02/12/18   Page 10 of 11</mark>

**IV.     The requested bond is being used for an improper purpose.**

Class counsel has spent many pages of its brief inappropriately attacking both Objector and his attorney. Class counsel has huge financial incentive to discourage an appeal as they will not get paid until the settlement is final.

Not only should the bond motion be rejected on the merits for the reasons explained above, but this Court should reject the improper use of a Rule 7 bond to deter appeals: "Allowing districts court to impose high Rule 7 bonds where the appeals *might* be found frivolous risks impermissibly encumbering appellants' right to appeal[.]" *Azizian*, 499 F.3d at 961 (citation, internal quotation marks, and source's alteration marks omitted); *accord In re Am. President Lines, Inc.*, 779 F.2d 714, 718 (D.C. Cir. 1985) ("While, in the federal scheme, appeals found to be frivolous cannot command judicial respect, those possessing merit are normally a matter of right. Courts accordingly must be wary of orders, even those well-meaning, that might impermissibly encumber that right." (footnotes omitted)); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974) ("[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated."); *see also Vaughn v American Honda Motor*, 507 F.3d 295, 300 (5th Cir. 2007) (cautioning that "imposing too great a burden on an objector's right to appeal may discourage meritorious appeals or tend to insulate a district court's judgment in approving a class settlement from appellate review" (footnote omitted)).

The availability of an appeal is particularly important for class action objectors, who play a crucial role in the settlement process by speaking for absent class members and ensuring adversarial presentation of issues. "Objectors provide a critically valuable service of providing knowledge from a different point of view [from that of the settling parties.]" *Lane v. Facebook, Inc.*, 696 F.3d 811, 830 (9th Cir. 2012) (Kleinfield, J., dissenting); *see also Reynolds v. Beneficial Nat'l Bank*,

6.

288 F.3d 277, 288 (7th Cir. 2002) (Posner, J.) ("It is desirable to have as broad a range of participants in the fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally.").

In short, Objector raised valid objections at the fairness hearing and is entitled to pursue those objections to their logical conclusion, which includes the right to appeal and to have the appeal heard, without the threat of having to cover supposed costs that are not covered by rule or statute by lawyers whose agendas are not necessarily in the best interests of the class members.

The use of appeal bonds to chill the pursuit of legitimate, good-faith appeals is a practice that this Court should emphatically discourage.

## CONCLUSION

For the foregoing reasons, the motion to impose an appeal bond should be denied.

Dated: February 12, 2018

Respectfully submitted,
*/s/ Caroline Tucker*
Caroline Tucker, Esq.
Tucker | Pollard
2102 Business Center Dr., Suite 130
Irvine, CA 92612
Office 949-253-5710
Fax 949-269-6401
ctucker@tuckerpollard.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was filed electronically via CM/ECF on the February 12, 2018 and served by the same means on all counsel of record.

*/s/ Caroline Tucker*
Caroline Tucker, Esq.

7.