Steve W. Berman (*Pro hac vice*)
Craig R. Spiegel (SBN 122000)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
craig@hbsslaw.com

Bruce L. Simon (SBN 96241)
Benjamin E. Shiftan (SBN 265767)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
bsimon@pswlaw.com
bshiftan@pswlaw.com

*Class Counsel for Jenkins and Consolidated Action Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS EXCEPT<br><br>*Jenkins v. Nat'l Collegiate Athletic Ass'n*<br>Case No. 14-cv-0278-CW | Case No. 4:14-md-02541-CW<br><br>**DECLARATION OF CHRISTOPHER A. O'HARA IN SUPPORT OF CLASS PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BOND AGAINST OBJECTOR APPELLANT**<br><br>COMPLAINT FILED: March 5, 2014 |

010271-11 1016311 V1

1   I, CHRISTOPHER A. O'HARA, declare as follows:

2   1.   I am a member in good standing of the State Bars of Washington and Arizona. I am a partner at Hagens Berman Sobol Shapiro LLP, Lead Counsel in the above captioned case. I make this declaration of my own personal knowledge, and, if called upon to do so, could and would testify competently to the facts that it contains.

3   2.   I submit this declaration to detail my experience in fielding and responding to Class Members' numerous inquiries regarding the settlement of this matter and more specifically, the timing of receiving settlement checks, as well as inquiries about the appeal by Class Member, Darrin Duncan.

4   3.   At Hagens Berman I am in charge of overseeing class notice and claims administration and am involved in this capapcity in most of the firm's class action settlements. In this capacity I have a role in corresponding with Class Members and answering Class Member inquiries about the settlements. For the instant settlement of the NCAA Grant-In-Aid ("GIA") Cap Antitrust Litigation, I have been the primary point of contact for our firm in communicating with Class Members regarding the settlement. In my experience, the GIA Class has been one of the most engaged Classes with which I have ever worked. Throughout the course of the settlement, I have heard over one thousand Class Members, asking questions about the settlement process and progress. Given the size of the estimated individual recoveries, Class Members have especially shown great interest in learning when they could expect to receive their settlement checks.[1]

5   4.   Prior to Mr. Duncan filing his Notice of Appeal, the Home page of the settlement website (found at http://www.grantinaidsettlement.com/) had indicated that the Settlement Administrator expected to beging mailing settlement checks to eligible Class Members beginning in February 2018. Following Mr. Duncan's Notice of Appeal, the Home page of the website was revised with the following update:

> On December 6, 2017, the Court entered an Order granting Final Approval for the Settlement. Unfortunately, there was one objector to the Settlement who has filed an appeal from the Final Approval Order,

---

[1] The Settlement Administrator estimates that the average check for a Class Member who is eligible for a recovery over 4 years is nearly $6,000.00.

which means distributions to Class Members cannot begin until that appeal is resolved. It is now in the hands of the <u>U.S. Court of Appeals for the Ninth Circuit</u>. We are working hard to resolve the appeal as quickly as possible so we can get distributions to all eligible Class Members, but at this time there is no estimate as to how long the resolution of the appeal may take. We do apologize for the delay and truly appreciate your patience with this process. We will keep you informed of new updates as we know them.

5. Throughout January of this year, and especially as we've moved into February, the level of inquiries from Class Members regarding the exact timing of the check mailing has grown tremendously. Over the past month or so, I estimate that I have heard from an average of approximately 8 to 12 Class Members per day, either asking if there was an update on when the check mailing would begin or indicating that they had heard about the appeal and asking how long the appeal would take to resolve. My response to Class Members, either in emails or over the phone, has typically included information that (1) the check mailing cannot begin until the appeal is resolved and that (2) the appellate process can be slow and unpredictable, making it difficult to estimate how long the resolution of the appeal may take, and that (3) it could take anywhere from a few months to a year and a half or more to resolve.

6. The response from Class Members to this information has been extremely negative, with many dozens of Class Members expressing frustration and disappointment with the delay in receiving their settlement checks. Many Class Members have asked what the objection and appeal are about and for those who have asked, I have told them that the primary objection is a claim that Class Counsel are taking too much out of the settlement in attorneys' fees. I have not a heard a single Class Member express support for this view, even after I tell them how much the Court awarded in fees. In fact, quite to the contrary, most Class Members readily express their thanks and gratitude for the work of our firm in securing the results of the settlement.

7. As examples, attached as Exhibits 1 through 6 are true and correct copies of email exchanges I have had with Class Members over the past few weeks, in which these Class Members express frustration and disappointment with the delay caused by the appeal. Certain identifying information has been redacted from these emails to protect the privacy of these Class Members.

1  I declare, under penalty of perjury of the laws of the United States, that the foregoing is true
2  and correct to the best of my knowledge.
3  Executed this 21st day of February 2018, at Seattle, WA.

_____
CHRISTOPHER A. O'HARA