IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case Nos. 14-md-02541-CW<br>14-cv-02758-CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL<br><br>(Dkt. Nos. 654, 655, 702, 713, 749) |

Now pending are five administrative motions for leave to file under seal various documents and information submitted in connection with the motions for summary judgment and to exclude proposed expert testimony. The parties and non-parties that designated the information as confidential ("designating parties") have filed, in the public record, declarations in support of the motions to seal. See Civil L.R. 79-5(e), (e)(1). For the following reasons, the Court grants in part and denies in part the motions for leave to file under seal.

A party seeking to file documents under seal must establish that the documents, "or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" and must narrowly tailor the request "to seek sealing only of sealable material." Civil L.R. 79-5(b). In considering sealing requests, "a strong presumption in favor of access is the starting point." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)(internal quotation marks omitted). Parties seeking to seal documents relating to dispositive motions bear the burden of articulating "compelling

reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." Id. at 1178-79 (internal quotation marks and citations omitted). "What constitutes a compelling reason is best left to the sound discretion of the trial court." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (internal quotation marks and citations omitted). The Court "must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Kamekana, 447 F.3d at 1179 (internal quotation marks and alterations omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. Nor will the moving party's reference to a "stipulation or protective order that allows a party to designate certain documents as confidential." Civil L.R. 79-5(d)(1)(A).

In general, the parties and nonparties seeking to maintain documents under seal in connection with the filed motions have shown compelling reasons to seal some of the terms of media agreements and other confidential contracts and financial information. Additionally, much of this information is only tangentially relevant to the dispositive motions. There are, however, a few exceptions. Accordingly, the Court rules as follows.

1. The designating parties did not file declarations in support of sealing all material originally included in the

motions to seal (and redacted from public filings) by the moving parties.  The Court denies the motions to seal with respect to all information for which no declaration in support of sealing was provided.

2. In some declarations and briefs in support of sealing, the designating parties publicly identified the existence of a contract, the name of the contract, or the parties to the contract.  Where information has been publicly disclosed, the Court denies leave to seal that public information, although the portions of the contracts that remain confidential may be filed under seal.

3. Defendant The Big 12 Conference, Inc., seeks to maintain under seal one portion of the deposition testimony of Gregory L. Fenves that does not contain any confidential information.  See Fenves Depo. at 38:21-39:1; Pls. Opp. to Defs. MSJ, at 37:24-28 (quoting same); Kessler Decl. in Opp. to Defs. MSJ ¶ 8 (referring to same).  The Court denies the motion to seal this information.  The Court likewise denies the motion to seal the Bates Number of a document produced by The Big 12 that is referred to in Plaintiffs' opposition brief.  Pls. Opp. to Defs. MSJ, at 24:16-17.  The Court grants the motion to seal the remainder of the information that The Big 12 seeks to maintain under seal, for which it has shown compelling reasons.

4. The Court grants the remainder of all pending motions to seal.  The Court does not rule at this time on whether any of the sealed materials may remain under seal if introduced at trial.

5. Within seven days after the filing of this order, the

3

1 moving parties shall file the following versions of all documents
2 for which any portion of the motion to seal was denied:
3 (1) public copies redacting only the material for which the
4 designating party filed a declaration in support of sealing and
5 this Court granted the motion to file under seal; and (2) revised
6 sealed copies, with highlighting showing the revised redactions.
7 The moving parties need not re-file documents for which the scope
8 of the material filed under seal has not changed from that
9 requested in the motion for leave to file under seal.

10     For the foregoing reasons, the Court grants in part and
11 denies in part the motions for leave to file under seal (Docket
12 Nos. 654, 655, 702, 713, 749).
13     IT IS SO ORDERED.

15 Dated: March 30, 2018

CLAUDIA WILKEN
United States District Judge

4