IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION _____/ THIS DOCUMENT RELATES TO: ALL ACTIONS EXCEPT No. 14-cv-002758 CW _____/ | No. 14-md-02541 CW ORDER GRANTING IN PART CLASS PLAINTIFFS' MOTION FOR IMPOSITION OF APPEAL BOND (Dkt. No. 790) |

On December 6, 2017, this Court granted final approval of the class action settlements in the above-captioned cases and entered judgment. The Court also granted Plaintiffs and class counsels' motion for attorneys' fees, expenses, and service awards. On January 3, 2018, Objector Darrin Duncan filed a notice of appeal of both orders. Class Plaintiffs have now filed a motion pursuant to Federal Rule of Appellate Procedure 7 for an order requiring Objectors to post an appeal bond in the amount of $78,893.80. Defendants National Collegiate Athletic Association (NCAA), the Atlantic Coast Conference, the Big Ten Conference, Inc., the Big 12 Conference, Inc., Pac-12 Conference, Southeastern Conference, American Athletic Conference, Conference USA, Inc., Mid-American Conference, Mountain West Conference, Sun Belt Conference, and Western Athletic Conference all join in the motion. Objector Duncan filed an opposition and Class Plaintiffs filed a reply. Having considered the papers filed by the parties, the Court

GRANTS Plaintiffs' motion in part and orders Objector Duncan to file an appellate cost bond, as described below.

DISCUSSION

I.  Whether to Require a Bond

Federal Rule of Appellate Procedure 7 provides that, in a civil case, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  In determining whether to require an appeal bond, courts in this district have identified three relevant factors: "(1) appellant's financial ability to post bond; (2) the risk that appellant would not pay the costs if the appeal loses; and (3) an assessment of the likelihood that appellant will lose the appeal and be subject to costs."  Schulken v. Washington Mut. Bank, 2013 WL 1345716, at *4 (N.D. Cal.).

In O'Bannon v. NCAA, Objector Duncan also objected to the settlement and filed an appeal, and the Court granted a similar motion for an order requiring Objector Duncan to post an appeal bond.  Case No. 09-cv-3329, Docket No. 442.  Much of the same analysis applies to the present motion, filed three years later.  On the first factor, the Court finds that Objector Duncan has the financial ability to post an appeal bond, especially considering that he was able to do so three years ago.  See Case No. 09-cv-3329, Docket No. 443.  He does not represent that he is unable.  This weighs in favor of ordering an appeal bond.  The second factor is neutral and weighs neither in favor nor against ordering an appeal bond.  See Case No. 09-cv-3329, Docket No. 442 at 8.  On the third factor, the Court finds that the merits of Objector Duncan's appeal weighs in favor of requiring a bond.  As in

2

O'Bannon, Objector Duncan's objections are meritless and thus his appeal is unlikely to succeed. See id. at 8; Docket Nos. 745 at 18, 746 at 10. Accordingly, the Court finds that an appeal bond is appropriate.

II. Amount of Bond

Class Plaintiffs seek a total of $78,893.80, consisting of (1) $5,000 in direct costs related to the appeal, (2) $48,453.80 in anticipated administrative costs associated with delay caused by the appeals, and (3) $25,440 in costs related to providing supplemental notice to the class.

As the Court noted in O'Bannon, "Azizian made clear that only those expenses expressly defined as 'costs' by a fee-shifting statute are 'costs on appeal' for purposes of Rule 7." Id. at 6 (citing Azizian v. Federated Dep't Stores, Inc., 499 F.3d 950, 958 (9th Cir. 2007) ("We . . . hold that the term 'costs on appeal' in Rule 7 includes all expenses defined as 'costs' by an applicable fee-shifting statute, including attorney's fees."). Contrary to Class Plaintiffs' assertion, Family PAC v. Ferguson, 745 F.3d 1261 (9th Cir. 2014), does not hold otherwise. Class Plaintiffs do not identify any statute defining anticipated administrative costs associated with delay caused by the appeals and costs related to providing supplemental notice to the class as "costs." See Case No. 09-cv-3329, Docket No. 442 at 6. Thus, the Court will require a bond of $5,000, which is a reasonable estimate of Class Plaintiffs' costs on appeal.

## CONCLUSION

For the foregoing reasons, the Court GRANTS in part Class Plaintiffs' motion to require Objectors to post an appellate cost

3

1 bond as a condition of prosecuting their appeals (Docket No. 790).
2 The Court hereby imposes, pursuant to Appellate Rule 7, a bond
3 requirement in the amount of $5,000 on Objector Duncan.  No later
4 than ten days from the date of this order, Objector Duncan must
5 file with the Court and serve on Appellees either proof of
6 satisfaction of the bond requirement or proof of withdrawal of his
7 appeal.

Dated: June 15, 2018



CLAUDIA WILKEN
United States District Judge