Steve W. Berman (*Pro hac vice*)
Craig R. Spiegel (SBN 122000)
Emilee Sisco (*Pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
*steve@hbsslaw.com*
*craig@hbsslaw.com*
*emilees@hbsslaw.com*

Bruce L. Simon (SBN 96241)
Benjamin E. Shiftan (SBN 265767)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone:  (415) 433-9000
Facsimile:   (415) 433-9008
*bsimon@pswlaw.com*
*bshiftan@pswlaw.com*

*Class Counsel for Jenkins and Consolidated Action Plaintiffs*

Jeffrey L. Kessler (*Pro hac vice*)
David G. Feher (*Pro hac vice*)
David L. Greenspan (*Pro hac vice*)
Joseph A. Litman (*Pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*jkessler@winston.com*
*dfeher@winston.com*
*dgreenspan@winston.com*
*jlitman@winston.com*

Sean D. Meenan (SBN 260466)
Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
*smeenan@winston.com*
*jparsigian@winston.com*

*Class Counsel for Jenkins and Consolidated Action Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 4:14-md-02541-CW<br>Case No. 4:14-cv-02758-CW<br><br>PLAINTIFFS' MOTION TO COMPEL TESTIMONY OF AMY HUCHTHAUSEN<br><br>Date:  October 2, 2018<br>Time:  2:30 p.m.<br>Dept:  Courtroom 2, 4th Floor<br>Judge: Hon. Claudia Wilken<br>Complaint Filed:  March 5, 2014 |

010271-11 1058127 V1

On the eve of deposing defendants' trial witness Amy Huchthausen, Commissioner of the America East Conference, defendants cancelled the deposition, saying she would not be called at trial. For the reasons explained below, plaintiffs' motion seeks the Court to order Ms. Huchthausen to provide testimony during the trial by contemporaneous transmission (live video) from a different location pursuant to Federal Rule of Civil Procedure 43(a), as a witness called by plaintiffs. Alternatively, plaintiffs request the Court order the previously properly noticed deposition to proceed prior to the trial's completion.

## I.     FACTS

Ms. Huchthausen has made recent public statements that will directly contradict at least one of defendants' core claims at trial. Ms. Huchthausen appeared on a panel during the 12th annual MIT Sloan Sports Analytics Conference on February 23-24, 2018. The panel topic was "Life of the College Student Athlete" and is described as "explor[ing] the current state of amateurism in the United States as well as the intersection of interest between schools and their athletes from the perspective of both former players and administrators."[1] As the Commissioner of the America East Conference, Ms. Huchthausen represents the conference's member institutions concerning collegiate athletics. The member institutions in this "mid-major" conference include: Albany, Binghamton, Hartford, New Hampshire, UMass Lowell, Maine, Stony Brook, UMBC, and Vermont.

During the panel discussion, the moderator asked Ms. Huchthausen a direct question, targeting one of the fundamental issues in this case – what would be the impact of allowing revenue-generating athletes at power five schools to get paid? Ms. Huchthausen gave an extended, thoughtful answer. Plaintiffs submit the video of Ms. Huchthausen's full answer for the Court.[2] As the Court will see, Ms. Huchthausen never intimated that consumer demand would be adversely impacted whatsoever (for any school) or that "academic integration" would suffer in any way. In fact, Ms. Huchthausen said that for mid-major conferences like hers, things would not actually look much different.

---

[1] *See* Declaration of Jeff D. Friedman in Support of Plaintiffs' Motion to Compel Testimony of Amy Huchthasen (Friedman Decl.), Exhibit 1 (filed concurrently herewith).

[2] Friedman Decl., Exhibit 2.

