IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | No. 14-md-02541 CW |
| THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO RESTRICT THE USE OF CERTAIN INFORMATION AT TRIAL<br><br>(Dkt. Nos. 1001, 1006, 1007, 1012, 1013) |

Now pending are administrative motions by Defendants and various non-parties[1] (collectively, the moving parties) to restrict the use at trial of certain information designated as "Network Strictly Confidential" under the Stipulated Protective Order and related Addenda entered in this case, Docket Numbers 189, 234, 512, 539.  Specifically, the moving parties request that the Court order (1) the parties and witnesses to refrain from referring to sealable information or displaying any sealable information during trial; (2) the redaction of sealable information from trial exhibits.  The moving parties describe sealable information as the financial terms of media agreements, the duration of media agreements, and in general, information that was designated as Network Strictly Confidential.

---

[1] The non-parties are Fox, CBS, ESPN/ABC, Atlantic Coast Conference, and TBS.

1   Defendants also request that the Court enter an order that, in the event that Network Strictly Confidential information is revealed at trial by any witness, defense counsel shall not be barred from participating in future negotiations of any agreement with a Network Intervenor as described in Paragraph 7(a) of the Second Addendum to the Stipulated Protective Order, Docket No. 512.  Docket No. 1001 at 3-4.

Plaintiffs oppose the motion, arguing that the moving parties have not met their burden to show that the information at issue warrants sealing at trial, and that they would be prejudiced if their use of the information at issue during trial is unreasonably restricted.  Alternatively, Plaintiffs request, in the event that the Court finds that the sealing of some information is appropriate, that the Court limit the sealing to information that Magistrate Judge Cousins ordered to be sealed in pretrial filings, and that the Court exclude from any sealing order any information that has been publicly disclosed.

The motions are GRANTED IN PART AND DENIED IN PART.  The moving parties have shown compelling reasons under Kamakana v. City & County of Honolulu, 447 F.3d 1172 (9th Cir. 2006) to seal and restrict the use at trial of the specific dollar amounts mentioned in media agreements that have not otherwise been publicly disclosed.  Accordingly, the parties and witnesses shall refrain from referring to or displaying such non-public dollar amounts at trial, and shall redact such non-public dollar amounts from any trial exhibits.  The moving parties have not established compelling reasons to seal or restrict the use of any other information at trial.

2

Defendants' request to exempt their counsel from the provisions of Paragraph 7(a) of the Second Addendum to the Stipulated Protective Order is DENIED.  Defendants may seek to modify the terms of the Stipulated Protective Order and any of its Addenda via a new stipulation signed by all parties and non-parties who are signatories to the operative versions of these agreements.

IT IS SO ORDERED.

Dated: August 31, 2018

CLAUDIA WILKEN
United States District Judge

3