IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | No. 14-md-02541 CW<br><br>PERMANENT INJUNCTION |

The Court, having considered the evidence presented at the bench trial in this matter and consistent with its findings of fact and conclusions of law, hereby orders as follows:

1. Defendant National Collegiate Athletic Association, and its officers, agents, servants, employees, and any person in active concert or participation with them, including its member schools and conferences, who receive actual notice of this Order by personal service or otherwise (hereinafter, the NCAA), are hereby permanently restrained and enjoined from agreeing to fix or limit compensation or benefits related to education that may be made available from conferences or schools to Division I women's and men's basketball and FBS football student-athletes on top of a grant-in-aid.

2. The compensation and benefits related to education provided on top of a grant-in-aid that the NCAA may not agree to fix or limit pursuant to paragraph 1 of this Order are the

|   |   |
|---|---|
| 1 | following: computers, science equipment, musical instruments and other tangible items not included in the cost of attendance calculation but nonetheless related to the pursuit of academic studies; post-eligibility scholarships to complete undergraduate or graduate degrees at any school; scholarships to attend vocational school; tutoring; expenses related to studying abroad that are not included in the cost of attendance calculation; and paid post-eligibility internships. |
| 3. | The list of compensation and benefits related to education listed in paragraph 2 may be amended, at any time, on motion of any party. |
| 4. | Notwithstanding the foregoing paragraphs, the NCAA may adopt, enact, or agree to, now or in the future, a definition of compensation and benefits that are "related to education" for the purpose of complying with this injunction.  If the NCAA chooses to adopt, enact, or agree to any such definition, the NCAA may move to amend this injunction to incorporate that definition.  Additionally, notwithstanding the foregoing paragraphs, the NCAA may adopt, enact, or agree to, now or in the future, any constitutional provision, bylaw, rule, regulation, interpretation, or policy that regulates how conferences or schools provide education-related compensation and benefits to Division I women's and men's basketball and FBS football student-athletes on top of a grant-in-aid. |
| 5. | Notwithstanding the foregoing paragraphs, the NCAA may agree, now or in the future, to fix or limit academic or graduation awards or incentives that may be made available from |

conferences or schools to Division I women's and men's basketball and FBS football student-athletes on top of a grant-in-aid. Any limit adopted, enacted, or agreed to by the NCAA under this paragraph shall not, at any time, be less than the maximum amount of compensation that an individual student-athlete could receive in an academic school year in participation, championship, or special achievement awards (combined) under Division I Bylaw, Article 16, and listed in Figures 16-1, 16-2, and 16-3 of the 2018-2019 Division I Manual (hereinafter, the athletics participation awards limit). Any limit adopted, enacted, or agreed to by the NCAA under this paragraph shall be increased in the event that the athletics participation awards limit is increased, to ensure that the limit on academic achievement or graduation awards or incentives is never less than the athletics participation awards limit.

6. Notwithstanding the foregoing paragraphs, any NCAA member conference may, individually, fix or limit compensation or benefits related to education that may be made available from that conference or its member schools to Division I women's and men's basketball and FBS football student-athletes on top of a grant-in-aid. No limit set under this paragraph shall be set pursuant to an agreement with any other conference.

7. Notwithstanding the foregoing paragraphs, any NCAA member conference may, individually, fix or limit academic or graduation awards or incentives that may be made available from that conference or its member schools to Division I women's and men's basketball and FBS football student-

3

athletes on top of a grant-in-aid. No limit set under this paragraph shall be set pursuant to an agreement with any other conference.

8. Any party may seek modification of this Order, at any time, by written motion and for good cause based on changed circumstances or otherwise.

9. The Court will retain jurisdiction over the enforcement and amendment of the injunction. If any part of this Order is violated by any party named herein or any other person, Plaintiffs may, by motion with notice to the attorneys for Defendants, apply for sanctions or other relief that may be appropriate.

10. The injunction will take effect in ninety days but will be stayed pending the issuance of a mandate if a notice of appeal is timely filed.

IT IS SO ORDERED.

Dated: March 8, 2019

_____
CLAUDIA WILKEN
United States District Judge

4