Steve W. Berman (*pro hac vice*)
Craig R. Spiegel (SBN 122000)
Emilee N. Sisco (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
*steveb@hbsslaw.com*
*craigs@hbsslaw.com*
*emilees@hbsslaw.com*

Jeff D. Friedman (SBN 173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
*jefff@hbsslaw.com*

Bruce L. Simon (SBN 96241)
Benjamin E. Shiftan (SBN 265767)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
*bsimon@pswlaw.com*
*bshiftan@pswlaw.com*

*Class Counsel for Jenkins and Consolidated Action Plaintiffs*

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Joseph A. Litman (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*jkessler@winston.com*
*dfeher@winston.com*
*dgreenspan@winston.com*
*jlitman@winston.com*

Sean D. Meenan (SBN 260466)
Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
*smeenan@winston.com*
*jparsigian@winston.com*

*Class Counsel for Jenkins and Consolidated Action Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION | Case No. 4:14-md-2541-CW<br><br>**DECLARATION OF BRUCE L. SIMON IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |
| This Document Relates to:<br><br>ALL ACTIONS EXCEPT<br>*Jenkins v. Nat'l Collegiate Athletic Ass'n*,<br>Case No. 14-cv-02758-CW | DATE:          April 30, 2019<br>TIME:           2:30 p.m.<br>COURTROOM:  Courtroom 6, 2nd Floor |

I, Bruce L. Simon, hereby declare as follows:

1.      I am a partner in the law firm of Pearson, Simon & Warshaw, LLP ("PSW"), co-counsel of record for Plaintiffs.  I am admitted to practice before this Court, and I am a member in good standing of the bar of the State of California.

2.      I am one of the attorneys principally responsible for the handling of this matter and served as PSW's lead trial counsel.  Based on personal knowledge or discussions with co-counsel, I could and would competently testify to the matters stated herein.

3.      On August 22, 2014, this Court reaffirmed its prior June 18, 2014 appointment of PSW as interim co-lead class counsel. ECF No. 82.

4.      On December 4, 2015, this Court appointed PSW as co-lead counsel for the injunctive relief classes in this litigation. ECF No. 305.

5.      On February 16, 2016, I submitted a declaration in support of the damages class certification motion, in which I discussed the credentials and experience of my firm. ECF No. 349. An updated copy of my firm's resume is attached as **Exhibit A**.

## THE DAMAGES SETTLEMENT AND MY DECLARATIONS FOR FEES PERTAINING TO THAT SETTLEMENT

6.      As the Court is aware, the subset of plaintiffs pursuing damages claims ("the Damages Plaintiffs") settled the damages part of the case against Defendants[1] for $208,664,445.

7.      On September 6, 2017, counsel for the Damages Plaintiffs filed a motion for fees, expenses, and service awards in connection with the damages settlement.  ECF No. 688.  On September 6, 2017 and September 12, 2017, I submitted declarations in support of that motion. ECF Nos. 690 and 698.

8.      Those two declarations explained in detail the substantial work that my firm performed that was attributable to the damages portion of this litigation.  Such work included:

---

[1] Defendants in this case include: (1) National Collegiate Athletic Association ("NCAA"), (2) The Pac-12 Conference, (3) The Big Ten Conference, Inc., (4) The Big 12 Conference, Inc., (5) The Southeastern Conference, (6) The Atlantic Coast Conference, (7) American Athletic Conference, (8) Conference USA, Inc., (9) Mid-American Conference, (10) Mountain West Conference, (11) The Sun Belt Conference, and (12) The Western Athletic Conference.

- **Pre-Filing Investigation and Work-Up**.  For example, PSW performed substantial work leading up to filing the first-filed case in this MDL, *Alston v. NCAA, et al.*, Case No. 14-cv-01011-CW (N.D. Cal.), including (1) retaining and consulting with experienced economic consultants, (2) researching the relationships between the NCAA and its conferences, (3) researching the NCAA and Conference Defendants' positions regarding the issues of "competitive balance" and "amateurism," and (4) reviewing the NCAA's IRS Form 990 filings.

- **Major Motion Practice**.  For example, my firm was heavily involved in drafting the motion for class certification under Rule 23(b)(3).

- **Taking Numerous Depositions**.  For example, my firm took 30(b)(6) depositions of five of the eleven Conference Defendants (The Southeastern Conference, The Atlantic Coast Conference, The Western Athletic Conference, Mountain West Conference, and American Athletic Conference).

9.      As only the damages portion of this case had settled at the time of my prior fee declarations, my firm ***did not*** include fees or expenses that were exclusively associated with the injunctive relief portion of the case. *See* ECF No. 690 at ¶¶ 33-37, 41-43.

## PSW HAS PERFORMED SUBSTANTIAL WORK ON BEHALF OF THE INJUNCTIVE RELIEF CLASSES IN THIS MATTER

10.      My firm has taken an integral role in prosecuting this litigation and has worked hand in hand with co-counsel Hagens Berman Sobol Shapiro LLP ("HB") and Winston & Strawn LLP ("WS") (collectively "Co-Lead Counsel").  I was Co-Lead Trial Counsel along with Steve Berman and Jeffrey Kessler.

11.      Plaintiffs' counsel are seeking to recover reasonable attorneys' fees and costs for the work they have performed on behalf of the injunctive relief classes.  The purpose of this declaration is to discuss the work performed by counsel, and the fees and expenses that my firm incurred that are attributable to the injunctive relief portion of the case.

12.      PSW has been involved in most aspects of this class action lawsuit since its inception.  Categories of work that PSW performed in connection with the injunctive relief action

1   are described in greater detail below.

2          **Injunctive Relief Class Certification Motion**

3         13.     PSW played a prominent role in connection with the prevailing motion to certify

4   the injunctive classes.

5         14.     PSW devoted considerable resources to the briefing process.  For example, on the

6   reply brief, PSW took the lead in responding to Defendants' argument that named plaintiffs lacked

7   standing.  PSW also played a prominent role in writing the post-hearing brief answering the

8   Court's question on whether the Ninth Circuit's *O'Bannon* ruling (which was issued the day

9   before the class certification hearing) impacted the injunctive relief class certification motion.

10        15.     Moreover, PSW performed substantial work in connection with the expert

11   witnesses that both sides proffered at class certification.  PSW worked closely with HB and

12   Plaintiffs' expert Dr. Daniel Rascher, assisting with the preparation of his expert report in support

13   of Plaintiffs' class certification motion and helping prepare him for deposition.  In addition, PSW

14   assisted with preparation for taking the deposition of Defendants' class certification expert

15   witness, Janusz Ordover.

16        16.     Furthermore, PSW played an instrumental role in preparing injunctive relief class

17   representative Justine Hartman for deposition.

18        17.     After the Court certified the injunctive relief classes, Defendants sought

19   interlocutory relief from the Ninth Circuit Court of Appeals and filed a petition for permission to

20   appeal the certification ruling pursuant to Federal Rule of Civil Procedure 23(f).  As part of their

21   petition, Defendants argued that named plaintiffs' claims were moot.  PSW took the lead in

22   responding to this argument, and the Ninth Circuit denied Defendants' request for interlocutory

23   appeal.

24          **Motion Practice**

25        18.     PSW has played a prominent role in most major briefing in the case.

26        19.     For example, PSW played a critical role in connection with the voluminous

27   summary judgment briefing.  In particular, PSW took the lead in establishing that Defendants had

28   abandoned all purported procompetitive justifications except for their ultimate trial defenses of

1   "amateurism" and "integration."

2   **Expert Work**

3   20.   PSW attorneys played a crucial role in working with Plaintiffs' experts on the

4   preparation of the expert reports.

5   21.   For example, PSW worked closely with WS and Plaintiffs' rebuttal expert

6   economist, Dr. Roger Noll.  PSW consulted with and assisted Dr. Noll in the preparation of his

7   rebuttal report, prepared Dr. Noll for his deposition along with WS, and helped defend his

8   deposition with Jeffrey Kessler.

9   22.   Similarly, PSW and HB assisted Dr. Rascher with the preparation of his reply

10   merits report.

11   23.   Regarding Defendants' merits experts, PSW took the lead in analyzing the expert

12   reports of Dr. James Heckman—Defendants' primary expert witness on the topic of "integration."

13   PSW deposed Dr. Heckman—a marathon deposition in which Dr. Heckman repeatedly refused to

14   answer the questions posed—and drafted the briefing on Plaintiffs' motion to exclude his

15   testimony.

16   24.   In addition, after Dr. Elzinga's opening expert report referenced notes from his

17   "interviews" of various university officials, PSW argued the motion to compel depositions of the

18   "interviewees."  After the motion was granted with limitations (*see* ECF No. 623), PSW deposed

19   the President of Wake Forest University, Dr. Nathan Hatch.

20   **Pre-Trial**

21   25.   In the months preceding trial, PSW attorneys undertook the enormous task of

22   preparing Plaintiffs' case for trial.  The pretrial process was intensified by an expedited schedule

23   set to accommodate defense counsel after they represented that calendar conflicts necessitated that

24   any trial held in 2018—which was necessary to provide relief to Class Members from ongoing

25   harm—begin as soon as practicable rather than in December as the Court initially ordered.

26   26.   PSW worked on a wide range of complex pretrial tasks, including the following:

27   *Trial Exhibits*

28   27.   PSW attorneys and co-counsel analyzed the voluminous documentary record (more

4

1  than 680,000 total documents spanning *more than six million pages*) in order to identify the most

2  pertinent documents to include on Plaintiffs' exhibit list for trial.

3       28.    I personally took a large role in laborious meet and confer negotiations regarding

4  the various iterations of Defendants' exhibit lists and the multiple admissibility issues concerning

5  most of those documents.

