Steve W. Berman (*pro hac vice*)
Craig R. Spiegel (SBN 122000)
Emilee N. Sisco (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
*steveb@hbsslaw.com*
*craigs@hbsslaw.com*
*emilees@hbsslaw.com*

Jeff D. Friedman (SBN 173886)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
*jefff@hbsslaw.com*

Bruce L. Simon (SBN 96241)
Benjamin E. Shiftan (SBN 265767)
PEARSON, SIMON & WARSHAW, LLP
44 Montgomery Street, Suite 2450
San Francisco, CA 94104
Telephone: (415) 433-9000
Facsimile: (415) 433-9008
*bsimon@pswlaw.com*
*bshiftan@pswlaw.com*

*Class Counsel for Jenkins and Consolidated Action Plaintiffs*

[Additional counsel listed on signature page]

Jeffrey L. Kessler (*pro hac vice*)
David G. Feher (*pro hac vice*)
David L. Greenspan (*pro hac vice*)
Joseph A. Litman (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
*jkessler@winston.com*
*dfeher@winston.com*
*dgreenspan@winston.com*
*jlitman@winston.com*

Sean D. Meenan (SBN 260466)
Jeanifer E. Parsigian (SBN 289001)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
*smeenan@winston.com*
*jparsigian@winston.com*

*Class Counsel for Jenkins and Consolidated Action Plaintiffs*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION ATHLETIC GRANT-IN-AID CAP ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No. 4:14-md-2541-CW<br>Case No. 4:14-cv-02758-CW<br><br>**DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

1.     I, Elizabeth C. Pritzker, submit this declaration under penalty of perjury in connection with Class Counsel's Motion for Attorney's Fees, Costs and Class Representative Service Awards.  I make this declaration based on my personal knowledge unless stated otherwise.  If called as a witness, I could and would competently testify to the matters stated herein.

2.     I am a co-founding partner of the Oakland-based law firm, Pritzker Levine LLP, which serves as Additional Class Counsel in this matter.  The firm initially appeared as counsel of record in *Kendall Gregory-McGhee et al v. National Collegiate Athletic Association et al.*, N.D. Cal. Case No. 4:14-cv-01777, filed April 17, 2014.  On January 17, 2015, Pritzker Levine filed the action entitled *Justine Hartman et al. v. National Collegiate Athletic Association et al.*, N.D. Cal. Case No. 4:15-cv-00178. Shortly after each filing, *Gregory-McGhee* and *Hartman* were made part of the consolidated, multi-district litigation entitled *In Re National Athletic Association Athletic Grant-in-Aid Antitrust Litigation*, 4:14-md-2541-CW, and the Pritzker Levine firm was designated by Class Counsel to serve as Additional Class Counsel in the litigation.

3.     The named plaintiffs in the *Hartman* action are Pritzker Levine clients, Justine Hartman and Afure Jemerigbe. Ms. Hartman and Ms. Jemerigbe played NCAA Division I Women's Basketball for the University of California at Berkeley ("Cal").

**MS. JEMERIGBE AND MS. HARTMAN WERE APPOINTED BY THE COURT TO SERVE AS CLASS REPRESENTATIVES**

4.     The Court previously has appointed both Ms. Jemerigbe and Ms. Hartman to serve as class representative in the litigation.

5.     In its Amended Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement, the Court preliminarily certified three Settlement Classes (a Division I FBS Football Class; a Division I Men's Basketball Class; and a Division I Women's Basketball Class) and appointed Ms. Jemerigbe as one of four class representatives for the Settlement Classes. (ECF No. 615, ¶¶ 3, 7). Thereafter, following final approval of the settlement, the Court approved a $20,000 service award for Ms.

1

DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS – Case Nos. 4:14-MD-02541; 4:14-CV-02758-CW

Jemerigbe to compensate her for "work done on behalf of the class," including "a significant amount of time spent assisting in the litigation of this case, preparing for and having [her] deposition[] taken, in searching for and producing documents that spanned many years, and in conferring with counsel throughout the litigation." (*See* Court's Order Dec. 6, 2017 Order Granting Plaintiffs' and Class Counsel's Motion for Attorneys' Fees, Expenses and Service Awards [ECF No.745], at 17-18 and fns. 67-68).