PLAINTIFFS' MOTION TO COMPEL HUCHTHAUSEN
TESTIMONY  - 1
Case No.: 4:14-md-02541-CW
010271-11 1058127 V1

Also, critically, Ms. Huchthausen expressly contradicts defense witnesses' claims that if some schools elect to pay players, it would cause an adverse impact on other conferences whose schools chose not to pay student athletes. Rejecting one of defendants' key claims, Ms. Huchthausen explained that it could actually benefit schools with fewer resources if other schools with greater resources paid players. She explained that if power five autonomy level schools paid players, for example, it might "equalize some things from a competitive standpoint because they [the power five conference schools] won't be able to spend money on ten nutritionists because they're going to have to put some money, give some of that money to student athletes in this model." In other words, this potential change in compensation model, according to Ms. Huchthausen, at worst would have little or no impact on conferences such as hers.

It is unclear what triggered defendants' last minute cancellation of the deposition. For more than two months, defendants have represented that Ms. Huchthausen would testify at trial. On June 12, 2018, defendants disclosed Ms. Huchthausen on Defendants' Intended Live Witnesses list. ECF No. 841-2. And on July 3, 2018, the Court ordered defendants to make the witnesses at issue available for deposition, including Ms. Huchthausen, "to the extent that Defendants intend to offer the testimony of such witnesses at trial. Any such depositions shall be completed no later than August 24, 2018." ECF No. 864. Ten days after the Court's order compelling deposition testimony of defendants' intended trial witnesses, on July 13, 2018, defendants filed their witness list, once again ***re-affirming their intent*** to call Ms. Huchthausen at trial. ECF No. 915.

In the July 13, filing, defendants told the Court that Ms. Huchthausen was expected to testify about "the negative consequences that would occur in conferences like the America East Conference if nationally applicable rules were disallowed and rules were developed and enforced merely on a conference-by-conference or college-by-college basis." ECF No. 915 at 3-4.

Plaintiffs noticed Ms. Huchthausen's deposition to occur on the parties agreed-upon date of August 22, 2018, in New York, and prepared accordingly, including deciding to forego certain questions of other witnesses who were being deposed because Ms. Huchthausen would potentially be a better witness to answer certain questions for certain topics.

PLAINTIFFS' MOTION TO COMPEL HUCHTHAUSEN
TESTIMONY  - 2
Case No.: 4:14-md-02541-CW
010271-11 1058127 V1

1     But on Monday, August 20, at 5:00 p.m., less than two days before the scheduled deposition of Ms. Huchthausen, defense counsel sent an email which in part stated: "Defendants decline to state before the conclusion of the upcoming depositions whether the deponent will or will not testify at trial, but we will inform Plaintiffs promptly if a decision has definitively been made not to call any of the deponents. In that regard, Defendants have determined that they will not call Amy Huchthausen at trial. As a result, her deposition will not proceed this week." Plaintiffs immediately notified defense counsel that we wanted the deposition proceed as scheduled on August 22. But defendants refused. Accordingly, plaintiffs ask the Court for relief as more fully explained below.

## II.     ARGUMENT

**A.     Under Rule 43, Ms. Huchthausen should be ordered to provide live trial testimony from a location allowed by Rule 45**

**1.     Plaintiffs may call Ms. Huchthausen as a trial witness.**

Plaintiffs have the right to call Ms. Huchthausen as a witness at trial, even though defendants stated in the August 20 email "that they will not call Amy Huchthausen at trial." The 1993 advisory committee notes to Rule 26(a)(3)(A) explain that "[l]isting a witness does not obligate the party to secure the attendance of the person at trial, but should preclude the party from objecting if the person is called to testify by another party who did not list the person as a witness." Ms. Huchthausen is still listed as a witness by defendants, who have not moved this court for leave to remove her from their witness lists or to exclude her testimony. As a result, plaintiffs have the right to call her as a trial witness. *See Igbinovia v. Catholic Healthcare West*, No. 07-cv-01170-GMN-GWF, 2010 WL 5070881, at *5 (D. Nev. Dec. 7, 2010) ("[Plaintiff] will not be precluded from using Defendants' witness list. There is no prejudice to Defendants by allowing Plaintiff to call witnesses from Defendants' list because Defendants are aware of all the individuals listed and had the opportunity to depose witnesses on their list.") (citing 1993 advisory committee notes); *Mitchell v. Rosario*, No. 09-cv-03012-RCJ, 2015 WL 6437712, at *2 (E.D. Cal. Oct. 21, 2015) ("Plaintiff asks the Court to permit him to remove Kevin Fisher from his witness list. The Court grants the motion. Plaintiff has only asked to have Mr. Fisher removed from his own witness list and has not asked the Court to exclude his testimony. Defendants may still presumably call Mr. Fisher to testify.").