6       29.    Defendants sent Plaintiffs multiple drafts of their oversized exhibit list.  First,

7  Defendants sent a draft containing 1,024 exhibits.  They then supplemented that initial draft with a

8  version featuring 1,067 exhibits.  Defense counsel then followed up with an exhibit list featuring

9  446 exhibits, then a list featuring 548 exhibits, and then yet another list featuring 565 exhibits.  In

10  the end, Defendants finally submitted 622 exhibits for trial.

11       30.    Plaintiffs, in contrast, diligently sifted through the sprawling record in order to

12  come up with the 285 best exhibits that it filed with the Court.  PSW worked on reviewing

13  Defendants' exhibits and helping to cull Plaintiffs' exhibits.

14  *Deposition Designations*

15       31.    PSW took the lead role in managing the large deposition designations project.

16       32.    The work on the deposition designations project began by reviewing approximately

17  sixty deposition transcripts (which included over ten thousand pages of deposition testimony) and

18  selecting the testimony that Plaintiffs wanted to introduce into the trial record.

19       33.    After the parties exchanged their initial affirmative designations, the parties

20  reviewed each of the depositions that were affirmatively designated by the other side and

21  exchanged counter designations, as well as evidentiary objections to both affirmative designations

22  and counter designations.  This particular subset of deposition testimony was approximately 2,800

23  pages.

24       34.    The parties held meet and confers regarding each of the depositions that Plaintiffs

25  or Defendants had designated.  As the firm responsible for the deposition designations project,

26  PSW attorneys engaged in numerous meet and confer calls (approximately ten different calls)

27  regarding the deposition designations.

28       35.    PSW was also responsible for assembling the final deposition designations to be

submitted to the Court.  This included a variety of labor-intensive projects, including going through the deposition transcripts and highlighting the testimony with a specific color code for each designation type (*i.e.*, Plaintiffs' affirmative designations, Defendants' affirmative designations, Plaintiffs' counter designations, and Defendants' counter designations), inserting text boxes next to each designation containing the parties' evidentiary objections, redacting/removing undesignated testimony, redacting testimony that needed to be sealed pursuant to the protective order, and removing pages of the deposition transcripts that contained no designations.

36.     PSW was also responsible for updating the deposition designations once the parties received rulings from the Court on the parties' objections.  This process included removing the objection boxes on the PDF files of the deposition designations, removing designations that were ordered to be excluded from the trial record, and removing pages from those transcripts that contained only designations that had been excluded from the record.

37.     In the end, the parties jointly submitted final deposition designations from thirty-seven depositions, consisting of approximately 1,000 pages of deposition testimony.  This body of evidence was a significant part of the trial record, as most of the depositions designated by the parties were of witnesses who were not called live at trial.

*Pre-Trial Briefing*

38.     PSW was heavily involved in pretrial briefing.

39.     For example, PSW worked extensively on Plaintiffs' forty-seven-page opening argument.  PSW was responsible for drafting the section on "integration" and articulating how it was not a viable procompetitive justification.

40.     In addition, PSW played a significant role in connection with Plaintiffs' motions in limine and the opposition to Defendants' motions in limine.  PSW took a lead role in drafting the motion in limine to prevent defense experts from offering new opinions at trial.  In addition, PSW drafted the opposition to Defendants' motion in limine to exclude evidence regarding "infractions investigations" at universities (*e.g.*, the UNC academic fraud scandal).

/ / /

**Trial**

41.     PSW attorneys played integral roles as members of Plaintiffs' trial team.  Both during pretrial as well as during the trial, PSW had the primary role in disproving one of Defendants' two remaining procompetitive justifications: namely, "integration."

42.     I personally handled the cross-examination of Defendants' expert Dr. Heckman.

43.     I also personally prepared Plaintiffs' witness, Justine Hartman, for trial, along with Elizabeth Pritzker, and handled her direct examination.

44.     In addition to these in-court responsibilities, PSW attorneys were actively involved at trial behind the scenes helping strategize with co-counsel.  For example, throughout the trial, PSW worked with co-counsel and our vendor to determine what demonstratives to use at trial.  In addition, PSW worked closely with co-counsel on Plaintiffs' trial brief regarding University of Wisconsin Chancellor Rebecca Blank's retraction of her trial testimony.

45.     Moreover, PSW expended considerable amounts of time preparing for cross-examination of PSW-assigned witnesses that Defendants decided not to call once the trial began (The Southeastern Conference Commissioner Greg Sankey and The Atlantic 10 Conference Commissioner Bernadette McGlade).

46.     I was present for the entirety of the trial and personally participated in, and observed, how much time was spent preparing for each day's testimony, the work done in Court, and the time spent after Court getting ready for the next day.  Given the nature of complex trials, it was all consuming, and we were successful in presenting our case, as well as attacking the defense case, as a result of how the trial team worked together.

**Post-Trial**

47.     PSW has played a prominent role throughout the entire post-trial process.

48.     For example, PSW worked extensively on Plaintiffs' closing argument briefs.  In both the forty-three-page opening closing argument brief and the seventeen-page reply, PSW drafted the sections establishing that Defendants' "integration" procompetitive justification is not viable.  PSW also worked closely with co-counsel in preparing for the hearing.

49.     In addition, PSW reviewed and edited various post-trial stipulations (*e.g.*, the post-

1  trial stipulation regarding facts concerning the NCAA).

2  **MY FIRM'S COMMITMENT TO EFFICIENT STAFFING**

3  50.    In order to maximize efficiency, my firm has leanly staffed depositions, brief-

4  writing, and all other projects in the case.  This must be compared to Defendants, who routinely

5  staffed depositions and other projects with numerous lawyers (often times, numerous senior

6  lawyers).

7  51.    For example, at the deposition of Dr. Heckman, the deposing attorney from my

8  firm, Ben Shiftan, appeared alongside just one other Plaintiffs' counsel.  On the defense side,

9  however, *five* different lawyers appeared for Defendants.  NCAA was represented by *four*

10  different lawyers from *four* different law firms.  In addition, The Big Ten Conference, Inc. was

11  represented in person by a partner from one of its law firms.

12  **ATTORNEYS' FEES ATTRIBUTABLE TO THE INJUNCTIVE RELIEF PART OF THE**
13  **CASE**

14  52.    As my firm does with all of its matters, PSW has kept contemporaneous, detailed

15  time records ever since our pre-filing investigation into this matter began.

16  53.    PSW billed this case at its usual and customary hourly billing rates.  These hourly

17  rates have increased incrementally in the fifteen months since the Court approved PSW's rates in

18  its fee order in connection with the damages settlement.  ECF No. 745 at 13-14.  It is customary

19  for my firm to review the rates being charged at the beginning of each year to adjust those rates

20  based on the experience of the attorneys in the firm as well as inflation.  PSW also considers

21  market rates in setting its billing rates.

22  54.    Because PSW has already requested—and the Court has awarded—fees pertaining

23  to the ***damages*** part of this case, my firm has calculated the specific attorneys' fees attributable to

24  the ***injunctive relief*** portion of the case.

25  55.    To accomplish this task, my firm excluded the time entries that were attributable to

26  the damages portion of the case.  For example, my firm excluded the following types of fee

27  entries:

28  •    Fees incurred in drafting the Damages Plaintiffs' Rule 23(b)(3) certification motion.

8
DECLARATION OF BRUCE L. SIMON

- Fees incurred negotiating the damages settlement.
- Fees incurred in connection with the appeal of the fee order pertaining to the damages settlement.

56.    The time remaining after this exercise is the time that my firm believes accurately captures the work that it performed that is attributable to the injunctive relief portion of this action (the "Injunctive Relief Fees").

57.    The Injunctive Relief Fees are the only fees that are being submitted as our lodestar at this time.

58.    Attached hereto as **Exhibit B** is PSW's total hours and lodestar for the Injunctive Relief Fees, computed at historical rates, from the inception of Plaintiffs' investigation through and including March 24, 2019.

59.    The total number of hours spent by PSW on the injunctive relief portion of this case during this period of time was 4,754.20 with a corresponding lodestar of $2,754,724.50.  This summary was prepared from contemporaneous, daily time records regularly prepared and maintained by PSW.

60.    Copies of these time records, which would require a significant investment of resources to review and redact for attorney client information, are available at the Court's request.

61.    The hourly rates for the attorneys and professional support staff in my firm included in Exhibit B are applicable hourly rates in effect at the time the work was performed. These rates are the same rates that would be charged to hourly clients.

62.    I believe the fees incurred by PSW were reasonable and necessary given the complex nature and scope of the case.

## EXPENSES ATTRIBUTABLE TO THE INJUNCTIVE RELIEF PART OF THE CASE

63.    To calculate the expenses attributable to the injunctive relief part of the case, my firm employed a similar methodology as outlined above in the fees section.  To accomplish this task, my firm excluded the expenses that were attributable to the damages portion of the case.

64.    My firm believes that the remaining expenses are attributable to the injunctive relief portion of the case ("the Injunctive Relief Expenses").

65.     The Injunctive Relief Expenses are the only costs that are being submitted at this time.

66.     Attached hereto as **Exhibit C** is my firm's total Injunctive Relief Expenses, from the inception of Plaintiffs' investigation through and including March 24, 2019.  These expenses are reflected in the books and records of my firm.  This expense summary was prepared based on expense vouchers, check records, and other documents, and is an accurate record of the expenses.  Copies of records evidencing these costs are available at the Court's request.

67.     Exhibit C shows a total of $13,339.51 in Injunctive Relief Expenses.  These litigation expenses include, for example, deposition transcripts, legal research, and travel-related expenses.  Such expenses are of the type that would be paid by a client that hires the firm on an hourly basis.  Exhibit C does not include PSW's out-of-pocket contributions ($514,717.92) to Co-Lead Counsel's litigation fund as described in the Declaration of Steve W. Berman.  This litigation fund—which was maintained by HB—was used to pay expenses jointly incurred by PSW, HB, and WS.  PSW will be reimbursed for its contributions to the litigation fund proportionate to the expenses awarded by the Court.  More information about the litigation fund can be found in the Berman Declaration.  In addition, Exhibit C does not include PSW's direct payments of expert costs in the amount of $74,666.20.