6. Ms. Hartman was put forward and also approved by the Court as a class representative for the certified, Injunctive Relief Classes. (*See* Court's Dec. 4, 2015 Order Granting Motion for Rule 23(b)(2) Class Certification [ECF No.305], at 27). Like Ms. Jemerigbe, Ms. Hartman has been a diligent and articulate representative for the Injunctive Relief Classes. The specific efforts undertaken by Ms. Hartman to fulfill her class representative role are described more fully in paragraphs 16 through 24 of this declaration.

**PRITZKER LEVINE'S HISTORY AS ADDITIONAL CLASS COUNSEL**

7. In support of Plaintiffs' and Class Counsel's Motion for Attorneys' Fees, Costs and Class Representative Service Awards filed in conjunction with the damages settlement, I filed two declarations, at ECF Nos. 691 and 696, respectively. These declarations describe Pritzker Levine's service as counsel to Plaintiffs, beginning in April 2014, and the firm's involvement in the prosecution of the litigation for the Classes from the inception of the case.

8. Pritzker Levine's antitrust experience is well-recognized. As I previously attested, I have practiced complex litigation for nearly three decades. Over the years, Pritzker Levine and its attorneys have served as lead, co-lead, or participating counsel in MDL cases representing classes challenging price-fixing, unlawful trade restraints, monopolization, and other anticompetitive conduct. (*See* ECF No.691, ¶¶6-9).

9. In my prior declaration, ECF No.691, I also attest to the significant time and resources that the Pritzker Levine firm and I (as the partner directly working on the case) devoted to the prosecution of the damages claims asserted by the Settlement Classes. These efforts include: initial factual investigation (*id*, ¶13); factual and legal research for the benefit

2
DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS – Case Nos. 4:14-MD-02541; 4:14-CV-02758-CW

of the Settlement Classes (*id*, ¶¶13-14, 16); heading up third-party discovery directed to 337 NCAA Division I member schools for athletic scholarship fund information that was a critical component of the class damages analysis undertaken by Plaintiffs' expert (*id*, ¶15); conducting and analyzing written discovery (*id*, ¶17-18)); preparing and defending Ms. Jemerigbe, a damages class representative, at deposition (*id*, ¶ 8); working with the experts (*id*, ¶18); and assisting with briefing, sealing motions and other case filings. (*Id*., ¶18).[1]

10. As stated in my prior declaration, ECF No.691, the total number of hours spent by the Pritzker Levine firm prosecuting the case for Settlement Classes totaled 1715.6 hours, for a corresponding lodestar of $1,008,630.85. (*Id*., ¶22). Expressly <u>excluded</u> from these amounts were attorney hours and corresponding lodestar devoted exclusively to my firm's work on behalf of the certified Injunctive Relief Classes as of August 22, 2017. (*Id*.). Specifically, although both Ms. Jemerigbe and Ms. Hartman played a critical representative role in the litigation by, among other things, providing requisite standing necessary to certification of the Women's Basketball Classes (*see* ECF No.305, at 8, 11), I used my professional judgment to exclude from the firm's prior fee application, attorney time spent preparing Ms. Hartman, the Injunctive Relief class representative, for her deposition and representing her at that deposition. I also excluded from that application work that my firm performed at the direction of Class Counsel on Plaintiffs' motion to certify the Injunctive Relief Classes. (ECF No.691, ¶¶20-21). The attorney time associated with the Injunctive Relief Classes that was excluded from my prior fee application for services rendered through August 22, 2017 totaled 42.2 hours, for a lodestar of $28,890.50. (*Id*, ¶¶19, 21).

**FEES AND COSTS ASSOCIATED WITH INJUNCTIVE RELIEF CLASSES**

11. Attached hereto as <u>Exhibit A</u> is a summary of the total hours and lodestar associated with my firm's professional services on behalf of the Injunctive Relief Classes. This summary was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm.