PLAINTIFFS' MOTION TO COMPEL HUCHTHAUSEN
TESTIMONY  - 3
Case No.: 4:14-md-02541-CW
010271-11 1058127 V1

**2.     This Court has the authority to order Ms. Huchthausen to provide live trial testimony from a remote location.**

Ms. Huchthausen should be compelled to provide live trial testimony by contemporaneous transmission. Rule 43 of the Federal Rules of Civil Procedure authorizes "testimony in open court by contemporaneous transmissions from a different location" for "good cause in compelling circumstances and with appropriate safeguards." Under Rule 45 of the Federal Rules of Civil Procedure, a person may be commanded to attend trial via contemporaneous transmission either:

> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person … (ii) is commanded to attend a trial and would not incur substantial expense.

The geographic restrictions of Rule 45 are intended to "prevent undue inconvenience to witnesses *not* to confer advantages on parties." *In re Washington Public Power Supply Sys. Sec. Litig.*, MDL No. 551, 1988 WL 525314, at *2 (W.D. Wash. Aug. 9, 1998) (citing 1980 advisory committee notes to Rule 45).

Good cause exists if a significant geographic distance separates the witness from the location of court proceedings such that the witness cannot be subpoenaed under Rule 45 to testify in person at trial. *See Beltran–Tirado v. Immigration and Naturalization Serv.*, 213 F.3d 1179, 1185 (9th Cir. 2000) ("We reject Beltran's claim that she was denied due process when the immigration judge permitted witness Wingbermuehle to testify telephonically at Beltran's deportation hearing. Wingbermuehle was a sworn, out-of-state witness, and her testimony was subject to cross-examination. We have previously upheld the admission of this form of testimony under Federal Rule 54of Civil Procedure 43(a)."); *Ever Win Int'l Corp. v. Prong, Inc.*, No. CV 15-6433 DMG (GJSx), 2017 WL 164063, at *1 (C.D. Cal. Jan. 6, 2017) (finding good cause for contemporaneous transmission under Rule 43 for two witnesses, one of whom lived overseas and the other in Massachusetts and explaining that "so long as [the witnesses] provide live testimony (albeit by videoconference) during trial, testify under oath, and are subject to cross-examination, appropriate

PLAINTIFFS' MOTION TO COMPEL HUCHTHAUSEN
TESTIMONY  - 4
Case No.: 4:14-md-02541-CW
010271-11 1058127 V1

safeguards exist"); *Warner v. Cate*, No. 12-cv-1146-LJO-MJS (PC), 2015 WL 4645019, at *2 (E.D. Cal. Aug. 4, 2015) (granting motion for contemporaneous transmission where witness residing in Texas could not be subpoenaed to testify at trial "because he lives out of state and more than 100 miles away").

Good cause exists here, because Ms. Huchthausen resides and works on the East Coast and is not subject to this Court's subpoena power to appear in person at trial. Moreover, defendants have taken last-minute steps to preclude plaintiffs from deposing her in New York, by listing her as a trial witness twice and then, only two days before her deposition, telling plaintiffs that they will not call her as a trial witness. Because plaintiffs have the right to call her as a trial witness and because defendants refused to produce her for a deposition, there is good cause for granting this motion.