68.     I believe the litigation expenses incurred by PSW were reasonable and necessary given the complex nature and scope of the case.

## CONCLUSION

69.     My firm dedicated substantial resources to this case and did all that was asked of it by the other Co-Lead Trial Counsel.

70.     The ten-day trial covered eighteen live witnesses, nine expert trial testimony declarations, thirty-seven submitted sets of deposition designations, and 952 exhibits prepared for trial.

71.     The case was tried efficiently and cost-effectively because the three firms worked collaboratively and tirelessly during the months leading up to the trial.

/ / /

DECLARATION OF BRUCE L. SIMON

72. The trial verdict is a result of the joint efforts of the three firms, including mine, in litigating and trying this case.

73. PSW has prosecuted this litigation solely on a contingent-fee basis for over five years. Throughout this time, my firm has been at risk that it would not receive any compensation for prosecuting the injunctive relief claims against Defendants.

74. My firm has not undertaken some additional legal work as a result of its representation of Plaintiffs. During the trial of this matter, almost 100% of my time was dedicated to this case.

75. Based on my experience as a trial lawyer—in conjunction with my overall experience litigating complex antitrust class actions for most of my 39 year career—I believe that the requested fees and costs are reasonable for the result achieved in this groundbreaking litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 26, 2019 at San Francisco, California

By: _____*/s/ Bruce L. Simon*_____
BRUCE L. SIMON

# EXHIBIT A



**PEARSON | SIMON · WARSHAW** LLP

| **LOS ANGELES** | **SAN FRANCISCO** | **MINNEAPOLIS** |
|---|---|---|
| 15165 Ventura Boulevard | 44 Montgomery Street | 800 LaSalle Avenue |
| Suite 400 | Suite 2450 | Suite 2150 |
| Sherman Oaks, CA 91403 | San Francisco, CA 94104 | Minneapolis, MN 55402 |
| Tel (818) 788-8300 | Tel (415) 433-9000 | Tel (612) 389-0600 |
| Fax (818) 788-8104 | Fax (415) 433-9008 | Fax (612) 389-0610 |

WWW.PSWLAW.COM

Pearson, Simon & Warshaw, LLP ("PSW") is an AV-rated civil litigation firm with offices in Los Angeles, San Francisco and Minneapolis. The firm specializes in complex litigation, including state coordination cases and federal multi-district litigation. Its attorneys have extensive experience in antitrust, securities, consumer protection, and unlawful employment practices. The firm handles national and multi-national class actions that present cutting edge issues in both substantive and procedural areas. PSW attorneys understand how to litigate difficult and large cases in an efficient and cost-effective manner, and they have used these skills to obtain outstanding results for their clients, both through trial and negotiated settlement. They are recognized in their field for excellence and integrity, and are committed to seeking justice for their clients.

## CASE PROFILES

PSW attorneys currently hold, or have held, a leadership role in the following representative cases:

- *In re Credit Default Swaps Antitrust Litigation*, Southern District of New York, MDL No. 2476. PSW attorneys recently served as co-lead counsel and represented the Los Angeles County Employee Retirement Association ("LACERA") in a class action on behalf of all purchasers and sellers of Credit Default Swaps ("CDS") against twelve of the world's largest banks. The lawsuit alleged that the banks, along with other defendants who controlled the market infrastructure for CDS trading, conspired for years to restrain the efficient trading of CDS, thereby inflating the cost to trade CDS. The alleged antitrust conspiracy resulted in billions of dollars in economic harm to institutional investors such as pension funds, mutual funds, and insurance companies who used CDS to hedge credit risks on their fixed income portfolios. After nearly three years of litigation and many months of intensive settlement negotiations, PSW helped reach a settlement with the defendants totaling $1.86 *billion* plus injunctive relief. On April 15, 2016, the Honorable Denise L. Cote granted final approval to the settlement, which is one of the largest civil antitrust settlements in history.

- *In re TFT-LCD (Flat Panel) Antitrust Litigation*, Northern District of California, MDL No. 1827. PSW served as co-lead counsel for the direct purchaser plaintiffs in this multidistrict litigation arising from the price-fixing of thin film transistor liquid crystal display ("TFT-LCD") panels. Worldwide, the TFT-LCD industry is a multi-billion dollar

PEARSON, SIMON & WARSHAW, LLP

industry, and many believe that this was one of the largest price-fixing cases in the United States. PSW helped collect over $405 million in settlements before the case proceeded to trial against the last remaining defendant, Toshiba Corporation and its related entities. PSW partner Bruce L. Simon served as co-lead trial counsel, successfully marshaled numerous witnesses, and presented the opening argument. On July 3, 2012, PSW obtained a jury verdict of $87 million (before trebling) against Toshiba. PSW later settled with Toshiba and AU Optronics to bring the total to $473 million in settlements. In 2013, California Lawyer Magazine awarded Mr. Simon a California Lawyer of the Year Award for his work in the *TFT-LCD* case.

- *In re Potash Antitrust Litigation (No. II)*, Northern District of Illinois, MDL No. 1996. PSW partner Bruce L. Simon served as interim co-lead counsel for the direct purchaser plaintiffs in this multidistrict litigation arising from the price-fixing of potash sold in the United States. After the plaintiffs defeated a motion to dismiss, the defendants appealed, and the Seventh Circuit Court of Appeals agreed to hear the case *en banc*. Mr. Simon presented oral argument to the *en banc* panel and achieved a unanimous 8-0 decision in his favor. The case resulted in $90 million in settlements for the direct purchaser plaintiffs, and the Court's opinion is one of the most significant regarding the scope of international antitrust conspiracies. *See Minn-Chem, Inc. v. Agrium Inc.*, 683 F. 3d 845 (7th Cir. 2012).

- *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation*, Northern District of California, MDL No. 2451. PSW attorneys currently serve as co-lead counsel in this multidistrict litigation that alleges the NCAA and its member conferences violate the antitrust laws by restricting the value of grant-in-aid athletic scholarships and other benefits that college football and basketball players can receive. PSW settled the damages case, obtaining final approval to a $208 million dollar settlement. PSW attorneys and co-counsel completed a bench trial for the injunctive portion of the case. In March 2019, the Court entered a permanent injunction against Defendants.

- *In re German Auto Manufacturers Antitrust Litigation*, Northern District of California, MDL No. 2796. Bruce L. Simon is serving as chairman of the Plaintiffs' Steering Committee and co-lead counsel for the Indirect Purchaser Plaintiffs in this multidistrict antitrust litigation. The complaint alleges that certain German car manufacturers unlawfully coordinated on several key car components, actively limiting the pace and extent of innovation, while also acting to promote consumers' perception of German cars as commanding a price premium.

- *In re Broiler Chicken Antitrust Litigation*, Northern District of Illinois, Case No. 1:16-cv-08637. PSW attorneys currently serve as interim co-lead counsel on behalf of direct purchaser plaintiffs. The complaint alleges that the nation's largest broiler chicken producers violated antitrust laws by limiting production and manipulating the price indices.

PEARSON, SIMON & WARSHAW, LLP

- *Greg Kihn, et al. v. Bill Graham Archives, LLC, et al.*, Northern District of California Case No. 4:17-cv-05343-JSW.  PSW attorneys currently serve as Plaintiffs' counsel in this copyright class action alleging that Defendants broadcasted, continue to broadcast, or otherwise make available to the public, copyrighted musical works of Plaintiffs and the Class without proper licenses, as required under the Copyright Act.

- *Grace v. Apple, Inc.*, Northern District of California, 5:17-CV-00551.  PSW partner Daniel L. Warshaw currently serves as class counsel in this California certified class action on behalf of consumers who allege Apple intentionally broke its "FaceTime" video conferencing feature for Apple iPhone 4 or iPhone 4S users operating on iOS 6 or earlier.

- *Trepte v. Bionaire, Inc.*, Los Angeles County Superior Court, Case No. BC540110.  PSW attorneys currently serve as Class Counsel in this certified class action alleging that the defendant sold defective space heaters.  The complaint alleges that defendant breached the warranty and falsely advertised the safety of the heaters due to design defects that cause the heaters to fail.  As a result of the failure, the heaters may spark, smoke and catch fire.  PSW continues to vigorously litigate this important lawsuit.

- *In re Santa Fe Natural Tobacco Company Marketing, Sales Practices, and Products Liability Litigation*, District of New Mexico, Case No. 1:16-md-02695-JB-LF.  PSW partner Melissa S. Weiner chairs the Executive Committee and PSW partner Daniel L. Warshaw serves on the executive committee.  This class action alleges that Defendants' "natural" and "additive free" claims on their tobacco products were false and misleading to consumers.  PSW continues to vigorously litigate this important lawsuit.

- *In re Keurig Green Mountain Single-Serving Coffee Antitrust Litigation*, Southern District of New York, MDL No. 2542.  In June 2014, Judge Vernon S. Broderick appointed PSW to serve as interim co-lead counsel on behalf of indirect purchaser plaintiffs in this multidistrict class action litigation.  The case arises from the alleged unlawful monopolization of the United States market for single-serve coffee packs by Keurig Green Mountain, Inc.   Keurig's alleged anticompetitive conduct includes acquiring competitors, entering into exclusionary agreements with suppliers and distributors to prevent competitors from entering the market, engaging in sham patent infringement litigation, and redesigning the single-serve coffee pack products in the next version of its brewing system to lock out competitors' products.