---

[1] My supplemental declaration, ECF No.696, shows the number of hours undertaken by Pritzker Levine attorneys on these tasks, on a task-by-task basis. (*See* ECF No.696, at ¶4 and Table 1).

3
DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS – Case Nos. 4:14-MD-02541; 4:14-CV-02758-CW

12. As set forth in <u>Exhibit A</u>, the total number of hours spent by Pritzker Levine on behalf of the Injunctive Relief Classes is 198.0 hours, with a corresponding lodestar of $143,745.00. These hours include the 42.2 hours that were excluded from my firm's prior fee application, as referenced in paragraph 10. <u>Exhibit A</u> additionally includes time expended by Pritzker Levine attorneys preparing for and appearing at trial.  All of the hours set forth in <u>Exhibit A</u> reflect work associated only with the Injunctive Relief aspect of the case.

13. <u>Exhibit A</u> provides the names of the attorneys and professional staff who worked on the case, bar admission for each attorney, and each timekeeper's respective hours, rates, and lodestar. The rates for each attorney identified in <u>Exhibit A</u> are the usual and customary hourly rates charged by Pritzker Levine. These rates are the same as, or substantially similar to, rates used by firm and previously approved by the Court in this and other cases.  (*See* ECF No. 745, at 13-14 (approving hourly attorney rates for Pritzker Levine partners, Elizabeth Pritzker and Jonathan Levine, and firm associates and of counsel attorneys, and finding the "hourly rates of plaintiffs' counsel are in line with market rates in the District."); *see also* ECF No. 691, ¶23 (describing attorney fee awards made to Pritzker Levine attorneys in similar cases filed in the District)).

14. My firm has expended $3,217.34 in unreimbursed costs and expenses in connection with the prosecution of case for the Injunctive Relief Classes.  These costs and expenses are broken down in the chart attached hereto as <u>Exhibit B</u>.  They were incurred on behalf of the Injunctive Relief Classes by my firm on a contingent basis, and have not been reimbursed. All of these costs and expenses are reflected in the books and records of my firm, which are prepared from expense vouchers, check records, invoices and other source materials, and represent an accurate recordation of the expenses incurred by the firm in connection with this action. Copies of these records are available at the Court's request.

15. I have reviewed the time and expenses reported by Pritzker Levine, and included in this declaration and in <u>Exhibits</u> A and B, and affirm that they are true and accurate.

4
DECLARATION OF ELIZABETH C. PRITZKER IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS – Case Nos. 4:14-MD-02541; 4:14-CV-02758-CW

## MS. HARTMAN'S SERVICE AS A CLASS REPRESENTATIVE

16. Ms. Hartman's extensive contribution to the Injunctive Relief portion of the litigation is noteworthy. She has been cooperative, articulate, and immensely helpful to the prosecution of the case from the outset. She has at all times been highly involved, and has expended significant time and effort to the case.

17. Moreover, when the case began, Ms. Hartman was still a student at Cal, and an active member of the women's basketball team roster. She bravely and willingly undertook a significant reputational risk by seeking injunctive relief against and rule changes by the NCAA – the very entity upon which her financial ability to attend Cal largely depended.

18. Ms. Hartman cooperated fully with Plaintiffs' counsel to assist them in the development and prosecution Injunctive Relief litigation. She acted promptly in responding to my requests for her time and to provide information necessary to facilitate Plaintiffs' investigation and the discovery process in the case.

19. In response to Defendants' discovery requests, Ms. Hartman searched through her files for contracts, forms, emails, correspondence, school brochures, financial information, scholarship information, and other records: these records spanned from her middle school and high school years through her collegiate playing career.

20. Ms. Hartman assisted in the preparation of discovery responses. She executed a FERPA waiver authorizing Defendants to obtain her admission, academic, health, and athletic records directly from the University of California.

21. Ms. Hartman expended substantial time and effort preparing for and attending her deposition. Her deposition entailed hours of preparation with me at my offices, or on campus, over the course of several days, and another day away from her academic studies for a full-day deposition in which Ms. Hartman responded to detailed questioning by a senior defense attorney for the NCAA.