**3.      In the alternative, Ms. Huchthausen should be compelled to provide deposition testimony.**

As an alternative to providing live testimony under Rule 43, Ms. Huchthausen should be compelled to provide deposition testimony prior to the end of trial. It could take place, for example, between the first and second week of trial in September. Defendants have attempted to preclude plaintiffs from taking her deposition by claiming two days before it was scheduled to occur that they will not call her at trial. Plaintiffs acknowledge that this Court's order authorizing her deposition granted plaintiffs' motion to compel "to the extent Defendants intend to offer the testimony of such witnesses at trial…." ECF No. 864. But that Order does not preclude plaintiffs from taking her deposition, because she is still listed on defendants' witness lists and defendants have not sought an order excluding her testimony, such that plaintiffs (as explained above) may call her as a trial witness. In fact, defendants listed her as a trial witness *after* this Court entered that Order. They should not be permitted to game the system and preclude relevant testimony and evidence by the expedient of claiming at the last minute that they will not call her at trial. Plaintiffs should be allowed either to present her testimony under Rule 43 or take her deposition, which could then be presented at trial.

### III.   CONCLUSION

Defendants should not be permitted to unilaterally exclude Ms. Huchthausen's testimony at trial by twice listing her as a trial witness, including *after* this Court granted plaintiffs' motion to compel her deposition, and then claiming only two days before her deposition that they will not call her as a trial witness. She is still listed as a trial witness by defendants, so that plaintiffs should be permitted to call her as a witness at trial under Rule 43, by contemporaneous transmission, or take her deposition, which may then be presented at trial.

DATED:  August 22, 2018

Respectfully submitted,

| | |
|---|---|
| HAGENS BERMAN SOBOL SHAPIRO LLP | WINSTON & STRAWN LLP |
| By   */s/ Steve W. Berman*<br>         STEVE W. BERMAN (*pro hac vice*) | By   */s/ Jeffrey L. Kessler*<br>         JEFFREY L. KESSLER (*pro hac vice*) |
| Craig R. Spiegel (SBN 122000)<br>Emilee Sisco (*pro hac vice*)<br>1918 Eighth Avenue, Suite 3300<br>Seattle, WA 98101<br>Telephone: (206) 623-7292<br>Facsimile:  (206) 623-0594<br>*steve@hbsslaw.com*<br>*craigs@hbsslaw.com*<br>*emilees@hbsslaw.com* | David G. Feher (*pro hac vice*)<br>David L. Greenspan (*pro hac vice*)<br>Joseph A. Litman (*pro hac vice*)<br>200 Park Avenue<br>New York, NY 10166-4193<br>Telephone: (212) 294-6700<br>Facsimile: (212) 294-4700<br>*jkessler@winston.com*<br>*dfeher@winston.com*<br>*dgreenspan@winston.com*<br>*jlitman@winston.com* |
| Jeff D. Friedman (SBN 173886)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>715 Hearst Avenue, Suite 202<br>Berkeley, CA 94710<br>Telephone: (510) 725-3000<br>Facsimile: (510) 725-3001<br>*jefff@hbsslaw.com* | Sean D. Meenan (SBN 260466)<br>Jeanifer E. Parsigian (SBN 289001)<br>WINSTON & STRAWN LLP<br>101 California Street<br>San Francisco, CA 94111<br>Telephone: (415) 591-1000<br>Facsimile: (415) 591-1400<br>*smeenan@winston.com*<br>*jparsigian@winston.com* |
| PEARSON, SIMON & WARSHAW, LLP<br><br>By   */s/ Bruce L. Simon*<br>         BRUCE L. SIMON (SBN 96241) | *Class Counsel for Jenkins and Consolidated Action Plaintiffs* |
| Benjamin E. Shiftan (SBN 265767)<br>44 Montgomery Street, Suite 2450<br>San Francisco, CA 94104<br>Telephone:  (415) 433-9000<br>Facsimile:  (415) 433-9008<br>*bsimon@pswlaw.com*<br>*bshiftan@pswlaw.com* | |
| *Class Counsel for Jenkins and Consolidated Action Plaintiffs* | |

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(I)(3)**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the signatories above.

By: */s/ Steve W. Berman*

PLAINTIFFS' MOTION TO COMPEL HUCHTHAUSEN
TESTIMONY  - 8
Case No.: 4:14-md-02541-CW
010271-11 1058127 V1