- *Senne, et al. v. Office of the Commissioner of Baseball, et al.*, Northern District of California, Case No. 14-cv-0608.  PSW attorneys currently serve as interim co-lead counsel in this putative nationwide class action and FLSA collective action on behalf of minor league baseball players who allege that Major League Baseball and its member franchises violate the FLSA and state wage and hour laws by failing to pay minor league baseball players minimum wage and overtime.

PEARSON, SIMON & WARSHAW, LLP

- *In re KIND LLC "Healthy and All Natural" Litigation*, Southern District of New York, MDL No. 2645.  PSW partner Daniel L. Warshaw currently serves as interim co-lead counsel in this putative nationwide class action on behalf of consumers who allege that they purchased KIND snack bars that were falsely advertised as "all natural," "non-GMO," and/or "healthy."

- *In re Carrier IQ Consumer Privacy Litigation*, Northern District of California, MDL No. 2330.  PSW attorneys currently serve as interim co-lead counsel in this putative nationwide class action on behalf of consumers who allege privacy violations arising from software installed on their mobile devices that was logging text messages and other sensitive information.

- *Sciortino, et al. v. PepsiCo, Inc.*, Northern District of California, Case No. 14-cv-0478.  PSW attorneys served as interim co-lead counsel in this putative California class action on behalf of consumers who allege that PepsiCo failed to warn them that certain of its sodas contain excess levels of a chemical called 4-Methylimidazole in violation of Proposition 65 and California consumer protection statutes.

- *James v. UMG Recordings, Inc.*, Northern District of California, Case No. 11-cv-01613.  PSW partner Daniel L. Warshaw served as interim co-lead counsel in this putative nationwide class action on behalf of recording artists and music producers who alleged that they had been systematically underpaid royalties by the record company UMG.

- *In re Warner Music Group Corp. Digital Downloads Litigation*, Northern District of California, Case No. 12-cv-00559.  PSW attorneys served as interim co-lead counsel, with partner Bruce L. Simon serving as chairman of a five-firm executive committee, in this putative nationwide class action on behalf of recording artists and music producers who alleged that they had been systematically underpaid royalties by the record company Warner Music Group.

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* Northern District of California, MDL No. 1486.  PSW partner Bruce L. Simon served as co-chair of discovery and as a member of the trial preparation team in this multidistrict litigation arising from the price-fixing of DRAM, a form of computer memory.  Mr. Simon was responsible for supervising and coordinating the review of almost a terabyte of electronic documents, setting and taking depositions, establishing and implementing protocols for cooperation between the direct and indirect plaintiffs as well as the Department of Justice, presenting oral arguments on discovery matters, working with defendants on evidentiary issues in preparation for trial, and preparation of a comprehensive pretrial statement.  Shortly before the scheduled trial, class counsel reached settlements with the last remaining defendants, bringing the total value of the class settlements to over $325 million.

- *In re Methionine Antitrust Litigation*, Northern District of California, MDL No. 1311.  PSW partner Bruce L. Simon served as co-lead counsel in this nationwide antitrust class

4

PEARSON, SIMON & WARSHAW, LLP

action involving a conspiracy to fix prices of, and allocate the markets for, methionine. Mr. Simon was personally responsible for many of the discovery aspects of the case including electronic document productions, coordination of document review teams, and depositions.  Mr. Simon argued pretrial motions, prepared experts, and assisted in the preparation of most pleadings presented to the Court.  This action resulted in over $100 million in settlement recovery for the Class.

- *In re Sodium Gluconate Antitrust Litigation*, Northern District of California, MDL No. 1226.  PSW partner Bruce L. Simon served as class counsel in this consolidated antitrust class action arising from the price-fixing of sodium gluconate.  Mr. Simon was selected by Judge Claudia Wilken to serve as lead counsel amongst many other candidates for that position, and successfully led the case to class certification and settlement.

- *In re Citric Acid Antitrust Litigation*, Northern District of California, MDL No. 1092.  PSW partner Bruce L. Simon served as class counsel in antitrust class actions against Archer-Daniels Midland Co. and others for their conspiracy to fix the prices of citric acid, a food additive product.  Mr. Simon was one of the principal attorneys involved in discovery in this matter.  This proceeding resulted in over $80 million settlements for the direct purchasers.

- *Olson v. Volkswagen of America, Inc.*, Central District of California, Case No. CV07-05334.  PSW attorneys brought this class action lawsuit against Volkswagen alleging that the service manual incorrectly stated the inspection and replacement intervals for timing belts on Audi and Volkswagen branded vehicles equipped with a 1.8 liter turbo-charged engine.  This case resulted in a nationwide class settlement.

- *Swain et al. v. Eel River Sawmills, Inc. et al.*, California Superior Court, DR-01-0216.  Bruce L. Simon served as lead trial counsel for a class of former employees of a timber company whose retirement plan was lost through management's investment of plan assets in an Employee Stock Ownership Plan.  Mr. Simon negotiated a substantial settlement on the eve of trial resulting in a recovery of approximately 40% to 50% of plaintiffs' damages after attorneys' fees and costs.

- *In re Hawaiian and Guamanian Cabotage Antitrust Litigation,* Western District of Washington, MDL No. 1972.  PSW partner Bruce L. Simon served as interim co-lead counsel for the plaintiffs in this multidistrict litigation arising from violations of the federal antitrust laws with respect to domestic ocean shipping services between the continental United States and Hawaii and/or between the continental United States and the Territory of Guam.

- *In re Homestore Litigation*, Central District of California, Master File No. 01-11115.  PSW attorneys served as liaison counsel and class counsel for plaintiff CalSTRS in this securities class action.  The case resulted in over $100 million in settlements to the Class.

5

PEARSON, SIMON & WARSHAW, LLP

- *In re MP3.Com, Inc., Securities Litigation*, Southern District of California, Master File No. 00-CV-1873.  PSW attorneys served as defense counsel in this class action involving alleged securities violations under Rule 10b-5.

- *In re Automotive Refinishing Paint Cases*, Alameda County Superior Court, Judicial Council Coordination Proceeding No. 4199.  PSW attorneys served as class counsel with other law firms in this coordinated antitrust class action alleging a conspiracy by defendants to fix the price of automotive refinishing products.

- *In re Beer Antitrust Litigation*, Northern District of California, Case No. 97-20644 SW.  PSW partner Bruce L. Simon served as primary counsel in this antitrust class action brought on behalf of independent micro-breweries against Anheuser-Busch, Inc., for its attempt to monopolize the beer industry in the United States by denying access to distribution channels.

- *In re Commercial Tissue Products Public Entity Indirect Purchaser Antitrust Litigation*, San Francisco Superior Court, Judicial Counsel Coordination Proceeding No. 4027.  PSW partner Bruce L. Simon served as co-lead counsel for the public entity purchaser class in this antitrust action arising from the price-fixing of commercial sanitary paper products.

- *Hart v. Central Sprinkler Corporation*, Los Angeles County Superior Court, Case No. BC176727.  PSW attorneys served as class counsel in this consumer class action arising from the sale of nine million defective fire sprinkler heads.  This case resulted in a nationwide class settlement valued at approximately $37.5 million.

- *Rueda v. Schlumberger Resources Management Services, Inc*., Los Angeles County Superior Court, Case No. BC235471.  PSW attorneys served as class counsel with other law firms representing customers of the Los Angeles Department of Water & Power ("LADWP") who had lead leaching water meters installed on their properties.  The Court granted final approval of the settlement whereby defendant would pay $1.5 million to a *cy pre*s fund to benefit the Class and to make grants to LADWP to assist in implementing a replacement program to the effected water meters.

- *In re Louisiana-Pacific Corp. Inner-Seal OSB Trade Practices Litigation,* Northern District of California, MDL No. 1114.  PSW partner Bruce L. Simon worked on this nationwide product defect class action brought under the Lanham Act.  The proposed class was certified, and a class settlement was finally approved by Chief Judge Vaughn Walker.

- *In re iPod nano Cases*, Los Angeles County Superior Court, Judicial Counsel Coordination Proceeding No. 4469.  PSW attorneys were appointed co-lead counsel for

PEARSON, SIMON & WARSHAW, LLP

this class action brought on behalf of California consumers who own defective iPod nanos.  The case resulted in a favorable settlement.

- *Unity Entertainment Corp. v. MP3.Com*, Central District of California, Case No. 00-11868.  PSW attorneys served as defense counsel in this class action alleging copyright infringement.

- *Vallier v. Jet Propulsion Laboratory*, Central District of California, Case No. CV97-1171.  PSW attorneys served as lead counsel in this toxic tort action involving 50 cancer victims and their families.

- *Nguyen v. First USA N.A.,* Los Angeles County Superior Court, Case No. BC222846.  PSW attorneys served as class counsel on behalf of approximately four million First USA credit card holders whose information was sold to third party vendors without their consent.  This case ultimately settled for an extremely valuable permanent injunction plus disgorgement of profits to worthy charities.

- *Morales v. Associates First Financial Capital Corporation*, San Francisco Superior Court, Judicial Council Coordination Proceeding No. 4197.  PSW attorneys served as class counsel in this case arising from the wrongful sale of credit insurance in connection with personal and real estate-secured loans.  This case resulted in an extraordinary $240 million recovery for the Class.

- *In re AEFA Overtime Cases*, Los Angeles County Superior Court, Judicial Council Coordination Proceeding No. 4321.  PSW attorneys served as class counsel in this overtime class action on behalf of American Express Financial Advisors, which resulted in an outstanding classwide settlement.

- *Khan v. Denny's Holdings, Inc*., Los Angeles County Superior Court, Case No. BC177254.  PSW attorneys settled a class action lawsuit against Denny's for non-payment of overtime wages to its managers and general managers.

- *Kosnik v. Carrows Restaurants, Inc*., Los Angeles County Superior Court, Case No. BC219809.  PSW attorneys settled a class action lawsuit against Carrows Restaurants for non-payment of overtime wages to its assistant managers and managers.