22. Of course, Ms. Hartman also attended and testified at trial. This required that Ms. Hartman expend significant time, travel and expense meeting with me and Class

Counsel, in person, in Los Angeles and later in Oakland, to prepare her for her examination and cross-examination at trial. She then spent additional time, travel and expense, and had to forego work opportunities, to attend and provide testimony at trial.

23. Throughout the litigation, Ms. Hartman has stayed up to date on case developments through frequent telephone calls, emails, and in person meetings with me and with Class Counsel.

24. Ms. Hartman has performed her class representative duties willingly, ably, and responsibly, and she did so without any guarantee of reimbursement or compensation for the efforts she has taken. She is deserving of an incentive award in recognition of the significant responsibilities and risks she undertook to represent the Injunctive Relief Classes, and to compensate her for the time and effort she expended in the case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 26th day of March, 2019, at Oakland, California.

*//s// Elizabeth C. Pritzker*
Elizabeth C. Pritzker (SBN 146267)

**PRITZKER LEVINE LLP**
180 Grand Avenue, Suite 1390
Oakland, CA 94612
Telephone: (415) 692-0772
Facsimile: (415) 366-6110
ecp@pritzkerlevine.com

**EXHIBIT A**

# Exhibit A

*In re NCAA Grant-In-Aid Cap Antitrust Litigation*
Case Nos. 4:14-md-2541-CW, 4:14-cv-02758-CW

**Pritzker Levine, LLP**
**Time Summary – Professional Staff**
**Injunctive Relief Classes**

| Name | Role[1] | Years | Hours | Rate | Lodestar |
|---|---|---|---|---|---|
| **Professional Staff** | | | | | |
| Elizabeth Pritzker | P | 2015 | 26.10 | $695 | $ 18,139.50 |
|  |  | 2018 | 116.80 | $750 | $ 87,600.00 |
|  |  | 2019 | 19.00 | $750 | $ 14,250.00 |
| Jonathan Levine | P | 2015 | 11.60 | $695 | $ 8,062.00 |
|  |  | 2018 | 0.00 | $750 | - |
|  |  | 2019 | 0.00 | $750 | - |
| Bethany Caracuzzo | OC | 2015 | 0.00 | $625 | - |
|  |  | 2018 | 4.50 | $695 | $ 3,127.00 |
|  |  | 2019 | 0.00 | $695 | - |
| Heather Haggarty | A | 2015 | 4.30 | $600 | $ 2,580.00 |
|  |  | 2018 | 14.00 | $650 | $ 9,100.00 |
|  |  | 2019 | 0.00 | $650 | - |
| Anne Whitney | A | 2015 | 0.00 | $495 | - |
|  |  | 2018 | 1.50 | $525 | $ 787.50 |
|  |  | 2019 | 0.00 | $525 | - |
| Shiho Yamamoto | A | 2015 | 0.20 | $495 | $ 99.00 |
| **TOTAL** |  |  | **198.00** |  | **$143,745.00** |

---

[1] Key:

P   Partner
OC  Of Counsel
A   Associate
LC  Law Clerk
PL  Paralegal
I   Investigator

# EXHIBIT B

## Exhibit B

*In re NCAA Grant-In-Aid Cap Antitrust Litigation*
Case Nos. 4:14-md-2541-CW, 4:14-cv-02758-CW

**Pritzker Levine, LLP
Unreimbursed Expenses**

**Injunctive Relief Classes**

| Category | Amount |
|---|---|
| Court Costs (Court Call Appearance Fees) | $ 58.00 |
| Computerized Legal Research / PACER | $ 310.36 |
| Document services (Online Hosting) | $ 30.00 |
| Copying Costs | $ 1 60.10 |
| Shipping and Mailing | $ 58.00 |
| Local Transportation | $ 77.02 |
| Travel: | |
|    Air Transportation | $ 275.00 |
|    Ground Transportation/Car Rental/Parking | $ 182.76 |
|    Lodging / Hotels | $1,681.02 |
|    Meals | $ 385.08 |
| Miscellaneous | - |
| **TOTAL** | **$3,217.34** |