- *Castillo v. Pizza Hut, Inc.,* Los Angeles County Superior Court, Case No. BC318765.  PSW attorneys served as lead class counsel in this California class action brought by delivery drivers who claimed they were not adequately compensated for use of their personally owned vehicles.  This case resulted in a statewide class settlement.

- *Baker v. Charles Schwab & Co., Inc.,* Los Angeles County Superior Court, Case No. BC286131.  PSW attorneys served as class counsel for investors who were charged a fee

PEARSON, SIMON & WARSHAW, LLP

for transferring out assets between June 1, 2002 and May 31, 2003.  This case resulted in a nationwide class settlement.

- *Eallonardo v. Metro-Goldwyn-Mayer, Inc.,* Los Angeles County Superior Court, Case No. BC286950.  PSW attorneys served as class counsel on behalf a nationwide class of consumers who purchased DVDs manufactured by defendants.  Plaintiffs alleged that defendants engaged in false and misleading advertising relating to the sale of its DVDs.  This case resulted in a nationwide class settlement.

- *Gaeta v. Centinela Feed, Inc.,* Los Angeles County Superior Court, Case No. BC342524.  PSW attorneys served as defense counsel in this class action involving alleged failures to pay wages, overtime, employee expenses, waiting time penalties, and failure to provide meal and rest periods and to furnish timely and accurate wage statements.

- *Leiber v. Consumer Empowerment Bv A/K/A Fasttrack,* Central District of California, Case No. CV 01-09923.  PSW attorneys served as defense counsel in this class action involving copyrighted music that was made available through a computer file sharing service without the publishers' permission.

- *Higgs v. SUSA California, Inc.,* Los Angeles County Superior Court Case No. BC372745.  PSW attorneys are serving as co-lead class counsel representing California consumers who entered into rental agreements for the use of self-storage facilities owned by defendants.  In this certified class action, plaintiffs allege that defendants wrongfully denied access to the self-storage facility and/or charged excessive pre-foreclosure fees.

- *Fournier v. Lockheed Litigation*, Los Angeles County Superior Court.  PSW attorneys served as counsel for 1,350 residents living at or near the Skunks-Works Facility in Burbank.  The case resolved with a substantial confidential settlement for plaintiffs.

- *Nasseri v. CytoSport, Inc.,* Los Angeles County Superior Court, Case No. 439181.  PSW attorneys served as class counsel on behalf of a nationwide class of consumers who purchased CytoSport's popular protein powders, ready to drink protein beverages, and other "supplement" products.  Plaintiffs alleged that these supplements contain excessive amounts of lead, cadmium and arsenic in amounts that exceed Proposition 65 and negate CytoSport's health claims regarding the products.  The case resulted in a nationwide class action settlement which provided monetary relief to the class members and required the reformulation of CytoSport supplement products.

- *In re Samsung Top-Load Washing Machine Marketing, Sales Practice and Products Liability Litigation*, Western District of Oklahoma, Case No. 5:17-ml-02792-D. Plaintiffs allege that the top-load washing machines contain defects that cause them to leak and explode. PSW Partner Melissa S. Weiner was appointed to the Plaintiffs' Steering Committee in this multi-district class action.

PEARSON, SIMON & WARSHAW, LLP

## ATTORNEY PROFILES

### PARTNERS

#### CLIFFORD H. PEARSON

Clifford H. Pearson is a civil litigator and business lawyer focusing on complex litigation, class actions, and business law.  In 2013 and 2016, Mr. Pearson was named by the *Daily Journal* as one of the Top 100 lawyers in California.  He was instrumental in negotiating a landmark settlement totaling $1.86 billion in *In re Credit Default Swaps Antitrust Litigation*, a case alleging a conspiracy among the world's largest banks to maintain opacity of the credit default swaps market.  Mr. Pearson also negotiated $473 million in combined settlements in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, an antitrust case in the Northern District of California that alleged a decade-long conspiracy to fix the prices of TFT-LCD panels, and over $90 million in *In re Potash Antitrust Litigation*, an antitrust case in the Northern District of Illinois that alleged price fixing by Russian, Belarusian and North American producers of potash, a main ingredient used in fertilizer.

Before creating the firm in 2006, Mr. Pearson was a partner at one of the largest firms in the San Fernando Valley, where he worked for 22 years.  There, he represented aggrieved individuals, investors and employees in a wide variety of contexts, including toxic torts, consumer protection and wage and hour cases.  Over his 35-plus year career, Mr. Pearson has successfully negotiated substantial settlements on behalf of consumers, small businesses and companies.  In recognition of his outstanding work on behalf of clients, Mr. Pearson has been regularly selected by his peers as a Super Lawyer (representing the top 5% of practicing lawyers in Southern California).  He has also attained Martindale-Hubbell's highest rating (AV) for legal ability and ethical standards.

Mr. Pearson is an active member of the American Bar Association, Los Angeles County Bar Association, Consumer Attorneys of California, Consumer Attorneys Association of Los Angeles, and Association of Business Trial Lawyers.

**Current Cases:**
- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill.)
- *In re German Auto Manufacturers Antitrust Litigation* (N.D. Cal.)
- *In Re Pork Antitrust Litigation* (D. Minn.)
- *Trepte v. Bionaire, Inc.* (Cal. Sup. Ct.)

**Education:**
- Whittier Law School, Los Angeles, California – J.D. – 1981
- University of Miami, Miami, Florida – M.B.A. – 1978
- Carleton University, Ontario, Canada – B.A. – 1976

PEARSON, SIMON & WARSHAW, LLP

**Bar Admissions:**
- California
- Ninth Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

**Professional Associations and Memberships:**
- American Bar Association
- Association of Business Trial Lawyers
- Consumer Attorneys Association of Los Angeles
- Consumer Attorneys of California
- Los Angeles County Bar Association

### BRUCE L. SIMON

Bruce L. Simon has led Pearson, Simon & Warshaw, LLP to national prominence.  Mr. Simon specializes in complex cases involving antitrust, consumer fraud, and securities laws.  He has served as lead counsel in many business cases with national and global impact.

In 2018, Mr. Simon was awarded "Antitrust Lawyer of the Year" by the California Lawyers Association.  In 2013 and 2016, Mr. Simon was chosen by the *Daily Journal* as one of the Top 100 attorneys in California.  In 2013, he received the California Lawyer of the Year award from *California Lawyer Magazine* and was selected as one of seven finalists for Consumer Attorney of the Year by Consumer Attorneys of California for his work in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, MDL No. 1827 (N.D. Cal.).  That year, Mr. Simon was included in the Top 100 of California's "Super Lawyers" and has been named a "Super Lawyer" every year since 2003.  He has attained Martindale-Hubbell's highest rating (AV) for legal ability and ethical standards.

Mr. Simon was co-lead class counsel in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, a case that lasted over five years and resulted in $473 million recovered for the direct purchaser plaintiffs.  Mr. Simon served as co-lead trial counsel and was instrumental in obtaining an $87 million jury verdict (before trebling).  He presented the opening argument and marshalled numerous witnesses during the six-week trial.

Also, Mr. Simon was co-lead class counsel in *In re Credit Default Swaps Antitrust Litigation*, a case alleging a conspiracy among the world's largest banks to maintain opacity of the credit default swaps market as a means of maintaining supracompetitive prices of bid/ask spreads.  After three years of litigation and many months of intensive settlement negotiations, the parties in *CDS* reached a landmark settlement amounting to $1.86 billion.  It is one of the largest civil antitrust settlements in history.

PEARSON, SIMON & WARSHAW, LLP

Mr. Simon was also co-lead class counsel in *In re Potash Antitrust Litigation (II)*, MDL No. 1996 (N.D. Ill.), where he successfully argued an appeal of the district court's order denying the defendants' motions to dismiss to the United States Court of Appeals for the Seventh Circuit. Mr. Simon presented oral argument during an *en banc* hearing before the Court and achieved a unanimous 8-0 decision in his favor. The case resulted in $90 million in settlements for the direct purchaser plaintiffs, and the Court's opinion is one of the most significant regarding the scope of international antitrust conspiracies.

More recently, Mr. Simon completed the trial seeking injunctive relief in the *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation.* The plaintiffs allege that the NCAA and its member conferences violate the antitrust laws by restricting the value of grant-in-aid athletic scholarships and other benefits that college football and basketball players can receive.

**Current Cases:**
- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill.)
- *In re German Auto Manufacturers Antitrust Litigation* (N.D. Cal.)
- *In re Keurig Green Mountain Single-Serving Coffee Antitrust Litigation* (S.D.N.Y.)
- *In re National Collegiate Athletic Association Athletic Grant-in-Aid Cap Antitrust Litigation* (N.D. Cal.)
- *In Re Pork Antitrust Litigation* (D. Minn.)
- *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.)

**Reported Cases**:
- *Minn-Chem, Inc. et al. v. Agrium Inc., et al.*, 683 F.3d 845 (7th Cir. 2012)

**Education:**
- University of California, Hastings College of the Law, San Francisco, California – J.D. – 1980
- University of California, Berkeley, California – A.B. – 1977

**Bar Admissions:**
- California
- Supreme Court of the United States
- Ninth Circuit Court of Appeals
- Seventh Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

11

PEARSON, SIMON & WARSHAW, LLP

**Recent Publications:**

- Class Certification Procedure, Ch. V, ABA Antitrust Class Actions Handbook (3d ed.), (forthcoming)
- Reverse Engineering Your Antitrust Case: Plan for Trial Even Before You File Your Case, Antitrust, Vol. 28, No. 2, Spring 2014
- *The Ownership/Control Exception to Illinois Brick in Hi-Tech Component Cases:  A Rule That Recognizes the Realities of Corporate Price Fixing*, ABA International Cartel Workshop February 2014
- *Matthew Bender Practice Guide: California Unfair Competition and Business Torts*, LexisNexis, with Justice Conrad L. Rushing and Judge Elia Weinbach (Updated 2013)
- *The Questionable Use of Rule 11 Motions to Limit Discovery and Eliminate Allegations in Civil Antitrust Complaints in the United States*, ABA International Cartel Workshop February 2012

**Professional Associations and Memberships:**

- California State Bar Antitrust and Unfair Competition Section, Advisor and Past Chair
- ABA Global Private Litigation Committee, Co-Chair
- ABA International Cartel Workshop, Steering Committee
- American Association for Justice, Business Torts Section, Past Chair
- Business Torts Section of the American Trial Lawyers Association, Past Chair
- Hastings College of the Law, Board of Directors (2003-2015), Past Chair (2009-2011)

### DANIEL L. WARSHAW

Daniel L. Warshaw is a civil litigator and trial lawyer who focuses on complex litigation, class actions, and consumer protection.  Mr. Warshaw has held a lead role in numerous state and federal class actions, and obtained significant recoveries for class members in many cases. These cases have included, among other things, antitrust violations, high-technology products, automotive parts and false and misleading advertising.  Mr. Warshaw has also represented employees and employers in a variety of class actions, including wage and hour, misclassification and other Labor Code violations.

Mr. Warshaw played an integral role in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, where he negotiated the ESI protocol and managed a document review process that featured nearly 8 million documents in multiple languages and 136 reviewers.  He currently serves as interim co-lead counsel in a series of groundbreaking class actions involving the alleged underpayment of royalties to artists, producers and directors in the music and film industries. These cases have received significant attention in the press, and Mr. Warshaw has been profiled by the *Daily Journal* for his work in the digital download music cases.  In recognition of his outstanding work, Mr. Warshaw has been selected by his peers as a Super Lawyer (representing the top 5% of practicing lawyers in Southern California) every year since 2005.  He has also attained Martindale-Hubbell's highest rating (AV) for legal ability and ethical standards.

PEARSON, SIMON & WARSHAW, LLP

Mr. Warshaw has assisted in the preparation of two Rutter Group practice guides: *Federal Civil Trials & Evidence* and *Civil Claims and Defenses*.  Mr. Warshaw is the founder and Chair of the Class Action Roundtable.  The purpose of the Roundtable is to facilitate a high-level exchange of ideas and in-depth dialogue on class action litigation.

**Current Cases:**
- *In re Carrier IQ, Inc., Consumer Privacy Litigation* (N.D. Cal.)
- *In re German Auto Manufacturers Antitrust Litigation* (N.D. Cal.)
- *Grace v. Apple, Inc.* (N.D. Cal.)
- *Higgins v. Paramount Pictures Corp.* (and related cases) (LA Sup. Ct.)
- *Greg Kihn, et al. v. Bill Graham Archives, LLC, et al.* (N.D. Cal.)
- *In re KIND LLC "Healthy and All Natural" Litigation* (S.D.N.Y.)
- *In Re Pork Antitrust Litigation* (D. Minn.)
- *In re. Santa Fe Natural Tobacco Company Marketing, Sales Practices, and Products Liability Litigation* (D. N.M.)
- *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.)
- *Trepte v. Bionaire, Inc.* (Cal. Sup. Ct.)

**Education:**
- Whittier Law School, Los Angeles, California – J.D. – 1996
- University of Southern California – B.A. – 1992

**Bar Admissions:**
- California
- Ninth Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

**Professional Associations and Memberships:**
- American Bar Association
- Association of Business Trial Lawyers
- Consumer Attorneys Association of Los Angeles
- Consumer Attorneys of California
- Los Angeles County Bar Association, Executive Committee of the Litigation Section
- Plaintiffs' Class Action Forum, Chair

PEARSON, SIMON & WARSHAW, LLP

**MELISSA S. WEINER**

Melissa S. Weiner is a civil litigator whose work is squarely focused on combating consumer deception, particularly in the consumer products arena. Ms. Weiner has taken a leadership role in numerous large class actions and multi-district litigations in cases across the country. These include cases challenging tobacco marketing, predatory pricing for low-income consumers, defective construction products, and misleading food and product labels. Ms. Weiner's astute legal skills and steadfast determination have brought success in the courtroom and at the negotiation table, where she is known to work tirelessly to achieve resolutions that are creative and fair.

A contributor to her professional community, Ms. Weiner serves on the Executive Board for Public Justice, co-chairs the Mass Tort and Class Action practice group for the Minnesota Chapter of the Federal Bar Association and serves on the Minnesota Bar Association Food & Drug Law Council. Equally committed to non-profit service outside the legal community, Ms. Weiner serves as the under 40 chair campaign chair for the Twin Cities Cardozo Society, an affinity group for the Minneapolis Jewish Federation. In recognition of her outstanding efforts in the legal community, each year since 2012, Melissa has been named a Super Lawyers *Rising Star* by Minnesota Law & Politics.

Melissa's community service also reflects a particular commitment to organizations and initiatives benefiting children. She established the Young Professionals Committee for Make-A-Wish™ of Minnesota, which grants inspiring wishes to numerous recipients each year and currently acts as the fundraising chair for the SOAR Leadership Council, an arm of Children's Cancer Research Fund, which supports the next generation of emerging scientists battling childhood cancer.

**Current Cases:**
- *In Re Pork Antitrust Litigation* (D. Minn.)
- *In re. Samsung Top-Load Washing Machine Marketing, Sales Practices, and Products Liability Litigation* (W.D. Okla.)
- *In re. Santa Fe Natural Tobacco Company Marketing, Sales Practices, and Products Liability Litigation* (D. N.M.)

**Education:**
- William Mitchell College of Law - J.D. – 2007
- University of Michigan – Ann Arbor - B.A. – 2004

**Bar Admissions:**
- Minnesota
- U.S. District Court, District of Minnesota

**Professional Associations and Memberships:**
- Minnesota State Bar Association
- Federal Bar Association
- Public Justice

PEARSON, SIMON & WARSHAW, LLP

## OF COUNSEL

### NEIL SWARTZBERG

Neil Swartzberg, Of Counsel to Pearson, Simon & Warshaw, LLP, has significant litigation and counseling experience, with a track record of providing advice and representation to individuals and companies on a variety of technology, consumer and finance related matters. He has expertise in complex and commercial litigation, including in the intellectual property, consumer protection, antitrust, securities and class action context. Practicing in both federal and state courts, he has litigated price-fixing class actions, securities fraud suits and other consumer protection cases, as well as patent infringement, trade secret misappropriation and related intellectual property matters. Mr. Swartzberg also has experience negotiating licenses and similar agreements to resolve disputes in technology areas such the Internet, online banking, and telecommunications.

Mr. Swartzberg was a leading attorney in the Direct Purchaser Plaintiff class action *In re Static Random Access Memory (SRAM) Antitrust Litigation (N.D. Cal.)*. He was also actively involved in several other antitrust class actions, such as *In re International Air Transportation Surcharge Antitrust Litigation (N.D. Cal.)*, *Air Cargo Shipping Services Antitrust Litigation (E.D.N.Y.)*, *In re Cathode Ray Tube (CRT) Antitrust Litigation (N.D. Cal.)*, and *In re Optical Disk Drive (ODD) Antitrust Litigation (N.D. Cal.)*. He has represented patent owners and companies in infringement cases for patents covering video game controllers, Internet search functionality, secure mobile banking transactions, and telecommunications switches.

**Current Cases:**
- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill.)
- *In re German Auto Manufacturers Antitrust Litigation* (N.D. Cal.)
- *In re: Santa Fe Natural Tobacco Company Marketing, Sales Practices, and Products Liability Litigation* (D. N.M.)

**Education:**
- University of California, Davis, School of Law, Davis, California – J.D. – 2001
- State University of New York, Buffalo, Buffalo, New York – M.A. – 1994
- Duke University, Durham, North Carolina – A.B. – 1991

**Bar Admissions:**
- California
- Ninth Circuit Court of Appeals
- Federal Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Eastern District of Missouri
- U.S. District Court, Western District of Pennsylvania

PEARSON, SIMON & WARSHAW, LLP

**Publications and Presentations:**
- *The Hard Cell, Mobile banking and the Federal Circuit's "divided infringement" decisions,* Feb. 2013, Intellectual Property magazine, with Robert D. Becker.

**Professional Associations and Memberships:**
- American Bar Association

**Languages:**
- German (proficient)

PEARSON, SIMON & WARSHAW, LLP

## ASSOCIATES

### BOBBY POUYA

Bobby Pouya is a civil litigator and trial lawyer in the firm's Los Angeles office, focusing on complex litigation, class actions, and consumer protection.  Mr. Pouya has been an attorney with Pearson, Simon & Warshaw since 2006, and has extensive experience in representing clients in a variety of contexts.  He has served as a primary member of the litigation team in multiple cases that resulted in class certification or a classwide settlement, including cases that involved high-technology products, consumer safety and false and misleading advertising.  Mr. Pouya's success has earned him recognition by his peers as a Super Lawyers Rising Star (representing the top 2.5% of lawyers in Southern California age 40 or younger or in practice for 10 years or less) every year since 2008.

Mr. Pouya has served as one of the attorneys representing direct purchaser plaintiffs in several MDL antitrust cases, including *In re Polyurethane Foam Antitrust Litigation* (N.D. Ohio) and *In re Fresh and Processed Potatoes Antitrust Litigation* (D. Idaho).  Mr. Pouya is actively involved in the prosecution of *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.) and *In re Broiler Chicken Antitrust Litigation* (N.D. Ill), and works as part of the lead counsel team on all aspects of litigation strategy.  Mr. Pouya earned his Juris Doctorate from Pepperdine University School of Law in 2006, where he received a certificate in dispute resolution from the prestigious Straus Institute for Dispute Resolution and participated on the interschool trial and mediation advocacy teams, the Dispute Resolution Law Journal and the Moot Court Board.

**Current Cases:**
- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill)
- *Higgins v. Paramount Pictures Corp.* (and related cases) (L.A. Sup. Ct.)
- *Greg Kihn, et al. v. Bill Graham Archives, LLC, et al.* (N.D. Cal.)
- *In Re Pork Antitrust Litigation* (D. Minn.)
- *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.)

**Education:**
- Pepperdine University School of Law, Malibu, California – J.D. – 2006
- University of California, Santa Barbara, California – B.A., with honors – 2003

**Recent Publications:**
- *Should Offers Moot Claims?*, Daily Journal, Oct. 10, 2014
- *Central District Local Rules Hinder Class Certification*, Daily Journal, April 9, 2013

**Bar Admissions:**
- California
- Ninth Circuit Court of Appeals

PEARSON, SIMON & WARSHAW, LLP

- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

**Professional Associations and Memberships:**
- Consumer Attorneys Association of Los Angeles
- Consumer Attorneys of California
- Los Angeles County Bar Association
- San Fernando Valley Bar Association

### MICHAEL H. PEARSON

Michael H. Pearson is a civil litigator in the firm's Los Angeles office, focusing on complex litigation, class actions, and consumer protection.  Mr. Pearson has extensive experience in representing clients in a variety of contexts.  He has served as a member of the litigation team in multiple cases that resulted in class certification or a classwide settlement, including cases that involved business litigation, complex financial products, high-technology products, consumer safety, and false and misleading advertising.  Specifically, he was instrumental in managing the review of tens of millions of documents and drafting pleadings in *In Re Credit Default Swaps Antitrust Litigation*, which was settled for $1.86 billion, plus injunctive relief.

Mr. Pearson received his Bachelor of Science degree from Tulane University in 2008, majoring in Finance with an Energy Specialization.  He received his Juris Doctorate from Loyola Law School Los Angeles in 2011.  Mr. Pearson is an active member in a number of legal organizations, including the American, Los Angeles County and San Fernando Valley Bar Associations, Consumer Attorneys of California, the Consumer Attorneys Association of Los Angeles and the Association of Business Trial Lawyers.

Mr. Pearson's success has earned him recognition by his peers as a Super Lawyers Rising Star (representing the top 2.5% of lawyers in Southern California age 40 or younger or in practice for 10 years or less) in 2017, 2018 and 2019.

**Current Cases**:
- *City of Oakland v. The Oakland Raiders, et al.* (N.D. Cal.)
- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill.)
- *In Re Pork Antitrust Litigation* (D. Minn.)
- *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.)
- *In re German Auto Manufacturers Antitrust Litigation* (N.D. Cal.)
- *Trepte v. Bionaire, Inc.* (Cal. Sup. Ct.)

PEARSON, SIMON & WARSHAW, LLP

**Education**:
- Loyola Law School Los Angeles, Los Angeles, California – J.D. – 2011
- Tulane University, New Orleans, Louisiana – B.S., *magna cum laude* – 2008

**Bar Admissions**:
- California
- Ninth Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

**Professional Associations and Memberships:**
- American Bar Association
- Association of Business Trial Lawyers
- Consumer Attorneys Association of Los Angeles
- Consumer Attorneys of California
- Los Angeles County Bar Association
- San Fernando Valley Bar Association

### BENJAMIN E. SHIFTAN

Benjamin E. Shiftan is a litigator in the firm's San Francisco office. Since joining the firm in 2014, Mr. Shiftan has focused on complex class actions, including antitrust, sports, product defect, wage and hour, and consumer protection cases. Mr. Shiftan is currently litigating a variety of cases, including antitrust litigation on behalf of college football and basketball players against the NCAA and various athletic conferences, a wage and hour case on behalf of minor league baseball players against Major League Baseball, and an antitrust case on behalf of consumers against Carolinas HealthCare System for anticompetitive practices in the healthcare industry. Super Lawyers magazine named Mr. Shiftan a Northern California "Rising Star" in 2015, 2016, 2017, and 2018.

Prior to joining the firm, Mr. Shiftan litigated complex bad faith insurance cases for a national law firm. Before that, Mr. Shiftan served as a law clerk to the Honorable Peter G. Sheridan, United States District Court for the District of New Jersey, and worked for a mid-sized firm in San Diego.

Mr. Shiftan graduated from the University of San Diego School of Law in 2009. While in law school, he served as Lead Articles Editor of the San Diego International Law Journal and competed as a National Team Member on the Moot Court Board. Mr. Shiftan won the school's Paul A. McLennon, Sr. Honors Moot Court Competition. At graduation, he was one of ten students inducted into the Order of the Barristers. Mr. Shiftan graduated from the University of Virginia in 2006.

PEARSON, SIMON & WARSHAW, LLP

**Current Cases**:
- *In re National Collegiate Athletic Association Athletic Grant-In-Aid Cap Antitrust Litigation* (N.D. Cal.)
- *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.)
- *DiCesare, et al. v. The Charlotte Mecklenburg Hospital Authority, d/b/a Carolinas HealthCare System* (N.C. Super. Ct.)
- *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation* (S.D.N.Y.)

**Education**:
- University of San Diego School of Law, San Diego, CA – J.D. – 2009
- University of Virginia, Charlottesville, VA – B.A. – 2006

**Bar Admissions**:
- California
- Ninth Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

**Professional Associations and Memberships:**
- San Francisco County Bar Association
- American Bar Association

MATTHEW A. PEARSON

Matthew A. Pearson is an associate in the firm's Los Angeles office focusing on antitrust, consumer protection, copyright, and business litigation.  Mr. Pearson has represented clients in a variety of different matters and works closely with clients, co-counsel, and opposing counsel on all aspects of litigation.

Mr. Pearson received his Bachelor of Science degree from the University of Arizona in 2010, majoring in Business Management.  He received his Juris Doctorate from Whittier Law School in 2013.  Mr. Pearson is an active member in a number of legal organizations, including the American Bar Association, American Association for Justice, Association of Business Trial Lawyers, Consumer Attorneys Association of Los Angeles, Consumer Attorneys of California, and the Los Angeles County Bar Association.

**Current Cases:**
- *Grace v. Apple, Inc.* (N.D. Cal.)
- *In re Keurig Green Mountain Single-Serving Coffee Antitrust Litigation* (S.D.N.Y.)
- *Greg Kihn, et al. v. Bill Graham Archives, LLC, et al.* (N.D. Cal.)

PEARSON, SIMON & WARSHAW, LLP

- *In re KIND LLC "Healthy and All Natural" Litigation* (S.D.N.Y.)

**Education:**
- Whittier Law School, California – J.D. – 2013
- University of Arizona: Eller College of Management – B.S.– 2010

**Bar Admissions:**
- California
- Ninth Circuit Court of Appeals
- U.S. District Court, Central District of California
- U.S. District Court, Eastern District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Southern District of California

**Professional Associations and Memberships:**
- American Bar Association
- American Association for Justice
- Association of Business Trial Lawyers
- Consumer Attorneys Association of Los Angeles
- Consumer Attorneys of California
- Los Angeles County Bar Association

**ALEXANDER L. SIMON**

Alexander L. Simon is a litigator in the firm's San Francisco office. Since joining the firm as a law clerk in 2013 and an attorney in 2015, Mr. Simon has focused on complex class action litigation, including antitrust, product defect, and consumer protection cases.

Mr. Simon graduated from Loyola Law School in 2015. While in law school, he served as the Chief Production Editor of the Loyola of Los Angeles Entertainment Law Review from 2014-2015. His comment titled With Great Power Comes Great Responsibility: Gary Friedrich's Battle with Marvel For Artist Rights was published by the law review that same year. In 2014, Mr. Simon also participated in Loyola Law School's Copyright Moot Court. Mr. Simon graduated from the University of California, Berkeley in 2009 where he was a member of Freshman Men's Crew during the 2005-2006 season. During his senior year of high school, he was the "two" seat of the Saint Ignatius College Preparatory Varsity 8 boat that won the US Rowing Youth Invitational National Championship.

**Current Cases:**
- *Grace v. Apple, Inc.* (N.D. Cal.)
- *Senne, et al. v. Office of the Commissioner of Baseball, et al.* (N.D. Cal.)

**Education:**

PEARSON, SIMON & WARSHAW, LLP

- Loyola Law School, Los Angeles, California – J.D. – 2015
- University of California, Berkeley, Berkeley, California – B.A. – 2009

**Recent Publications:**
- *With Great Power Comes Great Responsibility: Gary Friedrich's Battle with Marvel For Artist Rights*, 35 Loy. L.A. Ent. L. Rev. 211 (2015)

**Bar Admissions:**
- California
- U.S. District Court, Southern District of California
- U.S. District Court, Central District of California
- U.S. District Court, Northern District of California
- U.S. District Court, Eastern District of California

**Professional Associations and Memberships:**
- San Francisco County Bar Association
- California Young Lawyers Association

**Community Service:**
- Prime Time Mock Trial Coach at Ralph Waldo Emerson Middle School in Los Angeles (2014)
- Volunteer at the Theatre of Terror (2013) and Raymond Hill Mortuary (2014) Haunted Houses benefiting the South Pasadena Arts Council and South Pasadena Educational Foundation

ERIC J. MONT

Eric J. Mont is an associate in the firm's Los Angeles office focusing on antitrust, consumer protection, and business litigation.  Mr. Mont has represented clients in a variety of different matters and works closely with clients, co-counsel, and opposing counsel on all aspects of litigation.

Mr. Mont received his Bachelor of Science degree from Loyola Marymount University in 2012, majoring in Natural Science.  He received his Juris Doctorate from UCLA in 2017.

**Current Cases:**
- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill)
- *Grace v. Apple, Inc.* (N.D. Cal.)
- *In re Santa Fe Natural Tobacco Company Marketing, Sales Practices, and Products Liability Litigation* (D. N.M.)

**Education:**

PEARSON, SIMON & WARSHAW, LLP

- University of California, Los Angeles, Los Angeles, CA– J.D. – 2017
- Loyola Marymount University, Los Angeles, CA– B.S.– 2012

**Bar Admissions:**
- California

**Professional Associations and Memberships:**
- American Bar Association

JOSEPH C. BOURNE

Joseph C. Bourne is a litigator in the firm's Minneapolis office.  Mr. Bourne focuses his practice on complex class action litigation, with an emphasis on antitrust, consumer fraud, product defect, and data privacy and security practices.  Before joining the firm in 2018, Mr. Bourne was a partner at a Minneapolis law firm where his practice similarly focused on representing plaintiffs in antitrust and class action litigation.

Mr. Bourne has been nominated by his peers and recognized by Super Lawyers Magazine as a Minnesota Rising Star in the area of antitrust litigation every year since 2014.  He is active in the legal community, serving as a volunteer attorney through the District of Minnesota and Federal Bar Association's Pro Se Project. In recognition of his commitment to pro bono work, Mr. Bourne was recognized as a North Star Lawyer by the Minnesota State Bar Association in 2013 and 2014.

Before entering private practice, Mr. Bourne served as a judicial law clerk to Judge Francis J. Connolly, and then to Chief Judge Edward Toussaint, Jr., at the Minnesota Court of Appeals.  While in law school, Mr. Bourne served as an Articles Editor of the Minnesota Law Review.

**Current Cases:**
- *Aguilera v. NuWave, LLC* (N.D. Ill.)
- *Peterson v. Lyft, Inc.* (N.D. Cal.)
- *In re. Santa Fe Natural Tobacco Company Marketing, Sales Practices, and Products Liability Litigation* (D.N.M.)
- *Stover v. Experian Holdings, Inc.* (C.D. Cal.)

**Education:**
- University of Minnesota Law School – J.D., *magna cum laude* – 2009
- Emory University – B.A. – 2005

**Publications:**
- *Health Care's Invisible Giants: Pharmacy Benefit Managers*, The Federal Lawyer (2013) (Ellen Ahrens, coauthor)

PEARSON, SIMON & WARSHAW, LLP

- *Pro Se Litigation and the Costs of Access to Justice*, 39 Wm. Mitchell L. Rev. 32 (2012) (Dan Gustafson and Karla Gluek, coauthors)
- *Prosecutorial Use of Forensic Science at Trial*, 93 Minn. L. Rev. 1058 (2009)

**Bar Admissions:**
- Minnesota
- California
- Eighth Circuit Court of Appeals
- U.S. District Court, District of Minnesota
- U.S. District Court, Southern District of California
- U.S. District Court, Central District of California

**NAVEED ABAIE**

Naveed Abaie is an associate in the firm's Los Angeles office focusing on consumer protection, antitrust, and business litigation.

He graduated from the University of San Diego, School of Law in 2017. While at the University of San Diego, Mr. Abaie earned his J.D. with a concentration in Business and Corporate Law. Mr. Abaie received his Bachelor's degree from the University of California, Berkeley Haas School of Business in 2012.

**Current Cases:**

- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill)

**Education:**

- University of San Diego, California – J.D. – 2017
- University of California, Berkeley, California – B.A.– 2012

**Bar Admissions:**

- California

**Professional Associations and Memberships:**

- Iranian American Bar Association

**CHRISTINA OH**

Christina Oh is an associate in the firm's Los Angeles office focusing on consumer protection, antitrust, and business litigation.

PEARSON, SIMON & WARSHAW, LLP

She graduated Cum Laude from Southwestern Law School in 2018. While in law school, she served as Lead Articles Editor of the Southwestern Law Review and received a CALI Excellence Award for the highest grade in Drafting Technology Agreements. She also served as a judicial extern for the Honorable Michael Wilner in the United States District Court, Central District of California. Ms. Oh received her Bachelor's degree from the University of California, Irvine in 2012.

**Current Cases:**

- *In re Broiler Chicken Antitrust Litigation* (N.D. Ill)

**Education:**

- Southwestern Law School, Cum Laude, Los Angeles, California – J.D. – 2018
- University of California, Irvine, Irvine, CA – B.A.– 2012

**Bar Admissions:**

- California

**Professional Associations and Memberships:**

- American Bar Association
- Korean-American Bar Association

# EXHIBIT B

**NCAA GIA**
**PEARSON, SIMON & WARSHAW, LLP**
Injunctive Relief Hours and Lodestar
Inception of Investigation through March 24, 2019

**TIME REPORT**

| NAME | TOTAL HOURS | HISTORICAL HOURLY RATE | LODESTAR |
|---|---|---|---|
| ATTORNEYS | | | |
| Clifford H. Pearson (P) | 30.20 | $985.00 | $29,747.00 |
| Clifford H. Pearson (P) | 1.00 | $1,035.00 | $1,035.00 |
| Clifford H. Pearson (P) | 3.10 | $1,050.00 | $3,255.00 |
| Clifford H. Pearson (P) | 3.00 | $1,150.00 | $3,450.00 |
| Bruce L. Simon (P) | 5.30 | $895.00 | $4,743.50 |
| Bruce L. Simon (P) | 67.10 | $985.00 | $66,093.50 |
| Bruce L. Simon (P) | 116.30 | $1,035.00 | $120,370.50 |
| Bruce L. Simon (P) | 530.90 | $1,050.00 | $557,445.00 |
| Bruce L. Simon (P) | 22.90 | $1,150.00 | $26,335.00 |
| Daniel L. Warshaw (P) | 10.40 | $1,050.00 | $10,920.00 |
| Daniel L. Warshaw (P) | 14.70 | $1,150.00 | $16,905.00 |
| Benjamin E. Shiftan (A) | 9.50 | $395.00 | $3,752.50 |
| Benjamin E. Shiftan (A) | 381.80 | $495.00 | $188,991.00 |
| Benjamin E. Shiftan (A) | 769.00 | $520.00 | $399,880.00 |
| Benjamin E. Shiftan (A) | 884.60 | $650.00 | $574,990.00 |
| Benjamin E. Shiftan (A) | 30.80 | $900.00 | $27,720.00 |
| Aaron M. Sheanin (OC) | 11.00 | $720.00 | $7,920.00 |
| Aaron M. Sheanin (OC) | 21.10 | $825.00 | $17,407.50 |
| Alexander R. Safyan (A) | 0.50 | $475.00 | $237.50 |
| Meredith C. Doyle (A) | 407.20 | $370.00 | $150,664.00 |
| Meredith C. Doyle (A) | 30.80 | $400.00 | $12,320.00 |
| Alexander L. Simon (A) | 0.30 | $350.00 | $105.00 |
| Alexander L. Simon (A) | 290.60 | $400.00 | $116,240.00 |
| Alexander L. Simon (A) | 0.20 | $450.00 | $90.00 |
| Ryan E. Mowry (A) | 0.50 | $350.00 | $175.00 |
| Matthew A. Pearson (A) | 891.30 | $400.00 | $356,520.00 |
| Matthew A. Pearson (A) | 18.00 | $450.00 | $8,100.00 |
| Michael H. Pearson (A) | 14.00 | $500.00 | $7,000.00 |
| | | | |
| TOTAL ATTORNEY BILLING | 4,566.10 | | $2,712,412.00 |
| | | | |
| NON-ATTORNEYS | | | |
| Amanda C. Lunzer (PL) | 0.20 | $175.00 | $35.00 |

| NAME | TOTAL HOURS | HISTORICAL HOURLY RATE | LODESTAR |
|---|---|---|---|
| Amanda C. Lunzer (PL) | 43.80 | $225.00 | $9,855.00 |
| Ellowene Grant (PL) | 48.90 | $225.00 | $11,002.50 |
| Brad J. Kopp (PL) | 95.20 | $225.00 | $21,420.00 |
|  |  |  |  |
| TOTAL NON-ATTORNEY BILLING | 188.10 |  | $42,312.50 |
|  |  |  |  |
| **TOTAL:** | 4,754.20 |  | $2,754,724.50 |
|  |  |  |  |

(P) Partner
(OC) Of Counsel
(A) Associate
(PL) Paralegal
(LC) Law Clerk

# EXHIBIT C

**NCAA GIA**
**PEARSON, SIMON & WARSHAW, LLP**
Injunctive Relief Expenses
Inception of Investigation through March 24, 2019

| CATEGORY | AMOUNT INCURRED |
|---|---|
| Airfare | $1,601.84 |
| Telecommunication Services | $273.07 |
| Copy Costs | |
| Experts[1] | |
| Legal Research | $2,521.13 |
| Meals | $107.37 |
| Document Services (hosting, imaging, miscellaneous, etc.) | |
| Process Server | |
| Professional Services | $8,512.22 |
| Shipping / Mail | |
| Court Reporting | |
| Local Transportation | $265.88 |
| Court Costs | $58.00 |
| Mediation | |
| Litigation Fund[2] | |
| | |
| **TOTAL:** | $13,339.51 |
| | |

[1] As explained in Paragraph 67 of the Simon Declaration, PSW is not seeking reimbursement as part of the fees, expenses, and service awards motion for its direct payments of expert costs in the amount of $74,666.20.

[2] As explained in Paragraph 67 of the Simon Declaration, PSW is not seeking reimbursement as part of the fees, expenses, and service awards motion for its out-of-pocket contributions ($514,717.92) to Co-Lead Counsel's litigation fund as described in the Declaration of Steve W. Berman.  This litigation fund—which was maintained by HB—was used to pay expenses jointly incurred by PSW, HB, and WS.  PSW will be reimbursed for its contributions to the litigation fund proportionate to the expenses awarded by the Court.